1  James A. Goodman (SBN 89715)
   Story E. Cunningham-White (SBN 301182)
2  EPSTEIN BECKER & GREEN, P.C.
   1925 Century Park East, Suite 500
3  Los Angeles, CA 90067
   Telephone: (310) 556-8861
4  Facsimile:  (310)-553-2165
   jgoodman@ebglaw.com
5  scunningham@ebglaw.com

6
   Attorneys for Defendant
7  SWINERTON BUILDERS

8              UNITED STATES DISTRICT COURT

9        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10
   TAYAH MOLCHANOFF, an individual,          Case No.: **'23 CV 053  LL   DEB**
11
                    Plaintiff,               **NOTICE OF REMOVAL OF ACTION BY
12                                           DEFENDANT SWINERTON BUILDERS**
            vs.
13                                           **Under 28 U.S.C. §§ 1331, 1441(a) [Federal
                                             Question]**
14 SOLV ENERGY, LLC, a California limited
   liability company; SWINERTON
15 RENEWABLE ENERGY, INC., a Delaware
   corporation; PEOPLE READY, INC., a
16 Washington corporation; ROBERTO
   DUARTE ALDABA, an individual; and
17 DOES 1 through 60, inclusive,
18
                    Defendants.
19

20

21

22

23

24

25

26

27

28

- 1 -

FIRM:58459727v1

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Swinerton Builders ("Swinerton"), erroneously served and sued as "Swinerton Renewable Energy, Inc." hereby removes to this Court the state court action filed by Plaintiff Tayah Molchanoff ("Plaintiff"). Jurisdiction is invoked pursuant to 28 U.S.C. § 1331, which confers jurisdiction for cases involving federal questions.

**PLEADINGS AND PROCESS**

1.      On or about September 14, 2022, Plaintiff commenced the above-entitled action in the Superior Court of the State of California for the County of San Diego by filing a Complaint therein entitled *Tayah Molchanoff, an individual v. Solv Energy, LLC, a California limited liability company; Swinerton Renewable Energy, Inc., a Delaware corporation; People Ready, Inc., a Washington corporation; Roberto Duarte Aldaba, an individual, et al*., Case No. 37-2022-00036803-CU-WT-CTL.

2.      The original Complaint purported to state causes of action for: (1) sexual harassment in violation of FEHA; (2) retaliation in violation of FEHA; (3) failure to maintain an environment free from retaliation, harassment, and discrimination in violation of FEHA; (4) failure to investigate harassment in violation of FEHA; and (5) wrongful termination in violation of public policy.

3.      The Summons and Complaint were served upon Swinerton on October 22, 2022. A true and correct copy of the Summons, Complaint, Notice of Case Assignment and Civil Case Management Conference, Civil Case Cover Sheet, Stipulation to Use Alternative Dispute Resolution and related documents that were served upon Swinerton are attached hereto collectively as **Exhibit 1**.

4.      On or around October 19, 2022 Plaintiff filed an "Amendment to Complaint" form naming DOE 1 as "Swinerton Builders, CA Corporation." The "Amendment to Complaint" form is attached hereto as **Exhibit 2**.

5.      On or about November 23, 2022,, Defendant People Ready, Inc. ("People Ready") filed a demurrer to Plaintiff's Complaint. People Ready's demurrer, memorandum of points and authorities, request for judicial notice and proposed order in support thereof are attached hereto collectively as **Exhibit 3**.

6.      On or about November 23, 2022, People Ready filed a motion to quash service of summons. People Ready's motion, memorandum of points and authorities, Declaration of Jon Thumann, request for judicial notice and proposed order in support thereof is attached collectively hereto as **Exhibit 4**.

7.      On or about October 21, 2022, Swinerton filed a Notice of Acknowledgement of Receipt of the Complaint. It is attached hereto as **Exhibit 5.**

8.      On or about January 4, 2023, Swinerton filed an Answer to Complaint.  A true and correct copy of this document is attached hereto as **Exhibit 6.**

9.      On or about February 1, 2023,  Swinerton filed a case management statement. On February 3, 2023, Swinerton filed an amended case management statement. Those are attached hereto collectively as **Exhibit 7.**

10.     On or about March 10, 2023, Defendant SOLV Energy LLC filed a case management statement. The case management statement and proof of service are attached collectively hereto as **Exhibit 8.**

11.     On or about February 2, 2023, Plaintiff filed a case management statement. It is attached hereto as **Exhibit 9.**

12.     On or about March 23, 2023, the case was reassigned to Hon. Loren Freestone. Attached hereto as **Exhibit 10** is the notice of case reassignment.

13.     On or about March 15, 2023 Plaintiff filed a First Amended Complaint. Swinerton was served with the First Amended Complaint on March 23, 2023. The First Amended Complaint purports to state causes of action for: (1) sexual harassment in violation of FEHA; (2) retaliation in violation of FEHA; (3) failure to maintain an environment free from retaliation, harassment, and discrimination in violation of FEHA; (4) failure to investigate harassment in violation of FEHA; (5) wrongful termination in violation of public policy; and **(6) retaliation in violation of 42 U.S.C. § 2000 (Title VII of the Civil Rights Act of 1964).** A true and correct copy of the First Amended Complaint and proof of service is attached hereto as **Exhibit 11.**

14.      On April 7, 2023, Swinerton filed and served  an Answer to the First Amended Complaint. Attached as **Exhibit 12** is a true and correct copy of Swinerton's Answer to the First Amended Complaint and proof of service.

15. On April 7, 2023, Defendant SOLV Energy LLC filed an Answer to the First Amended Complaint. Attached as **Exhibit 13** is a true and correct copy of SOLV Energy LLC's Answer to the First Amended Complaint and proof of service.

16. Exhibits 1 through 13 constitute all the process, pleadings and orders served to Swinerton in the Superior Court action.

<u>**BASIS FOR REMOVAL**</u>

**I.    <u>FEDERAL QUESTION JURISDICTION</u>**

17. Removal is proper because Plaintiff's lawsuit involves a federal question.  28 U.S.C. §§ 1331, 1441(a).

18. The sixth cause of action asserted in the First Amended Complaint is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), *et seq.*  Claims under Title VII arise under federal law within the meaning of 28 U.S.C. § 1331 and "may be maintained … in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b); *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 693,123 S. Ct. 1882, 1884 (2003). Because Plaintiff's sixth cause of action meets the federal question requirement of 28 U.S.C. § 1331, it could have been filed in this Court. Therefore, Defendants may remove it pursuant to 28 U.S.C. § 1441.

19. The district court may exercise supplemental jurisdiction over Plaintiff's state claims by virtue of 28 U.S.C. § 1441(c).

20. All Defendants who have been served with the Summons and First Amended Complaint have consented to this Notice of Removal.

<u>**VENUE**</u>

21. This is the United States District Court for the district embracing the place where the state court action was filed, and is, therefore, the appropriate court for removal.

<u>**TIMELINESS OF REMOVAL**</u>

22. This Notice of Removal is being timely filed within thirty (30) days of service of the First Amended Complaint on Swinerton.

1                                   **<u>CONCLUSION</u>**

2         For all of the foregoing reasons, this Court has original jurisdiction and supplemental

3 jurisdiction over this action.

4

5   DATED: April 11, 2023                 EPSTEIN BECKER & GREEN, P.C.

6

                                   By:   */s/ James A. Goodman*

7                                       James A. Goodman

8                                     Story E. Cunningham-White

9                                     Attorneys for Defendant

                                    SWINERTON BUILDERS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRM:58459727v1

# Exhibit 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | | FOR COURT USE ONLY |
|---|---|---|
| STREET ADDRESS: | 330 West Broadway | |
| MAILING ADDRESS: | 330 West Broadway | |
| CITY, STATE, & ZIP CODE: | San Diego, CA 92101-3827 | |
| BRANCH NAME: | Central | |

PLAINTIFF(S):   Tayah Molchanoff

DEFENDANT(S):  Solv Energy LLC et.al.

SHORT TITLE:    MOLCHANOFF VS SOLV ENERGY LLC [IMAGED]

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: 37-2022-00036803-CU-WT-CTL |
|---|---|

Judge: John S. Meyer                                                           Department: C-64

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)                    ☐  Non-binding private arbitration

☐  Mediation (private)                                     ☐  Binding private arbitration

☐  Voluntary settlement conference (private)   ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                         ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                                Name of Defendant

_____          _____
Signature                                                            Signature

_____          _____
Name of Plaintiff's Attorney                                Name of Defendant's Attorney

_____          _____
Signature                                                            Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  09/15/2022

_____
JUDGE OF THE SUPERIOR COURT

| SDSC CIV-359 (Rev 12-10) | **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION** | Page: 1 |
|---|---|---|

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/14/2022** at 02:01:01 PM
Clerk of the Superior Court
By Jimmy Siharath,Deputy Clerk

1  Douglas N. Silverstein, Esq. (SBN 181957)
2  Lauren J. Morrison, Esq. (SBN 266135)
   Niki Akhaveissy, Esq. (SBN 343996)
3  KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.
   9255 Sunset Boulevard, Suite 411
4  Los Angeles, California  90069-3309
   Telephone:  (310) 273-3180
5  Facsimile:  (310) 273-6137
6  dsilverstein@californialaborlawattorney.com
   lmorrison@californialaborlawattorney.com
7  nakhaveissy@californialaborlawattorney.com

8  Attorneys for Plaintiff TAYAH MOLCHANOFF

9  ### SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 ### COUNTY OF SAN DIEGO

11 TAYAH MOLCHANOFF, an individual,    **CASE NO.**  37-2022-00036803-CU-WT-CTL

12        Plaintiff,    **PLAINTIFF'S COMPLAINT FOR DAMAGES**

13    v.

14 SOLV ENERGY, LLC., a California
   Limited Liability Company;
15 SWINERTON RENEWABLE ENERGY,
   Inc., a Delaware Corporation; PEOPLE
16 READY, INC., a Washington
   Corporation; ROBERTO DUARTE
17 ALDABA, an individual, and DOES 1
   through 60, inclusive,
18
          Defendants.
19

1.  **Sexual Harassment in Violation of FEHA;**
2.  **Retaliation in Violation of FEHA;**
3.  **Failure to Maintain an Environment Free from Retaliation, Harassment, and Discrimination in Violation of FEHA;**
4.  **Failure to Investigate Harassment in Violation of FEHA;**
5.  **Wrongful Termination in Violation of Public Policy.**

**PUNITIVE DAMAGES**

**DEMAND FOR JURY TRIAL**

**UNLIMITED JURISDICTION**

20

21

22

23

24

25

26

27

28

*Kesluk, Silverstein,*
*Jacob & Morrison, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180

Plaintiff TAYAH MOLCHANOFF ("Plaintiff") alleges as follows:

1.       Plaintiff TAYAH MOLCHANOFF is, and at all material times was, an individual residing in the County of Klamath, State of Washington.

2.       Defendant SOLV ENERGY, LLC ("SOLV" or, collectively with all  defendants, "Defendants") is, and at all times relevant to this Complaint was, a California Limited Liability Company, located at 16680 W Bernardo Drive, San Diego, California, doing business in the County of San Diego, State of California.

3.       Defendant SWINERTON RENEWABLE ENERGY, INC. ("SWINERTON" or, collectively with all defendants, "Defendants") is, and at all times relevant to this Complaint was, a Delaware corporation, located at 16680 W Bernardo Drive, San Diego, California, doing business in the County of San Diego, State of California.

4.       Defendant PEOPLE READY, INC. ("PEOPLE READY" or, collectively with all defendants, "Defendants") is, and at all times relevant to this Complaint was, a Washington corporation, located at 1015 A St, Tacoma, Washington, doing business in the County of San Diego, State of California.

5.       Defendants PEOPLE READY, INC., SOLV ENERGY, LLC, and SWINERTON RENEWABLE ENERGY, INC. shall collectively be referred to as ENTITY DEFENDANTS or Entity Defendants.

6.       Defendant ROBERTO DUARTE ALDABA ("ALDABA" or, collectively with all defendants, "Defendants") is, and at all times relevant to this Complaint was, a resident of California and employee of ENTITY DEFENDANTS.

7.       Plaintiff is informed, believes, and thereon alleges that Defendant SOLV ENERGY, LLC was and is the successor employer of Defendant SWINERTON RENEWABLE ENERGY. Plaintiff is informed, believes, and thereon alleges Solv Energy acquired all of Swinerton Renewable's assets and liabilities, including any liability for its employees. Plaintiff is informed, believes, and thereon alleges that there was a substantial continuity of operations between Solv Energy and Swinerton Renewable Energy. Plaintiff is informed, believes, and thereon alleges Solv Energy continued to operate the same business that Swinerton Renewable

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180

2
PLAINTIFF'S COMPLAINT FOR DAMAGES

Energy had conducted, at the same business locations, with the same employees and clientele, before and after the acquisition.  Plaintiff's jobs remained the same under the same working conditions, they reported to the same management personnel, and used the same methodologies to perform tasks before and after Solv Energy acquired Swinerton Renewable Energy.

8.    Plaintiff does not know the true names or capacities of the Defendants sued as DOES 1 through 60, inclusive.  Thus, Plaintiff sues these Defendants under fictitious names. When their true names and capacities have been ascertained, Plaintiff will amend this Complaint. Plaintiff is informed and believes, and based thereon alleges, that the fictitiously named Defendants were the agents, servants, and employees of each of the named Defendants and, in doing the acts and things alleged, were at all times acting within the course and scope of that agency, servitude, and employment and with the permission, consent, and approval, or subsequent ratification, of each of the named Defendants.

9.    Plaintiff is informed and believes and based thereon alleges, that at all material times, each of the Defendants was the agent and/or employee of each of the remaining Defendants, and each of them was at all material times acting within the purpose and scope of such agency and employment.

10.    Plaintiff is informed and believes and based thereon alleges, that at all time herein mentioned, one or more of each named and/or unnamed Defendants was the alter-ego of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining named and/or unnamed Defendants.

11.    Plaintiff is informed and believes and based thereon alleges, at all times herein mentioned, Defendants and DOES 1 to 60, inclusive, were the joint employers, agents, servants, partners, parent companies, holding companies, employees, alter egos and/or joint venturers of their co-Defendants, and, in doing the acts and things hereinafter alleged, were at all times acting within the course and scope of their authority as agents, servants, employees, partners, parent companies, holding companies and/or joint-venturers with the permission, consent and approval, or subsequent ratification of their co-Defendants.  Reference hereinafter to "Defendants" includes

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180

3
PLAINTIFF'S COMPLAINT FOR DAMAGES

the named Defendant and the DOE Defendants.

12.     Defendants SOLV and SWINERTON in all respects acted as the employer and/or joint employer with Defendant PEOPLE READY, in that Defendants SOLV and SWINERTON share control of Plaintiff as an employee with Defendant PEOPLE READY, either directly or indirectly, and the manner in which Defendant PEOPLE READY's business is conducted. Defendants SOLV and SWINERTON's control includes, but is not limited to, the authority to: hire and fire Defendant PEOPLE READY employees; assign work tasks to Defendant PEOPLE READY employees; engage in day-to-day supervision of Defendant PEOPLE READY employees, including discipline; and, control employees records, including payroll and personnel files.

13.     Plaintiff is informed, and believes, and thereon alleges that Defendants SOLV and SWINERTON are an alter ego for Defendant PEOPLE READY.   Plaintiff is informed and believes, and thereon alleges that at all relevant times herein Defendants SOLV and SWINERTON and Defendant PEOPLE READY were acting on behalf each other in the establishment of, ratification of, and/or execution of the illegal practices and policies as set forth in this pleading.  Plaintiff is further informed and believes, and thereon alleges that at all times relevant hereto Defendants SOLV and SWINERTON has had decision-making responsibility for, and establishment and execution of, illegal practices and policies for Defendant PEOPLE READY and are, therefore, liable on the causes of action alleged herein.  Plaintiff is further informed and believes that Entity Defendants have commingled corporate and personal funds and have failed to maintain the required corporate formalities.

14.     Plaintiff timely filed charges against all Defendants with the California Department of Fair Employment and Housing ("DFEH") and received a "Right to Sue" notices as to Defendants.  All conditions precedent (exhaustion of administrative remedies) to jurisdiction, have been complied with.

15.     Venue in this case is proper, because the alleged discriminatory and retaliatory decisions were made in the County of San Diego, state of California.

*Kesluk, Silverstein,*
*Jacob & Morrison, P.C.*
*9255 Sunset Blvd., Ste. 411*
*Los Angeles, CA 90069*
*Tel: (310) 273-3180*

4

PLAINTIFF'S COMPLAINT FOR DAMAGES

## **GENERAL ALLEGATIONS**

16.    Plaintiff began working for ENTITY DEFENDANTS on or about July 15, 2019 as a laborer. One of Plaintiff's supervisors was Defendant ALDABA.

17.    Plaintiff performed her job in a competent and satisfactory manner throughout her employment.

18.    On or about September 13, 2020, Plaintiff was sexually assaulted by her supervisor, Defendant ALDABA.

19.    Plaintiff reported the sexual assault to law enforcement on or about September 14, 2020. Plaintiff also reported the sexual assault to ENTITY DEFENDANTS' foreman, John Burnette, ENTITY DEFENDANTS' Human Resources Department ("HR"), and ENTITY DEFENDANTS' executives and managing agents at the California headquarters on or about September 14, 2020.

20.    On or about September 15, 2020, Entity Defendant's executives, managing agents, and HR Department made the decision to retaliate against and wrongfully terminate Plaintiff, because she engaged in the protected activity of lodging a complaint of illegal sexual assault and harassment to law enforcement and Entity Defendants. The decision to terminate Plaintiff was made in San Diego, California.

21.    Thereafter, Plaintiff continued to make statements to law enforcement in connection with the sexual assault by Defendant ALDABA through early 2022. Defendant ALDABA pled guilty to 2 counts of sexual battery against Plaintiff on or about June 7, 2022.

22.    After Defendant ALDABA pled guilty to the criminal sexual battery charges against Plaintiff, Plaintiff applied for a position with ENTITY DEFENDANTS as a solar laborer in early June of 2022. Plaintiff believed that Defendant ALDABA no longer worked for ENTITY DEFENDANTS.

23.    Unknown to Plaintiff, Plaintiff is informed and believes and thereupon alleges that Defendant ALDABA continued to be employed by ENTITY DEFENDANTS in California after sexually assaulting Plaintiff and was working for ENTITY DEFENDANTS as of June 22, 2022.

24.    On or about June 21, 2022, Plaintiff received the onboarding paperwork for the

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180

position with ENTITY DEFENDANTS.

25.    On or about June 22, 2022, ENTITY DEFENDANT'S human resources department retaliated against Plaintiff by denying her the position with ENTITY DEFENDANTS, which she was qualified for and had applied for. ENTITY DEFENDANTS' executives, managing agents, and human resources department managers at its San Diego, California headquarters made the decision to deny Plaintiff the position in retaliation for lodging the protected complaint of sexual assault and harassment.

**FIRST CAUSE OF ACTION**

**SEXUAL HARASSMENT IN VIOLATION OF FEHA**

**(Against All Defendants, and each of them, and DOES 1-60, inclusive)**

26.    Plaintiff complains and re-alleges all the allegations contained in this Complaint, and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

27.    Defendants and/or its agents and employees are entities or individuals subject to suit under the DFEH Act and *Government Code* §§ 12940, *et seq*.  These sections require Defendants to refrain from sexually harassing employees and to take immediate and appropriate corrective action when they know or should know of sexual harassment of an employee by an officer, manager or person in their employ.

28.    At all times mentioned herein, Plaintiff was a person entitled to the protection of the law afforded by *Government Code* §§12940, *et seq*., which makes it unlawful to sexually harass such a person or fail to take immediate and appropriate corrective action when such harassment is, or should be known of by the entities or individuals subject to said statutes.

29.    *Government Code* § 12940(j), specifically provides that it is an unlawful employment practice for an employer, because of the person's race, color, national origin, disability, sex and/or sexual orientation, to harass an employee.

30.    Plaintiff was, at all material times during her employment with Defendants, a competent and professional employee.

*Kesluk, Silverstein,
Jacob & Morrison, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

31.     The facts alleged hereinabove constitute violations of the DFEH Act and *Government Code* § 12940(j), in that Defendants, and each of them, discriminated against Plaintiff by subjecting her to harassment based upon sex, thereby creating a hostile, offensive and intimidating work environment.

32.     Further, the acts and conduct of Defendants, in allowing Defendant ALDABA to sexually assault Plaintiff, were in violation of fundamental public policies of the State of California, including, but not limited to, the right to employment free of sex-based harassment.

33.     These fundamental public policies inure to the benefit of the public, not just the private interests of the employer and employee, because all individuals within the State are afforded these rights.

34.     Said actions by Defendants were wrongful and in violation of the fundamental principles of the public policy of the State of California as reflected in its laws, which include, without limitation, *Government Code* §§ 12900, *et seq*., including § 12940(j), and California Constitution Article I, § 8, which establishes this State's firm public policy to eradicate sex-based harassment.

35.     Plaintiff suffered adverse reactions during her employment period, in that Defendants knew, or should have known, of the sexual harassment and discrimination perpetrated by Defendant ALDABA, and should have taken steps to prevent such harassment.

36.     Plaintiff is informed and believes and thereon alleges that her reports of Defendant ALDABA's sexual assaults towards her were motivating reasons for Defendants' actions.  This harassment violates *Government Code* §§ 12940, *et seq.,* and was a substantial factor in causing injury and damage to Plaintiff as alleged herein.

37.     As a proximate result of the conduct of Defendants, Plaintiff has suffered general and special damages in an amount according to proof, including interest thereon at the maximum legal rate.

38.     As a direct and proximate result of the harassment and discrimination described herein, Plaintiff has suffered lost wages and other benefits of employment in an amount according to proof.

39.     The acts and conduct of Defendants, and each of them, including but not limited to ENTITY DEFENDANTS and Defendant ALDABA, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

40.     The acts of Defendants, and each of them, including but not limited to ENTITY DEFENDANTS and Defendant ALDABA, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, or ratification within the meaning of *Civil Code* § 3294 on the part of ENTITY DEFENDANTS' officers, directors, or managing agents of the entity.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

41.     Plaintiff is further entitled to attorneys' fees pursuant to *Government Code* § 12965(b).

## SECOND CAUSE OF ACTION

## RETALIATION IN VIOLATION OF FEHA

**(Against Entity Defendants, and each of them, and DOES 1-60, inclusive)**

42.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

43.     At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), California *Government Code* §§ 12940 *et seq.*, was in full force and effect and was binding on ENTITY DEFENDANTS, and each of them.  These sections required ENTITY DEFENDANTS, and each of them, to refrain from retaliating against Plaintiff because

*Kesluk, Silverstein,*
*Jacob & Morrison, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

PLAINTIFF'S COMPLAINT FOR DAMAGES

she participated in a protected activity.

44.    Plaintiff participated in the protected activity of opposing sexual harassment in the workplace and refusing to submit to sexual assault.

45.    ENTITY DEFENDANTS, and each of them, terminated Plaintiff because she reported the sexual assault committed by Defendant ALDABA as alleged herein

46.    ENTITY DEFENDANTS, and each of them, failed to hire Plaintiff because she reported the sexual assault committed by Defendant ALDABA as alleged herein.

47.    By engaging in the above referenced  acts  and  omissions, ENTITY DEFENDANTS, and each of them, retaliated against Plaintiff because she participated in protected activities in violation of California *Government Code* §§ 12940 *et seq.*

48.    As a proximate result of ENTITY DEFENDANTS' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

49.    As a proximate result of ENTITY DEFENDANTS' wrongful conduct, Plaintiff has sustained and continues to sustain noneconomic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

50.    The acts and conduct of ENTITY DEFENDANTS, and each of them, including but not limited to ENTITY DEFENDANTS and Defendant ALDABA, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by ENTITY DEFENDANTS, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the ENTITY DEFENDANTS, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

51.    The acts of ENTITY DEFENDANTS, and each of them, including but not limited to ENTITY DEFENDANTS and Defendant ALDABA, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of California *Civil Code* § 3294 on the part of ENTITY DEFENDANTS' officers, directors, or managing agents of the entity.  The actions and conduct of ENTITY DEFENDANTS, and each of them, were intended to cause injury to Plaintiff and

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180

9

PLAINTIFF'S COMPLAINT FOR DAMAGES

1   constituted deceit and concealment of material facts known to ENTITY DEFENDANTS, and

2   each of them, with the intention on the ENTITY DEFENDANTS' part to deprive Plaintiff of

3   property and legal rights, justifying an award of exemplary and punitive damages in an amount

4   according to proof.

5      52.    Plaintiff is entitled to attorneys' fees pursuant to California *Government Code* §

6   12965.

7   ### THIRD CAUSE OF ACTION

8   ### FAILURE TO MAINTAIN AN ENVIRONMENT FREE FROM RETALIATION,

9   ### HARASSMENT, AND DISCRIMINATION IN VIOLATION OF FEHA

10  **(Against Entity Defendants, and each of them, and DOES 1-60, inclusive)**

11     53.    As a separate and distinct cause of action, Plaintiff complains and realleges all the

12  allegations contained in this Complaint, and incorporates them by reference into this cause of

13  action as though fully set forth herein, excepting those allegations which are inconsistent with this

14  cause of action.

15     54.    At all times mentioned in this Complaint, the California Fair Employment and

16  Housing Act ("FEHA"), California *Government Code* §§ 12940 *et seq.*, was in full force and

17  effect and was binding on ENTITY DEFENDANTS, and each of them.  These sections required

18  ENTITY DEFENDANTS, and each of them, to take all reasonable steps to maintain a workplace

19  environment free from unlawful discrimination and retaliation.

20     55.    ENTITY DEFENDANTS, and each of them, embarked on a campaign of

21  discrimination, harassment, and retaliation against Plaintiff because of her sex and because she

22  engaged in the protected activity of opposing sexual harassment and refusing to submit to sexual

23  assault. ENTITY DEFENDANTS' failure to take all reasonable steps to prevent the above-

24  described discrimination and retaliation suffered by Plaintiff was a substantial factor in causing

25  damage and injury to Plaintiff as alleged herein.

26     56.    By engaging in the above-referenced  acts  and  omissions, ENTITY

27  DEFENDANTS, and each of them, failed to take all reasonable steps to maintain a workplace

28  environment free from unlawful discrimination and retaliation in violation of California

*Kesluk, Silverstein,*
*Jacob & Morrison, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180

10
PLAINTIFF'S COMPLAINT FOR DAMAGES

*Government Code* §§ 12940 *et seq.*

57.    As a proximate result of ENTITY DEFENDANTS' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

58.    As a proximate result of ENTITY DEFENDANTS' wrongful conduct, Plaintiff has sustained and continues to sustain noneconomic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

59.    Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

60.    The acts and conduct of ENTITY DEFENDANTS, and each of them, including but not limited to ENTITY DEFENDANTS and Defendant ALDABA, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by ENTITY DEFENDANTS, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the ENTITY DEFENDANTS, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

61.    The acts of ENTITY DEFENDANTS, and each of them, including but not limited to ENTITY DEFENDANTS and Defendant ALDABA, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of California *Civil Code* § 3294 on the part of ENTITY DEFENDANTS' officers, directors, or managing agents of the entity.  The actions and conduct of ENTITY DEFENDANTS, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to ENTITY DEFENDANTS, and each of them, with the intention on the ENTITY DEFENDANTS' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

62.    Plaintiff is entitled to attorneys' fees pursuant to California *Government Code* § 12965.

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

PLAINTIFF'S COMPLAINT FOR DAMAGES

**FOURTH CAUSE OF ACTION**

**FAILURE TO INVESTIGATE HARASSMENT IN VIOLATION OF FEHA**

**(Against Entity Defendants, and each of them, and DOES 1-60, inclusive)**

63.    As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

64.    At all times mentioned herein, California Government Code §§ 12940, et seq., including but not limited to Section 12940(j) and (k), were in full force and effect and were binding upon ENTITY DEFENDANTS and each of them.  These sections impose on an employer a duty to promptly and thoroughly investigate complaints of harassment and discrimination among other things.

65.    ENTITY DEFENDANTS knew, or should have known, of the Defendant ALDABA's propensity for sexual harassment because of their repeated derogatory and offensive behavior at the workplace, their criminal history including pleading guilty to sexual battery against Plaintiff, and because of Plaintiff's and others' complaints.

66.    Plaintiff reported the sexual assault several times to her supervisors.  None of these complaints led to a proper investigation.  To the contrary, ENTITY DEFENDANTS encouraged this behavior by failing to take any action.

67.    Because ENTITY DEFENDANTS never instituted adequate investigations into Plaintiff's and others' claims of sexual harassment through management or the Human Resources Department, Plaintiff's complaints could not be appropriately addressed.

68.    As a proximate result of ENTITY DEFENDANTS' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

69.    As a proximate result of ENTITY DEFENDANTS' wrongful conduct, Plaintiff has sustained and continues to sustain noneconomic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

70.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

71.     The acts and conduct of ENTITY DEFENDANTS, and each of them, including but not limited to ENTITY DEFENDANTS and Defendant ALDABA, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c), in that it was intended by ENTITY DEFENDANTS, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the ENTITY DEFENDANTS, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

72.     The acts of ENTITY DEFENDANTS, and each of them, including but not limited to ENTITY DEFENDANTS and Defendant ALDABA, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of California *Civil Code* § 3294 on the part of ENTITY DEFENDANTS' officers, directors, or managing agents of the entity.  The actions and conduct of ENTITY DEFENDANTS, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to ENTITY DEFENDANTS, and each of them, with the intention on the ENTITY DEFENDANTS' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

73.     Plaintiff is entitled to attorneys' fees pursuant to California *Government Code* § 12965.

## FIFTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against Entity Defendants, and each of them, and DOES 1-60, inclusive)

74.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

75.     At all times herein mentioned, the public policy of the State of California, as

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180

codified, expressed and mandated in California *Government Code* § 12940, was to prohibit employers from discriminating, harassing, and retaliating against any individual based on sex, and based upon exercise of rights under that section.  This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.  Accordingly, the actions of ENTITY DEFENDANTS, and each of them, in discriminating against, retaliating against and terminating Plaintiff on the grounds stated above was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California *Government Code* §§ 12940 *et seq.*, and the laws and regulations promulgated thereunder.

76.    ENTITY DEFENDANTS' discharge of Plaintiff on or about September 15, 2020, violated the aforementioned fundamental principles of public policy in that there is a substantial and fundamental policy against sexual harassment, discrimination and retaliation in employment as delineated in the FEHA.

77.    As a proximate result of ENTITY DEFENDANTS' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

78.    As a proximate result of ENTITY DEFENDANTS' wrongful conduct, Plaintiff has sustained and continues to sustain noneconomic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

79.    Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

80.    The acts and conduct of ENTITY DEFENDANTS, and each of them, including but not limited to ENTITY DEFENDANTS and Defendant ALDABA, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by ENTITY DEFENDANTS, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the ENTITY DEFENDANTS, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

81.    The acts of ENTITY DEFENDANTS, and each of them, including but not limited to ENTITY DEFENDANTS and Defendant ALDABA, were done fraudulently, maliciously and

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of California *Civil Code* § 3294 on the part of ENTITY DEFENDANTS' officers, directors, or managing agents of the entity.  The actions and conduct of ENTITY DEFENDANTS, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to ENTITY DEFENDANTS, and each of them, with the intention on the ENTITY DEFENDANTS' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

82.    Plaintiff is entitled to attorneys' fees pursuant to California *Government Code* § 12965.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.    Injunctive and Declaratory relief;

2.    General and special damages according to proof;

3.    Costs of suit incurred herein, including expert fees;

4.    Reasonable attorneys' fees pursuant to applicable statute, including but not limited to Government Code § 12965;

5.    Punitive and exemplary damages;

6.    Pre-Judgment and post-judgment interest as provided by law; and

7.    Such other and further and equitable relief as this Court deems necessary, just and proper.

DATED: September 13, 2022            KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.

By ___/s/*Niki Akhaveissy*_____
Douglas N. Silverstein, Esq.
Lauren Morrison, Esq.
Niki Akhaveissy, Esq.
Attorneys for Plaintiff TAYAH MOLCHANOFF

*Kesluk, Silverstein,*
*Jacob & Morrison, P.C.*
*9255 Sunset Blvd., Ste. 411*
*Los Angeles, CA  90069*
*Tel: (310) 273-3180*

15
PLAINTIFF'S COMPLAINT FOR DAMAGES

**<u>JURY TRIAL DEMAND</u>**

Plaintiff hereby demands a jury trial on all issues so triable.

DATED: September 13, 2022                KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.


By _____/s/ *Niki Akhaveissy*_____
      Douglas N. Silverstein, Esq.
      Lauren Morrison, Esq.
      Niki Akhaveissy, Esq.
      Attorneys for Plaintiff TAYAH MOLCHANOFF

*Kesluk, Silverstein,*
*Jacob & Morrison, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

16
PLAINTIFF'S COMPLAINT FOR DAMAGES

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Douglas N. Silverstein (SBN 181957), Niki Akhaveissy (SBN 343368)
Kesluk, Silverstein, Jacob & Morrison, 9255 Sunset Bl., #411, Los Angeles CA 90069

TELEPHONE NO.: (310) 273-3180    FAX NO. *(Optional):* (310) 273-6137
E-MAIL ADDRESS: nakhaveissy@californialaborlawattornev.com
ATTORNEY FOR *(Name):* Tayah Molchanoff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadwav. Suite 1100
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego. CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Tayah Molchanoff v. Solv Energy, LLC, et al.

FOR COURT USE ONLY

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

09/14/2022 at 02:01:01 PM

Clerk of the Superior Court
By Jimmy Siharath,Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|

| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder | 37-2022-00036803-CU-WT-CTL |
|---|---|---|---|

Filed with first appearance by defendant
(Cal. Rules of Court, rule 3.402)

JUDGE: Judge John S. Meyer
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* five (5)
5. This case [ ] is [x] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: September 13, 2022

Niki Akhaveissy, Esq.
_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

<table>
<tr><td>

**NOTICE TO DEFENDANT:** SOLV ENERGY, LLC., a California Limited
*(AVISO AL DEMANDADO):* Liability Company; SWINERTON RENEWABLE
ENERGY, Inc., a Delaware Corporation; PEOPLE READY, Inc., a
Washington Corporation; ROBERTO DUARTE ALDABA, an individual, and
DOES 1 through 60, inclusive,


**YOU ARE BEING SUED BY PLAINTIFF:** TAYAH MOLCHANOFF, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual,

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/14/2022** at 02:01:01 PM

Clerk of the Superior Court
By Jimmy Siharath, Deputy Clerk

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of San Diego
Hall of Justice
330 W. Broadway, Suite 1100
San Diego, California 92101

</td><td>

CASE NUMBER:
*(Número del Caso):* 37-2022-00036803-CU-WT-CTL

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Douglas N. Silverstein, Esq. (SBN 181957)          Tel. (310) 273-3180    Tel. (310) 273-6137
Lauren Morrison, Esq. (SBN 266135), Neil Akhaveissy, Esq. (SBN 343996)
KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.
9255 Sunset Boulevard, Suite 411, Los Angeles, California 90069

<table>
<tr><td>

DATE:      09/15/2022
*(Fecha)*

</td><td>

Clerk, by _____, Deputy
      J. Siharath
*(Secretario)*                            *(Adjunto)*

</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7064 |

| PLAINTIFF(S) / PETITIONER(S): | Tayah Molchanoff |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | Solv Energy LLC et.al. |
|---|---|

| MOLCHANOFF VS SOLV ENERGY LLC [IMAGED] | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)** | CASE NUMBER:<br>37-2022-00036803-CU-WT-CTL |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:   John S. Meyer                                          Department: C-64

## COMPLAINT/PETITION FILED: 09/14/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 02/17/2023 | 09:45 am | C-64 | John S. Meyer |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

<u>TIME FOR SERVICE AND RESPONSE:</u> The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- • **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint stating a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- • **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- • **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

<u>JURY FEES:</u> In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

<u>COURT REPORTERS:</u> Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for information.

<u>ALTERNATIVE DISPUTE RESOLUTION (ADR):</u> The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

# Exhibit 2

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Douglas N. Silverstein (SBN 181957), Lauren Morrison (SBN 266135)<br>KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.<br>9255 Sunset Blvd., Suite 411, Los Angeles, CA 90069<br><br>TELEPHONE NO.: (301) 273-3180   FAX NO. (Optional): (310) 273-6137<br><br>EMAIL ADDRESS (Optional): lmorrison@californialaborlawattorney.com<br><br>ATTORNEY FOR (Name): Tayah Molchanoff | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**10/19/2022** at 03:46:00 PM<br><br>Clerk of the Superior Court<br>By Emily Schilawski, Deputy Clerk |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>☒ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., SUITE 1000, VISTA, CA 92081 | |
|---|---|

| PLAINTIFF(S)<br>Tayah Molchanoff | JUDGE<br>John S. Meyer |
|---|---|
| DEFENDANT(S)<br>Solv Energy, LLC | DEPT<br>C-64 |
| **AMENDMENT TO COMPLAINT** | CASE NUMBER<br>37-2022-00036803-CU-WT-CTL |

Separate forms are required if attempting to file amendment under Code of Civil Procedure section 473 or 474. Additionally, only one party may be addressed per form.

Amendment under Code Civ. Proc., § 474:
FICTITIOUS NAME (Court order required once case is at issue)

Plaintiff(s), being ignorant of the true name of a defendant when the complaint in the above-named case was filed, and having designated defendant in the complaint by the fictitious name of
DOE 1

and having discovered the true name of defendant to be
Swinerton Builders, CA corporation

amends the complaint by inserting such true name in place of such fictitious name wherever it appears in the complaint.

Date: October 17, 2022

Lauren Morrison, Esq.                    Signature

Amendment under Code Civ. Proc., § 473:
NAME - Add or Correct (Court order required)

Plaintiff(s), having designated ☐ defendant ☐ plaintiff in the complaint by the name of

and having discovered the ☐ name to be incorrect and the correct name is ☐ defendant also uses the name of

amends the complaint by ☐ substituting ☐ adding such name(s) wherever the name of

appears in the complaint.

Date: _____

                                        Signature

**ORDER**

The above amendment to the complaint is allowed.

**IT IS SO ORDERED**

Date: _____

                                        Judge/Commissioner of the Superior Court

**AMENDMENT TO COMPLAINT**   Code Civ. Proc., §§ 473 & 474

# Exhibit 3

1
DAVID R. ONGARO, State Bar No. 154698
dongaro@ongaropc.com
2
CAREY A. JAMES, State Bar No. 269270
cjames@ongaropc.com
3
MOJDEH F. BOWERS, State Bar No. 324404
mbowers@ongaropc.com
4
ONGARO PC
1604 Union Street
5
San Francisco, CA 94123
Telephone: (415) 433-3900
6
Facsimile: (415) 433-3950
7
Attorneys for Defendant
PEOPLEREADY, INC.
8

9
**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10
**COUNTY OF SAN DIEGO**
11

12
TAYAH MOLCHANOFF, an individual,

13
                        Plaintiff,

14
            v.

15
SOLV ENERGY, LLC, a California
Limited Liability Company; SWINERTON
16
RENEWABLE ENERGY, Inc., a
Delaware Corporation; PEOPLE READY
17
INC., a Washington Corporation;
ROBERTO DUARTE ALDABA, an
18
individual; and DOES 1 through 60,
inclusive,
19
                        Defendants.
20

21

22

Case No. 37-2022-00036803-CU-WT-CTL

**NOTICE OF MOTION AND MOTION:
DEFENDANT PEOPLEREADY, INC.'S
DEMURRER TO PLAINTIFF'S
COMPLAINT**

Dept:   C-64
Judge:  John S. Meyer
Date:   March 24, 2023
Time:   10:30 A.M.

Filed Concurrently With:

1. Memorandum of Points and
   Authorities
2. Request for Judicial Notice
3. Proposed Order

23

24

25

26

27

28

- 0 -                                        Case No. 37-2022-00036803
NOTICE OF MOTION AND MOTION

1

**<u>NOTICE OF MOTION AND MOTION</u>**

2     **PLEASE TAKE NOTICE THAT** on March 24, 2023 at 10:30 A.M. in

3     Department C-64, or as soon thereafter as the matter may be heard by the Court, located

4     at 330 W. Broadway, San Diego, California 92101, Defendant PeopleReady, Inc.

5     ("PeopleReady") will and hereby does demur to Plaintiff's Complaint.

6          PeopleReady demurs to the Complaint because it does not state facts sufficient to

7     constitute a cause of action.  *See,* Cal. Code Civ. Pro. § 430.10(e).  Plaintiff does not

8     sufficiently allege that she is entitled to relief under the California Fair Employment and

9     Housing Act ("FEHA").  *See,* Cal. Gov. Code § 12940, *et seq*.  Specifically, Plaintiff, a

10    resident of Washington State, has failed to allege that PeopleReady (also a Washington

11    State corporation with its principal place of business in Tacoma, Washington) engaged in

12    any unlawful activity in violation of the FEHA while situated in California, placing her

13    claims outside the jurisdictional reach of the FEHA.  *See*, 2 CCR § 11008(d)(1)(C);

14    *Diamond Multimedia Sys., Inc. v. Superior Court* (1999) 19 Cal.4th 1036, 1059 (citing

15    *North Alaska Salmon Co. v. Pillsbury* (1916) 174 Cal. 1, 4).  Thus, her four claims under

16    the FEHA fail as a matter of law.

17         Plaintiff's cause of action for Wrongful Termination in Violation of Public Policy

18    also fails to state a claim because it is wholly derivative of the prevailing FEHA claims.

19    Because the Plaintiff's FEHA claims are barred, Plaintiff's cause of action for Wrongful

20    Termination based on PeopleReady's alleged FEHA violations also fails as a matter of

21    law.  *See, Green v. Ralee Engineering Co.* (1998) 19 Cal.4th 66, 79.  PeopleReady

22    therefore requests that this Court sustain its demurrer and dismiss it from this action with

23    prejudice.

24         The Court need not, and indeed should not, allow Plaintiff to amend her

25    Complaint where there are no facts available to support her claims such that any

26    amendment would prove futile.  Thus, PeopleReady requests that the Court grant its

27    Motion without leave to amend.

28         This motion is based upon this Notice, the attached Memorandum of Points and

- 1 -     Case No. 37-2022-00036803

1  Authorities, the attached Request for Judicial Notice with accompanying exhibits, the

2  complete files and records of this action, any argument that may be presented at the time

3  of hearing, and such other and further evidence as the Court may deem appropriate.

4

5

6  DATED:  November 23, 2022                    **ONGARO PC**

7

8                                          By: _____
                                               David R. Ongaro
9                                              Carey A. James
                                               Mojdeh F. Bowers
10
                                           Attorneys for Defendant
11                                         PEOPLEREADY, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

3

4

      At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is 1604 Union Street, San Francisco, CA 94123.

5

      On November 23, 2022, I served a true and correct copy of the document described as:

6

**NOTICE OF DEFENDANT PEOPLEREADY, INC.'S DEMURRER TO PLAINTIFF'S COMPLAINT**

7

8

on the interested parties in this action as follows:

9

  Douglas N. Silverstein
  Lauren J. Morrison

10

  Niki Akhaveissy
  KESLUK, SILVERSTEIN, JACOB &

11

  MORRISON, P.C.
  925 Sunset Boulevard, Suite 411

12

  Los Angeles, Calfironia 90069-3309
  Tel: (310) 273-3180

13

  Fax: (310) 273-6137
  Email:

14

  dsilverstein@californialaborlawattorney.com
  lmorrison@californialaborlawattorney.com

15

  nakhaveissy@californialaborlawattorney.com

16

*Counsel for Plaintiff*

17

**[X]  SERVICE BY UNITED STATES MAIL:**  I enclosed the document listed above in a sealed envelope addressed to the persons at the address listed herein and placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with the practice of this business for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

18

19

20

21

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on November 23, 2022, at San Francisco, California.

22

23

24

25

_____
Christine M. Gill

26

27

28

DAVID R. ONGARO, State Bar No. 154698
dongaro@ongaropc.com
CAREY A. JAMES, State Bar No. 269270
cjames@ongaropc.com
MOJDEH F. BOWERS, State Bar No. 324404
mbowers@ongaropc.com
ONGARO PC
1604 Union Street
San Francisco, CA 94123
Telephone: (415) 433-3900
Facsimile: (415) 433-3950

Attorneys for Defendant
PEOPLEREADY, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

| | |
|---|---|
| TAYAH MOLCHANOFF, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>SOLV ENERGY, LLC, a California Limited Liability Company; SWINERTON RENEWABLE ENERGY, Inc., a Delaware Corporation; PEOPLE READY INC., a Washington Corporation; ROBERTO DUARTE ALDABA, an individual; and DOES 1 through 60, inclusive,<br><br>        Defendants. | Case No. 37-2022-00036803-CU-WT-CTL<br><br>**[PROPOSED] ORDER DISMISSING DEFENDANT PEOPLEREADY, INC. WITH PREJUDICE**<br><br>Dept:   C-64<br>Judge:  John S. Meyer<br>Date:   March 24, 2023<br>Time:   10:30 A.M. |

# [PROPOSED] ORDER

The Court, having considered the Notice of Demurrer and Demurrer to Plaintiff's Complaint ("Motion") filed by Defendant PeopleReady, Inc. ("PeopleReady"), the Memorandum of Points and Authorities in support of said Motion, PeopleReady's Request for Judicial Notice and all accompanying exhibits; after hearing arguments of counsel; and finding good cause therefore,

IT IS HEREBY ORDERED THAT:

1.      PeopleReady's Request for Judicial Notice is **GRANTED**;

2.      PeopleReady's Motion is **GRANTED**;

3.      PeopleReady is hereby dismissed from the above-captioned action with prejudice.

**IT IS SO ORDERED.**

DATED: _____

_____

_____

Hon. John S. Meyer

Case No. 37-2022-00036803

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is 1604 Union Street, San Francisco, CA 94123.

On November 23, 2022, I served a true and correct copy of the document described as:

**[PROPOSED] ORDER DISMISSING DEFENDANT PEOPLEREADY, INC. WITH PREJUDICE**

on the interested parties in this action as follows:

Douglas N. Silverstein
Lauren J. Morrison
Niki Akhaveissy
KESLUK, SILVERSTEIN, JACOB &
MORRISON, P.C.
925 Sunset Boulevard, Suite 411
Los Angeles, Calfiornia 90069-3309
Tel: (310) 273-3180
Fax: (310) 273-6137
Email:
dsilverstein@californialaborlawattorney.com
lmorrison@californialaborlawattorney.com
nakhaveissy@californialaborlawattorney.com

***Counsel for Plaintiff***

**[X]  SERVICE BY UNITED STATES MAIL:**  I enclosed the document listed above in a sealed envelope addressed to the persons at the address listed herein and placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with the practice of this business for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on November 23, 2022, at San Francisco, California.

_____
Christine M. Gill

Case No. RG21092909

PROOF OF SERVICE

DAVID R. ONGARO, State Bar No. 154698
dongaro@ongaropc.com
CAREY A. JAMES, State Bar No. 269270
cjames@ongaropc.com
MOJDEH F. BOWERS, State Bar No. 324404
mbowers@ongaropc.com
ONGARO PC
1604 Union Street
San Francisco, CA 94123
Telephone: (415) 433-3900
Facsimile: (415) 433-3950

Attorneys for Defendant
PEOPLEREADY, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| TAYAH MOLCHANOFF, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SOLV ENERGY, LLC, a California Limited Liability Company; SWINERTON RENEWABLE ENERGY, Inc., a Delaware Corporation; PEOPLE READY INC., a Washington Corporation; ROBERTO DUARTE ALDABA, an individual; and DOES 1 through 60, inclusive,<br><br>Defendants. | Case No. 37-2022-00036803-CU-WT-CTL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PEOPLEREADY, INC.'S DEMURRER TO PLAINTIFF'S COMPLAINT**<br><br>Dept:    C-64<br>Judge:   John S. Meyer<br>Date:    March 24, 2023<br>Time:    10:30 A.M.<br><br>Filed Concurrently With:<br><br>1.  Notice of Motion<br>2.  Request for Judicial Notice<br>3.  Proposed Order |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER

## <u>**TABLE OF CONTENTS**</u>

I.    Introduction……………………………………………………………………-1-

II.   Statement of Material Allegations………………………………………...-2-

III.  Legal Argument………………………………………………………...-3-

      A.    Legal Standard……………………………………………………-3-

      B.    Plaintiff's FEHA Claims Fail as Matters of Law...…………………………-3-

      C.    Plaintiff's Wrongful Termination Claims Fails as a Matter of Law………..-5-

IV.  Conclusion…………………………………………………………...-6-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HONEYWELL'S DEMURRER

# TABLE OF AUTHORITIES

## Cases

*Blank v. Kirwan* (1985) 39 Cal.3d 311 ...................................................................- 3 -

*Campbell v. Arco Marine, Inc.* (1996) 42 Cal.App.4th 1850 ............................- 1 -, -4-

*Diamond Multimedia Sys., Inc. v. Superior Court* (1999) 19 Cal.4th 1036 ................ - 3 -, -4-, -6-

*Donabedian v. Mercury Ins. Co.* (2004) 116 Cal.App.4th 968 ................................- 3 -

*Friends of Juana Briones House v. City of Palo Alto* (2010) 190 Cal.App.4th 286..................- 4 -

*Green v. Ralee Engineering Co.* (1998) 19 Cal.4th 66 .............................................- 6 -

*Jennings v. Marralle* (1994) 8 Cal.4th 121 .............................................................- 6 -

*Lawrence v. Bank of America* (1985) 163 Cal.App.3d 431 ....................................- 3 -

*Marks v. American Airlines, Inc.* (9th Cir. 2009) 313 Fed.Appx. 933 ....................- 4 -

*Mejia v. Reed* (2003) 31 Cal.4th 657 ......................................................................- 4 -

*North Alaska Salmon Co. v. Pillsbury* (1916) 174 Cal. 1, 4 ....................................- 3 -

*Norwest Mortgage, Inc. v. Superior Court* (1999) 72 Cal.App.4th 214 ....................- 4 -

*Schonfeldt v. State of California* (1998) 61 Cal.App.4th 1462 ................................- 3 -

*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167 ..........................................- 5 -

*Turner v. Anheuser-Busch, Inc.* (1994) 7 Cal.4th 1238 ..........................................- 6 -

## Other Authorities

2 CCR § 11008(d)(1)(C) ...............................................................................- 1 -, - 4 -

Code Civ. Pro. § 430.10(e) ...........................................................................-1-, - 3 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HONEYWELL'S DEMURRER

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.    Introduction**

3

Pursuant to California Code of Civil Procedure § 430.10(e), Defendant

4 PeopleReady, Inc. ("PeopleReady") hereby demurrers to the complaint ("Complaint")

5 filed by plaintiff Tayah Molchanoff ("Plaintiff") on the basis that her Complaint fails to

6 state facts sufficient to constitute a cause of action.  Pursuant to California Code of Civil

7 Procedure § 418.10(e), this demurrer is filed concurrently with PeopleReady's motion to

8 quash service of summons for lack of personal jurisdiction.

9

Plaintiff's claims are premised exclusively on the California Fair Employment and

10 Housing Act ("FEHA").[1]  However, it is well-settled that employees located outside of

11 California are not covered by FEHA when the employer's alleged unlawful acts occurred

12 outside of California and were not ratified in California.  *See,* 2 CCR § 11008(d)(1)(C);

13 *Campbell v. Arco Marine, Inc.* (1996) 42 Cal.App.4th 1850, 1860 (the FEHA "should not

14 be construed to apply to nonresidents employed outside the state when the tortious

15 conduct did not occur in California").

16

Here, Plaintiff does not allege that she is domiciled in California and, in fact,

17 specifically acknowledges that she is a resident of Washington State.  Complaint at ¶ 1.

18 Nor does Plaintiff allege that she worked for defendants in California at any time (she did

19 not), or that any PeopleReady personnel in California were involved in any aspect of her

20 employment (they were not).  Instead, Plaintiff's sole allegation supporting application of

21 the FEHA is her perfunctory assertion that decisions adverse to her employment were

22 made at defendants' "San Diego, California headquarters."  *See, id.* at ¶¶ 7, 25.

23 However, as Plaintiff's Complaint explicitly acknowledges, PeopleReady's headquarters

24 are in Washington State, not San Diego.  *See, id.* at ¶ 4; *see also,* Request for Judicial

25 Notice in Support of PeopleReady, Inc.'s Demurrer ("RJN"), Exhibit A.  Accordingly,

26

---

27 [1] Specifically, Plaintiff brings four causes of action under the FEHA and a cause of action for wrongful discharge in violation of public policy.  Plaintiff's wrongful
28 discharge claim is expressly premised on defendants' alleged violations of the FEHA. *See,* Complaint at ¶¶ 75-76.

Plaintiff fails to allege that PeopleReady engaged in unlawful activity (or *any* activity at all) in California.

Plaintiff's claims against PeopleReady therefore fail as a matter of law, and PeopleReady respectfully requests that her Complaint be dismissed.  Further, because Plaintiff cannot amend her Complaint to include facts sufficient to state a cause of action, her Complaint should be dismissed without leave to amend.

## II.    Statement of Material Allegations

Plaintiff filed her Complaint on September 14, 2022.  Plaintiff's Complaint alleges five causes of action: (1) Sexual Harassment in Violation of the FEHA; (2) Retaliation in Violation of the FEHA; (3) Failure to Maintain an Environment Free from Retaliation, Harassment, and Discrimination in Violation of the FEHA; (4) Failure to Investigate Harassment in Violation of the FEHA; and (5) Wrongful Termination in Violation of Public Policy.

Plaintiff acknowledges that both she and PeopleReady are out-of-state parties domiciled in Washington State.  Complaint at ¶¶ 1, 4.  PeopleReady "is, and at all times relevant to this Complaint was, a Washington corporation, located at 1015 A St, Tacoma, Washington."  *Id.* at ¶ 4.

Plaintiff alleges that defendants Solv Energy, LLC ("Solv") and Swinerton Renewable Resources, Inc. ("Swinerton") (together, "Solv Defendants") are "located at 16680 W Bernardo Drive, San Diego, California," and that Solv "is the successor employer" of Swinerton.  *Id.* at ¶¶ 2-3, 7.

Plaintiff's Complaint refers to PeopleReady, Solv, and Swinerton collectively as the "Entity Defendants."  *Id.* at ¶ 5.

Plaintiff alleges that she began working for PeopleReady and the Solv Defendants as a laborer in July of 2019.  *Id.* at ¶¶ 12, 16.  Plaintiff's Complaint is silent as to the location of her work (it was in Utah).

Plaintiff states that she was sexually assaulted by defendant Roberto Aldaba on September 13, 2020.  *Id.* at ¶ 18.  Plaintiff's Complaint does not disclose the location of

1  this assault, but, according to the criminal Information filed against Aldaba in Carbon

2  County, Utah, the assault occurred in Carbon County, Utah.  *See*, RJN, Exhibit B

3  (Information) at p. 1.

4         Plaintiff alleges that, as a result of reporting this assault, the "Entity Defendants"

5  retaliated against, wrongfully terminated, and failed to rehire Plaintiff, and that these

6  decisions were made at the "Entity Defendants'" headquarters in "San Diego,

7  California."  Complaint at ¶¶ 20, 25.  This assertion contradicts Plaintiff's

8  acknowledgment that only defendants Swinerton and Solv are headquartered in San

9  Diego, and that PeopleReady is headquartered in Washington State.  *See, id.* at ¶¶ 2-4.

10        Plaintiff further alleges that defendants sexually harassed her; failed to maintain an

11 environment free of retaliation, harassment, and discrimination; and failed to investigate

12 harassment, but Plaintiff's Complaint is silent as to where this alleged conduct occurred.

13 *See, id.* at ¶¶ 26-41, 53-73.

14 **III.    Legal Argument**

15        **A.    Legal Standard**

16        A party may demur to a complaint which does not state facts sufficient to

17 constitute a cause of action.  Code Civ. Pro. § 430.10(e).  A demurrer challenges defects

18 that appear on the face of the complaint or from matters judicially noticeable.  *Blank v.*

19 *Kirwan* (1985) 39 Cal.3d 311, 318; *Donabedian v. Mercury Ins. Co.* (2004) 116

20 Cal.App.4th 968, 994.  Leave to amend should not be granted where amendment would

21 be futile.  *Lawrence v. Bank of America* (1985) 163 Cal.App.3d 431, 436; *Schonfeldt v.*

22 *State of California* (1998) 61 Cal.App.4th 1462, 1465.

23        **B.    Plaintiff's FEHA Claims Fail as Matters of Law**

24        It is well-settled that California law embodies a presumption against extra-

25 territorial application.  *See, Diamond Multimedia Sys., Inc. v. Superior Court* (1999) 19

26 Cal.4th 1036, 1059 (citing *North Alaska Salmon Co. v. Pillsbury* (1916) 174 Cal. 1, 4).

27 Accordingly, courts "do not construe a statute as regulating occurrences outside the state

28 unless a contrary intention is clearly expressed or reasonably can be inferred from the

language or purpose of the statute." *Norwest Mortgage, Inc. v. Superior Court* (1999) 72 Cal.App.4th 214, 222.  In construing a statute, courts first look to the language of the provisions at issue.  *Mejia v. Reed* (2003) 31 Cal.4th 657, 663.  If the statute is clear and unambiguous, "there is no need for judicial construction and a court may not indulge in it." *Friends of Juana Briones House v. City of Palo Alto* (2010) 190 Cal.App.4th 286, 303 (citing *Diamond Multimedia Sys.*, 19 Cal.4th at 1047).

Employees outside of California are not covered by the FEHA unless the allegedly unlawful conduct occurred, or was ratified, in California.  2 CCR § 11008(d)(1)(C) plainly states: "Employees located outside of California are not themselves covered by the protections of the Act if the allegedly unlawful conduct did not occur in California, or the allegedly unlawful conduct was not ratified by decision makers or participants in unlawful conduct located in California."  Accordingly, California courts have long held that the FEHA "should not be construed to apply to nonresidents employed outside the state when the tortious conduct did not occur in California." *Campbell*, 42 Cal.App.4th at 1860; *see also, Marks v. American Airlines, Inc.* (9th Cir. 2009) 313 Fed.Appx. 933, 934 (FEHA not applicable where "crucial elements" of a nonresident plaintiff's claim occurred in Texas).  Here, Plaintiff's Complaint fails to allege that PeopleReady engaged in or ratified conduct violating the FEHA in California, and, therefore, the FEHA does not apply.

In fact, Plaintiff does not even appear to *imply* a nexus with California except indirectly with respect to a single cause of action: Retaliation.  Plaintiff alleges that she was she was terminated and refused employment in retaliation for reporting her sexual assault.  Plaintiff does not allege that she worked for Defendants in California or that she was assaulted in this State.  Instead, Plaintiff avers only that the alleged retaliatory decisions were made by the "Entity Defendants" at their San Diego headquarters.  *See,* Complaint at ¶¶ 20, 25.  By lumping PeopleReady in with the "Entity Defendants," Plaintiff attempts to imply that PeopleReady participated in this conduct from San Diego. *Id.*  However, as discussed above, Plaintiff admits that PeopleReady's headquarters are in

Washington State, and this fact is confirmed by the California Secretary of State.  *See, id.* at ¶ 4; RJN, Exhibit A.  Plaintiff's only direct allegation regarding PeopleReady's conduct in California is the averment that PeopleReady does "business in the County of San Diego."  Complaint at ¶ 4.  This, however, falls far short of alleging that PeopleReady engaged in retaliation in California, and Plaintiff's retaliation claim fails.

Plaintiff's remaining causes of action under the FEHA are even more deficient. With respect to Plaintiff's harassment claim, Plaintiff does not allege that she was assaulted in California, and the events in question occurred in Utah.  *See*, RJN, Exhibit B (Information) at p. 1.  Plaintiff identifies no conduct in California allegedly constituting harassment, and, to the extent she relies on activities at the Solv Defendants' San Diego headquarters, those activities, as just discussed, did not involve PeopleReady.

Similarly, with respect to Plaintiff's claims for failure to maintain an environment free of harassment and failure to investigate harassment, Plaintiff identifies no conduct in California to support such claims and no PeopleReady personnel in California responsible for the alleged inaction.  To the extent Plaintiff alleges that PeopleReady "failed to take all reasonable steps to prevent" discrimination or retaliation or failed to engage in a "proper investigation," she does not allege that PeopleReady did so from California (*see, generally,* Complaint at ¶¶ 53-73), and any such implication would be undermined by Plaintiff's admission that PeopleReady's headquarters are in Washington State.  Lastly, as with Plaintiff's other claims, to the extent Plaintiff relies on activities at the Solv Defendants' headquarters, those activities could not have involved PeopleReady, as its headquarters are in Washington – which Plaintiff admits.

## C.    Plaintiff's Wrongful Termination Claims Fails as a Matter of Law

Because Plaintiff fails to state a FEHA claim, her wrongful termination claim also fails.  In California, a common law tort cause of action exists for employees wrongfully discharged in violation of a fundamental public policy.  *See, Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167, 177.

To state a claim for such wrongful discharge, a plaintiff must plead that the

1    employer violated a policy that is (1) fundamental, (2) beneficial for the public, and (3)

2    embodied in a statute or constitutional provision.  *Turner v. Anheuser-Busch, Inc.* (1994)

3    7 Cal.4th 1238, 1256; *see also, Green v. Ralee Engineering Co.* (1998) 19 Cal.4th 66, 79

4    (wrongful termination in violation of public policy must be premised on "an important

5    public policy based on a statutory or constitutional provision").  Where the Legislature

6    has expressly excluded a defendant employer from liability, that statute cannot form the

7    basis for a wrongful termination claim.  *See, e.g., Jennings v. Marralle* (1994) 8 Cal.4th

8    121, 135 (a plaintiff cannot maintain a wrongful termination claim based on age

9    discrimination against an employer excluded from such claims under the FEHA).

10          Here, Plaintiff's Complaint explicitly premises her wrongful termination claim on

11   the "public policy of the State of California" expressed in the FEHA.  Complaint at ¶¶

12   75-76.  Accordingly, Plaintiff's wrongful termination claim is necessarily dependent on a

13   properly-plead FEHA claim.  As discussed above, however, Plaintiff fails to allege that

14   she worked in California or that PeopleReady engaged in or ratified any unlawful

15   conduct in California.  Having failed to plead these basic facts in support of her FEHA

16   claims, Plaintiff's wrongful termination claim also fails as a matter of law.

17          Further, even if Plaintiff's wrongful termination claim were not premised on her

18   FEHA claim, California law, as discussed above, embodies a presumption against extra-

19   territorial application (*Diamond Multimedia*, 19 Cal.4th at 1059), and there is no basis for

20   the assertion that California common law governs activities between non-residents

21   occurring outside of California.

22   **IV.    Conclusion**

23          For the above reasons, PeopleReady respectfully requests that this Court sustain its

24   demurrer as to all causes of action in Plaintiff's Complaint without leave to amend.

25

26

27

28

DATED:  November 23, 2022                                **ONGARO PC**

                                              By: _____
                                                   David R. Ongaro
                                                   Carey A. James
                                                   Mojdeh F. Bowers
                                                   Attorneys for Defendant PeopleReady,
                                                   Inc.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HONEYWELL'S DEMURRER

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

3

4

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is 1604 Union Street, San Francisco, CA 94123.

5

On November 23, 2022, I served a true and correct copy of the document described as:

6

7

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PEOPLEREADY, INC.'S DEMURRER TO PLAINTIFF'S COMPLAINT**

8

on the interested parties in this action as follows:

9

10

11

12

13

14

15

16

Douglas N. Silverstein
Lauren J. Morrison
Niki Akhaveissy
KESLUK, SILVERSTEIN, JACOB &
MORRISON, P.C.
925 Sunset Boulevard, Suite 411
Los Angeles, Calfiornia 90069-3309
Tel: (310) 273-3180
Fax: (310) 273-6137
Email:
dsilverstein@californialaborlawattorney.com
lmorrison@californialaborlawattorney.com
nakhaveissy@californialaborlawattorney.com

17

***Counsel for Plaintiff***

18

19

20

21

**[X]  SERVICE BY UNITED STATES MAIL:**  I enclosed the document listed above in a sealed envelope addressed to the persons at the address listed herein and placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with the practice of this business for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

22

23

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on November 23, 2022, at San Francisco, California.

24

25

26

_____
Christine M. Gill

27

28

PROOF OF SERVICE

DAVID R. ONGARO, State Bar No. 154698
dongaro@ongaropc.com
CAREY A. JAMES, State Bar No. 269270
cjames@ongaropc.com
MOJDEH F. BOWERS, State Bar No. 324404
mbowers@ongaropc.com
ONGARO PC
1604 Union Street
San Francisco, CA 94123
Telephone: (415) 433-3900
Facsimile: (415) 433-3950

Attorneys for Defendant
PEOPLEREADY, INC.

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
11/23/2022 at 07:10:00 PM
Clerk of the Superior Court
By Elizabeth Reyes,Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| TAYAH MOLCHANOFF, an individual,<br><br>            Plaintiff,<br><br>        v.<br><br>SOLV ENERGY, LLC, a California Limited Liability Company; SWINERTON RENEWABLE ENERGY, Inc., a Delaware Corporation; PEOPLE READY INC., a Washington Corporation; ROBERTO DUARTE ALDABA, an individual; and DOES 1 through 60, inclusive,<br><br>            Defendants. | Case No. 37-2022-00036803-CU-WT-CTL<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PEOPLEREADY, INC.'S DEMURRER TO PLAINTIFF'S COMPLAINT**<br><br>Dept:   C-64<br>Judge:  John S. Meyer<br>Date:   March 24, 2023<br>Time:   10:30 A.M. |

Pursuant to California Evidence Code §§ 450, 451, 452, and 453 and California Rule of Court 3.1306(a), defendant PeopleReady, Inc. ("PeopleReady") requests that this Court take judicial notice of the following documents, true and correct copies of which are attached to this request:

1. California Secretary of State business profile entry for PeopleReady.  A true and correct copy of this document is attached hereto as **Exhibit A**.  This document is judicially noticeable as an act of an executive department of the State of California.  *See,* Cal. Evid. Code § 452(c); *Rubinstein v. Fakheri* (2020) 49 Cal.App.5th 797, 804 (observing trial court's judicial notice of California Secretary of State documents); *Dunsmore v. San Diego County Sheriff's Department* (S.D. Cal., Sept. 27, 2022) 2022 WL 4488007, at *2 (taking judicial notice of California Secretary of State business profile under FRE).

2. Information, *State of Utah v. Roberto Duarte Aldaba*, Carbon County, State of Utah, No. D20-0430, dated February 10, 2021.  A true and correct copy of this document is attached hereto as **Exhibit B**.  This document is judicially noticeable as a record of a state court.  *See,* Cal. Evid. Code § 452(d); *Arce v. Kaiser Foundation Health Plan, Inc.,* 181 Cal. App. 4th 471, 483 (2010) (taking judicial notice of court records).

Based upon the foregoing, PeopleReady respectfully requests that this Court take judicial notice of the documents described above and attached as exhibits hereto.


DATED:  November 23, 2022                    **ONGARO PC**

                                            By: _____
                                                David R. Ongaro
                                                Carey A. James
                                                Mojdeh F. Bowers
                                                Attorneys for Defendant PeopleReady,
                                                Inc.

# EXHIBIT A

California
*Secretary of State*

**Business**    UCC

Login

# Business Search

The California Business Search provides access to available information for **corporations**, **limited liability companies** and **limited partnerships** of record with the California Secretary of State, with **free PDF copies** of over 17 million imaged business entity documents, including the most recent imaged Statements of Information filed for Corporations and Limited Liability Companies.

Currently, information for Limited Liability Partnerships (e.g. law firms, architecture firms, engineering firms, public accountancy firms, and land survey firms), General Partnerships, and other entity types are **not contained** in the California Business Search. If you wish to obtain information about LLPs and GPs, submit a Business Entities Order paper form to request copies of filings for these entity types. Note: This search is not intended to serve as a name reservation search. To reserve an entity name, select Forms on the left panel and select Entity Name Reservation ? Corporation, LLC, LP.

### Basic Search

A Basic search can be performed using an entity name or entity number. When conducting a search by an entity number, where applicable, **remove "C"** from the entity number. Note, **a basic search** will search **only ACTIVE entities** (Corporations, Limited Liability Companies, Limited Partnerships, Cooperatives, Name Reservations, Foreign Name Reservations, Unincorporated Common Interest Developments, and Out of State Associations). The basic search performs a contains ?keyword? search. The Advanced search allows for a ?starts with? filter. To search entities that have a status other than active or to refine search criteria, use the **Advanced** search feature.

### Advanced Search

An Advanced search is required when searching for publicly traded disclosure information or a status other than

## PEOPLEREADY, INC. (3898306)



Request
Certificate

| | |
|---|---|
| Initial Filing Date | 04/19/2016 |
| Status | Active |
| Standing - SOS | Good |
| Standing - FTB | Good |
| Standing - Agent | Good |
| Standing - VCFCF | Good |
| Formed In | WASHINGTON |
| Entity Type | Stock Corporation - Out of State - Stock |
| Principal Address | 1015 A STREET TACOMA, WA 98402 |
| Mailing Address | PO BOX 2910 TACOMA, WA 98401 |
| Statement of Info Due Date | 04/30/2023 |
| Agent | 1505 Corporation 538 CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE 2710 GATEWAY OAKS DR STE 150N SACRAMENTO, CA 95833 |



View History



Request Access



California
*Secretary of State*

Business          UCC

Login

Home

Search

Forms

Help

*...searching by ?begins with? specific search criteria.*

**Disclaimer:** *Search results are limited to the 500 entities closest matching the entered search criteria. If your desired search result is not found within the 500 entities provided, please refine the search criteria using the Advanced search function for additional results/entities. The California Business Search is updated as documents are approved. The data provided is not a complete or certified record.*

*Although every attempt has been made to ensure that the information contained in the database is accurate, the Secretary of State's office is not responsible for any loss, consequence, or damage resulting directly or indirectly from reliance on the accuracy, reliability, or timeliness of the information that is provided. All such information is provided "as is." To order certified copies or certificates of status, (1) locate an entity using the search; (2) select Request Certificate in the right-hand detail drawer; and (3) complete your request online.*



peopleready



Advanced

Results: 1

| Entity Information ⇅ | Initial Filing Date ⇅ | Status ⇅ |
|---|---|---|
| PEOPLEREADY, INC. (3898306) › | 04/19/2016 | Active |

## PEOPLEREADY, INC. (3898306)



Request Certificate

| | |
|---|---|
| Initial Filing Date | 04/19/2016 |
| Status | Active |
| Standing - SOS | Good |
| Standing - FTB | Good |
| Standing - Agent | Good |
| Standing - VCFCF | Good |
| Formed In | WASHINGTON |
| Entity Type | Stock Corporation - Out of State - Stock |
| Principal Address | 1015 A STREET TACOMA, WA 98402 |
| Mailing Address | PO BOX 2910 TACOMA, WA 98401 |
| Statement of Info Due Date | 04/30/2023 |
| Agent | 1505 Corporation 538 CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE 2710 GATEWAY OAKS DR STE 150N SACRAMENTO, CA 95833 |



View History



Request Access

© 2022 CA Secretary of State

# EXHIBIT B

DOMINIQUE KIAHTIPES #16696
Deputy County Attorney
751 East 100 North, Suite 2200
Price, Utah 84501
(435) 636-3240

IN THE SEVENTH DISTRICT COURT
CARBON COUNTY, STATE OF UTAH

| THE STATE OF UTAH | INFORMATION |
|---|---|
| Plaintiff, | |
| vs. | D20-0430 |
| ROBERTO DUARTE ALDABA | Criminal No. |
| 12240 Dern Ave | |
| Boron CA 93516 | |
| DOB: 01/24/1984 | |
| Defendant. | |

COMES NOW, Carbon County Attorney and states on information and belief that the above-named defendant committed the following crime(s):

DATE:        On or about September 13, 2020

PLACE:      Carbon County, State of Utah

COUNT 1:  FORCIBLE SEXUAL ABUSE, Second Degree Felony, in violation of Section 76-5-404, Utah Code Annotated, 1953, as amended, in that the said defendant, at the time and place aforesaid, did , where the victim was 14 years of age or older, touch the anus, buttocks, or any part of the genitals of another, or touch the breasts of a female, or otherwise took indecent liberties with the actor or another, with intent to cause substantial emotional or bodily pain to any person or with the intent to arouse or gratify the sexual desires of any person, without the consent of the other, regardless of the sex of any participant.

PROBABLE CAUSE STATEMENT

On or about September 13, 2020, in Carbon County, Utah, Defendant and Victim were drinking amongst colleagues at a local bar. After the bar closed for the evening, Victim, Defendant, and two others decided to rent a hotel suite for the evening as they are not from this area. Once in the suite, the Defendant and Victim remained talking in the living room while the two others went to sleep in the bedroom. While the two were talking, Defendant began making sexual advances toward the Victim, including trying to kiss and touch Victim. Victim responded by saying "no" and pushing Defendant away. Defendant lunged at Victim, kissing her lips, neck, and breasts, and Victim froze. Defendant then penetrated her vaginally with his fingers. Victim was eventually able to get away and went into the bedroom with the other two individuals.

When Victim reported to law enforcement, officers were unsuccessful in locating the Defendant. After multiple attempts, officers were finally able to speak with Defendant over the telephone. Defendant talked about him and Victim doing "sexual things" but did not say what those things were. When asked about Victim, Defendant responded that Victim never told him she did not want to nor did she push him away, and if she had said no, someone would have heard if she said no. Law enforcement had previously followed up with one of the two other individuals, whom of which told law enforcement Victim had come into the bedroom about one

**INFORMATION**
PAGE 2
D20-0430

hour after renting the suite, and Victim wanted to leave. Victim ended up staying in the bedroom with the other two individuals until morning.

Contrary to the provisions of the aforesaid statute, and against the peace and dignity of the State of Utah.

    THIS INFORMATION is based on evidence obtained from the following witnesses:
Nicholas Bates/ OTN _____ & ppd20200927

DATED: February 10, 2021.

                                  */s/ Dominique Kiahtipes*
                                    Deputy County Attorney

DK/dk 2/10/2021

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is 1604 Union Street, San Francisco, CA 94123.

On November 23, 2022, I served a true and correct copy of the document described as:

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PEOPLEREADY, INC.'S DEMURRER TO PLAINTIFF'S COMPLAINT**

on the interested parties in this action as follows:

Douglas N. Silverstein
Lauren J. Morrison
Niki Akhaveissy
KESLUK, SILVERSTEIN, JACOB &
MORRISON, P.C.
925 Sunset Boulevard, Suite 411
Los Angeles, Calfiornia 90069-3309
Tel: (310) 273-3180
Fax: (310) 273-6137
Email:
dsilverstein@californialaborlawattorney.com
lmorrison@californialaborlawattorney.com
nakhaveissy@californialaborlawattorney.com

*Counsel for Plaintiff*

**[X]  SERVICE BY UNITED STATES MAIL:**  I enclosed the document listed above in a sealed envelope addressed to the persons at the address listed herein and placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with the practice of this business for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on November 23, 2022, at San Francisco, California.

Christine M. Gill

Case No. RG21092909

# Exhibit 4

DAVID R. ONGARO, State Bar No. 154698
dongaro@ongaropc.com
CAREY A. JAMES, State Bar No. 269270
cjames@ongaropc.com
MOJDEH F. BOWERS, State Bar No. 324404
mbowers@ongaropc.com
ONGARO PC
1604 Union Street
San Francisco, CA 94123
Telephone: (415) 433-3900
Facsimile: (415) 433-3950

Attorneys for Defendant
PEOPLEREADY, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| TAYAH MOLCHANOFF, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SOLV ENERGY, LLC, a California Limited Liability Company; SWINERTON RENEWABLE ENERGY, Inc., a Delaware Corporation; PEOPLE READY INC., a Washington Corporation; ROBERTO DUARTE ALDABA, an individual; and DOES 1 through 60, inclusive,<br><br>Defendants. | Case No. 37-2022-00036803-CU-WT-CTL<br><br>**NOTICE OF DEFENDANT PEOPLEREADY, INC,'S MOTION AND MOTION TO QUASH SERVICE OF SUMMONS**<br><br>Dept:   C-64<br>Judge:  John S. Meyer<br>Date:   March 24, 2023<br>Time:   10:30 A.M.<br><br>Filed Concurrently With:<br><br>1. Memorandum of Points and Authorities<br>2. Request for Judicial Notice<br>3. Proposed Order<br>4. Declaration of Jon Thumann |

NOTICE OF MOTION AND MOTION

<u>**NOTICE OF MOTION AND MOTION**</u>

**PLEASE TAKE NOTICE THAT** on March 24, 2023 at 10:30 A.M. in Department C-64, or as soon thereafter as the matter may be heard by the Court, located at 330 W. Broadway, San Diego, California 92101, Defendant PeopleReady, Inc. ("PeopleReady") will and hereby does move the Court for an order quashing service of summons on PeopleReady for lack of in personal jurisdiction and dismissing it from this action pursuant to California Code of Civil Procedure section 418.10(a)(1).

This Motion is made on the following grounds:

(1)    There is no basis upon which this Court can exercise general jurisdiction over PeopleReady because, as a foreign corporation headquartered and operating out of Washington State, PeopleReady is not domiciled in or "at home" in California; and

(2)    There is no basis upon which this Court can exercise specific jurisdiction over PeopleReady because Plaintiff's causes of action do not arise out of, and are not in any way related to, any of PeopleReady's contacts with the State of California.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Jon Thumann, the attached Request for Judicial Notice with accompanying exhibits, the complete files and records of this action, any argument that may be presented at the time of hearing, and such other and further evidence as the Court may deem appropriate.

DATED:  November 23, 2022                **ONGARO PC**

By: _____
David R. Ongaro
Carey A. James
Mojdeh F. Bowers

Attorneys for Defendant
PEOPLEREADY, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>PROOF OF SERVICE</u>

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is 1604 Union Street, San Francisco, CA 94123.

On November 23, 2022, I served a true and correct copy of the document described as:

**NOTICE OF DEFENDANT PEOPLEREADY, INC,'S MOTION AND MOTION TO QUASH SERVICE OF SUMMONS**

on the interested parties in this action as follows:

Douglas N. Silverstein
Lauren J. Morrison
Niki Akhaveissy
KESLUK, SILVERSTEIN, JACOB &
MORRISON, P.C.
925 Sunset Boulevard, Suite 411
Los Angeles, Calfiornia 90069-3309
Tel: (310) 273-3180
Fax: (310) 273-6137
Email:
dsilverstein@californialaborlawattorney.com
lmorrison@californialaborlawattorney.com
nakhaveissy@californialaborlawattorney.com

***Counsel for Plaintiff***

**[X] SERVICE BY UNITED STATES MAIL:**  I enclosed the document listed above in a sealed envelope addressed to the persons at the address listed herein and placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with the practice of this business for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on November 23, 2022, at San Francisco, California.

Christine M. Gill

DAVID R. ONGARO, State Bar No. 154698
dongaro@ongaropc.com
CAREY A. JAMES, State Bar No. 269270
cjames@ongaropc.com
MOJDEH F. BOWERS, State Bar No. 324404
mbowers@ongaropc.com
ONGARO PC
1604 Union Street
San Francisco, CA 94123
Telephone: (415) 433-3900
Facsimile: (415) 433-3950

Attorneys for Defendant
PEOPLEREADY, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| TAYAH MOLCHANOFF, an individual, | Case No. 37-2022-00036803-CU-WT-CTL |
| Plaintiff, | **DECLARATION OF JON THUMANN IN SUPPORT OF DEFENDANT PEOPLEREADY, INC.'S MOTION TO QUASH SERVICE OF SUMMONS** |
| v. | |
| SOLV ENERGY, LLC, a California Limited Liability Company; SWINERTON RENEWABLE ENERGY, Inc., a Delaware Corporation; PEOPLE READY INC., a Washington Corporation; ROBERTO DUARTE ALDABA, an individual; and DOES 1 through 60, inclusive, | Dept:   C-64<br>Judge:   John S. Meyer<br>Date:   March 24, 2023<br>Time:   10:30 A.M.<br><br>Filed Concurrently With:<br><br>1. Memorandum of Points and Authorities<br>2. Proposed Order<br>3. Notice of Motion<br>4. Request for Judicial Notice |
| Defendants. | |

1

2

# **DECLARATION OF JON THUMANN**

3   I, Jon Thumann, declare as follows:

4       1.    The facts set forth herein are true of my own personal knowledge, and if

5   called upon to testify, I could and would do so competently.  I am the Director,

6   Renewable Energy Operations at PeopleReady, Inc. ("PeopleReady").  In my capacity as

7   Director, Renewable Energy Operations at PeopleReady, I have knowledge of

8   PeopleReady's operations and plaintiff Tayah Molchanoff's ("Plaintiff") employment

9   with PeopleReady.

10       2.    PeopleReady is a Washington State corporation.  PeopleReady's

11   headquarters are located in Washington State, specifically: 1015 A St., Tacoma,

12   Washington.  PeopleReady's parent company, TrueBlue, Inc. is also incorporated and

13   headquartered in Washington State.

14       3.    PeopleReady is a temporary staffing company that specializes in providing

15   quick and reliable on-demand temporary labor and highly skilled workers ("Temporary

16   Associates") to businesses ("Customers") in need of temporary employees.  PeopleReady

17   provides temporary employees to Customers in a wide range of industries and operates

18   throughout the United States, Canada, and Puerto Rico.

19       4.    PeopleReady is separate and independent company and has no common

20   ownership interests with Solv Energy, LLC ("Solv") and and/or with Swinerton

21   Renewable Resources, Inc. ("Swinerton") (Solv and Swinerton together, the "Solv

22   Defendants").  PeopleReady does not share business operations or headquarters with the

23   Solv Defendants, and no PeopleReady personnel are present at Solv or Swinerton's

24   headquarters.  PeopleReady does not share directors, officers, or management with Solv

25   or Swinerton, and PeopleReady does not control the business decisions of Solv or

26   Swinerton.  Solv and Swinerton are Customers of PeopleReady, and PeopleReady's

27   business relationship with Solve and Swinerton is limited to providing Temporary

28   Associates on an as-needed basis.



6   involved in any aspect of Plaintiff's employment.

7

8       I declare under penalty of perjury under the laws of the State of California that the

9   foregoing is true and correct of my own personal knowledge.  Executed in

10   PHOENIX , Arizona on November 22 2022.

11

12   DATED: 11/22/2022

13

14

15   J2

16   Jon Thumann

17

18

19

20

21

22

23

24

25

26

27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is 1604 Union Street, San Francisco, CA 94123.

On November 23, 2022, I served a true and correct copy of the document described as:

**DECLARATION OF JON THUMANN IN SUPPORT OF DEFENDANT PEOPLEREADY, INC.'S MOTION TO QUASH SERVICE OF SUMMONS**

on the interested parties in this action as follows:

Douglas N. Silverstein
Lauren J. Morrison
Niki Akhaveissy
KESLUK, SILVERSTEIN, JACOB &
MORRISON, P.C.
925 Sunset Boulevard, Suite 411
Los Angeles, Calfiornia 90069-3309
Tel: (310) 273-3180
Fax: (310) 273-6137
Email:
dsilverstein@californialaborlawattorney.com
lmorrison@californialaborlawattorney.com
nakhaveissy@californialaborlawattorney.com

*Counsel for Plaintiff*

**[X]  SERVICE BY UNITED STATES MAIL:**  I enclosed the document listed above in a sealed envelope addressed to the persons at the address listed herein and placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with the practice of this business for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on November 23, 2022, at San Francisco, California.

_____
Christine M. Gill

- 1 -                                    Case No. RG21092909
PROOF OF SERVICE

DAVID R. ONGARO, State Bar No. 154698
dongaro@ongaropc.com
CAREY A. JAMES, State Bar No. 269270
cjames@ongaropc.com
MOJDEH F. BOWERS, State Bar No. 324404
mbowers@ongaropc.com
ONGARO PC
1604 Union Street
San Francisco, CA 94123
Telephone: (415) 433-3900
Facsimile: (415) 433-3950

Attorneys for Defendant
PEOPLEREADY, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

| | |
|---|---|
| TAYAH MOLCHANOFF, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SOLV ENERGY, LLC, a California Limited Liability Company; SWINERTON RENEWABLE ENERGY, Inc., a Delaware Corporation; PEOPLE READY INC., a Washington Corporation; ROBERTO DUARTE ALDABA, an individual; and DOES 1 through 60, inclusive,<br><br>Defendants. | Case No. 37-2022-00036803-CU-WT-CTL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PEOPLEREADY, INC.'S MOTION TO QUASH SERVICE OF SUMMONS**<br><br>Dept:    C-64<br>Judge:   John S. Meyer<br>Date:    March 24, 2023<br>Time:    10:30 A.M.<br><br>Filed Concurrently With:<br><br>1. Notice of Motion<br>2. Request for Judicial Notice<br>3. Proposed Order<br>4. Declaration of Jon Thumann |

## <u>TABLE OF CONTENTS</u>

I.    Introduction……………………………………………………………………-1-

II.    Statement of Facts……………………………………………………….....-2-

        A.    Plaintiff's Residence and Complaint……………………………………...-2-

        B.    PeopleReady's Location and Operations……………………………….....-2-

        C.    The Solv Defendants…………………………………………………-3-

        D.    PeopleReady Does not Share Operations with Solv or Swinerton………………-3-

        E.    The Events Underlying this Case…………………………………….....-4-

III.    LEGAL ARGUMENT…………………………………………………-4-

        A.    Plaintiff Bears the Burden of Proving that Jurisdiction is Present……………........-4-

        B.    Personal Jurisdiction Over PeopleReady is Not Present…………...…………......-5-

                1.    Personal Jurisdiction Standard....…………………………………-5-

                2.    General Jurisdiction Over PeopleReady is Not Present………………...-6-

                3.    Specific Jurisdiction Over PeopleReady is Not Present………………..-8-

III.    CONCLUSION…………………………………………………..-10-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HONEYWELL'S DEMURRER

# <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*Angelini Metal Works Co. v. Hubbard Iron Doors, Inc.*
(C.D. Cal. 2016) 2016 WL 6304476.............................................................- 8 -

*Auto. Antitrust Cases*, 135 Cal. App. 4th at 110 .............................. -4-, - 5 -, - 9 -

*BNSF Ry. Co. v. Tyrrell* (2017) 137 S.Ct. 1549..........................................- 7 -

*Bojorquez v. Abercrombie & Fitch, Co.* (C.D. Cal. 2016) 193 F. Supp. 3d 1117 .....................- 7 -

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*
(2017) 137 S. Ct. 1773, 1781 ................................................. - 2 -,-6-, -8-

*Brown v. Garcia* (2017) 17 Cal.App.5th 1198, 1203.........................................- 5 -

*Daimler AG v. Bauman* (2014) 571 U.S. 117, 138 ...........................................- 6 -, -7-

*Daimler Trucks North America LLC v. Superior Court* (2022) 80 Cal.App.5th 946, 954 .........- 5 -

*Damron*, 70 Cal. App. 5th 684, 689................................................ -5-, - 6 -, - 8 -

*Doe v. Damron* (2021) 70 Cal. App. 5th 684, 689-90 .........................................- 2 -

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.* (2021) 141 S. Ct. 1017 ................ - 2 -, - 6 -, -7-

*Goodyear Dunlop Tires Operations, S. A. v. Brown* (2011) 564 U.S. 915, 919.....- 5 -, -6-, -7-, -8-

*Hertz Corp. v. Friend* (2010) 559 U.S. 77, 81, 92-93.........................................- 8 -

*International Shoe Co. v. State of Wash., Office of Unemploy. Compensation and Placement*
(1945) 326 U.S. 310, 316) ................................................. - 6 -, -10-

*Jesner v. Arab Bank, PLC* (2018) 138 S.Ct. 1386, 1430 .........................................- 7 -

*Kaiser Aetna v. Deal* (1978) 86 Cal. App. 3d 896, 901 .........................................- 5 -

*Nobel Floral, Inc. v. Pasero* (2003) 106 Cal.App.4th 654, 657 ................................- 4 -

*Sonora Diamond*, 83 Cal.App.4th at 536 .........................................- 6 -

*Strasner v. Touchstone Wireless Repair & Logistics, LP* (2016) 5 Cal.App.5th 215, 222-23 ...- 7 -

*Williams v. Yamaha Motor Co.* (9th Cir. 2017) 851 F.3d 1015, 1021........................- 7 -

*Zehia v. Superior Ct.* (2020) 45 Cal. App. 5th 543, 552.........................................- 4 -

**<u>Other Authorities</u>**

Cal. Code Civ. Proc. § 410.10 .........................................- 5 -

Code of Civil Procedure § 418.10(a)(1) ................................................. -1-, - 4 -

Rutter Group Prac. Guide Fed. Civ. Pro., Ch. 3-E, § 3.107.........................................- 8 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    Introduction

Pursuant to California Code of Civil Procedure § 418.10(a)(1), Defendant PeopleReady, Inc. ("PeopleReady") hereby moves to quash service of summons with respect to this action brought by plaintiff Tayah Molchanoff ("Plaintiff").  Pursuant to California Code of Civil Procedure § 418.10(e), this motion to quash is filed concurrently with PeopleReady's demurrer to Plaintiff's complaint ("Complaint").

This case has no connection with the State of California sufficient for this Court to exercise personal jurisdiction over PeopleReady.  Plaintiff is a resident of Washington State; PeopleReady is a Washington Corporation headquartered in Washington State; and the events giving rise to Plaintiff's claims occurred exclusively in Utah and Idaho.  *See,* Complaint at caption page and ¶¶ 1, 4.

The sole basis for jurisdiction over PeopleReady in this State according to Plaintiff's Complaint is the allegation that adverse employment decisions affecting Plaintiff were made at the "entity" defendants' headquarters, which Plaintiff avers are located in San Diego.  *Id.* at ¶ 25. [1]  However, as Plaintiff's Complaint expressly acknowledges, PeopleReady's headquarters are in Washington State.  *Id.* at ¶ 4.  Further, as explained below, no PeopleReady personnel in California were involved in any aspect of Plaintiff's relationship with PeopleReady.

As demonstrated in PeopleReady's demurrer, these facts categorically establish that Plaintiff cannot bring claims against PeopleReady under California's Fair Employment and Housing Act ("FEHA").  *See, e.g.,* 2 CCR § 11008(d)(1)(C); *Campbell v. Arco Marine, Inc.* (1996) 42 Cal.App.4th 1850, 1860 (the FEHA "should not be construed to apply to nonresidents employed outside the state when the tortious conduct did not occur in California").  Even more fundamentally, however, these facts

---

[1] Plaintiff's Complaint refers to the corporate defendants in this case – PeopleReady, Solv Energy, LLC, and Swinerton Renewable Resources, Inc. – collectively as the "Entity Defendants."  *See,* Complaint at ¶ 5.

1   demonstrate that there is no basis for jurisdiction over PeopleReady in the first instance.

2       Plaintiff alleges that defendants Solv Energy, LLC ("Solv") and Swinerton

3   Renewable Resources, Inc. ("Swinerton") (together, "Solv Defendants") maintain

4   headquarters in San Diego (*id.* at ¶¶ 2-3), but this is categorically insufficient to establish

5   personal jurisdiction of any type over PeopleReady.

6       Although the geographic diffusion of events and parties in this case may seem

7   complex, the question of personal jurisdiction is simple.  The law is well-settled and

8   straightforward: General personal jurisdiction exists only in the state where a defendant is

9   incorporated and has its principal place of business, and specific personal jurisdiction

10  exists only where the conduct giving rise to the complaint occurs in the forum state.  *See,*

11  *e.g., Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.* (2021) 141 S. Ct. 1017, 1024;

12  *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.* (2017) 137

13  S. Ct. 1773, 1781; *Doe v. Damron* (2021) 70 Cal. App. 5th 684, 689-90.  None of these

14  conditions are present here, and California courts therefore have no personal jurisdiction

15  over PeopleReady for purposes of this case.

16      In the final analysis, the decision of a Washington resident, to bring suit against a

17  Washington Corporation, for events occurring in Utah and Idaho, can only be attributed

18  to forum shopping, and the exercise of jurisdiction in these circumstances clearly does

19  not comport with "traditional notions of fair play and substantial justice."

20  **II.    Statement of Facts**

21      **A.    Plaintiff's Residence and Complaint**

22      Plaintiff filed her Complaint on September 14, 2022.  Plaintiff's Complaint

23  alleges: (1) Sexual Harassment in Violation of the FEHA; (2) Retaliation in Violation of

24  the FEHA; (3) Failure to Maintain an Environment Free from Retaliation, Harassment,

25  and Discrimination in Violation of the FEHA; (4) Failure to Investigate Harassment in

26  Violation of the FEHA; and (5) Wrongful Termination in Violation of Public Policy.  The

27  Complaint alleges that Plaintiff resides in Washington State.  Complaint at ¶ 1.

28      **B.    PeopleReady's Location and Operations**

As Plaintiff acknowledges in her Complaint, PeopleReady is incorporated in Washington State, and its headquarters are located at 1015 A Street, Tacoma, Washington. *Id.* at ¶ 4; *see also,* Declaration of Jon Thumann ("JT Dec.") at ¶ 2; Request for Judicial Notice in Support of PeopleReady, Inc.'s Motion to Quash ("RJN"), Exhibit A (California Secretary of State Entry for PeopleReady).[2]

PeopleReady is a temporary staffing company that specializes in providing quick and reliable on-demand temporary labor and highly skilled workers ("Temporary Associates") to businesses ("Customers") in need of temporary employees. JT Dec. at ¶ 3. PeopleReady provides temporary employees to Customers in a wide range of industries and operates throughout the United States, Canada, and Puerto Rico. *Id.*

**C.    The Solv Defendants**

Plaintiff's Complaint alleges that defendant Solv is a California Limited Liability Company with its headquarters located in San Diego, California, and that defendant Swinerton is a Delaware corporation with its headquarters located in San Diego, California. Complaint at ¶¶ 2-3. Plaintiff alleges that Solv "is the successor employer" of Swinerton, having acquired Swinerton's "asserts and liabilities, including any liability for its employees." *Id.* at ¶ 7.

**D.    PeopleReady Does not Share Operations with Solv or Swinerton**

PeopleReady and the Solv Defendants are independent companies and have no common ownership interests. JT Dec. at ¶ 4. PeopleReady does not share business operations or headquarters with the Solv Defendants, and no PeopleReady personnel are present at Solv or Swinerton's headquarters. *Id.* PeopleReady does not share directors, officers, or management with Solv or Swinerton, and PeopleReady does not control the business decisions of Solv or Swinerton. *Id.* Solv and Swinerton are Customers of PeopleReady, and PeopleReady's business relationship with Solve and Swinerton is limited to providing Temporary Associates on an as-needed basis. *Id.*

---

[2] PeopleReady's parent company, TrueBlue, Inc. ("TrueBlue") is also incorporated and headquartered in Washington State. JT Dec. at ¶ 2.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**E.    The Events Underlying this Case**

Plaintiff alleges that she began working for PeopleReady and the Solv Defendants as a laborer on July of 2019.  Complaint at ¶ 16.  Plaintiff worked at Swinerton jobsites in Beryl, Utah and Clawson, Utah.  *Id.* at ¶ 5.  Plaintiff was never placed at any Customer jobsite in California by PeopleReady, and Plaintiff never performed work of any kind for PeopleReady in the State of California.  *Id.*

Plaintiff's Compliant states that she was sexually assaulted by defendant Roberto Aldaba on September 13, 2020.  Complaint at ¶ 18.  According to the criminal Information filed against Aldaba in Carbon County, Utah, this assault occurred in Carbon County, Utah.  *See*, RJN, Exhibit B (Information) at p. 1.

Plaintiff's Complaint alleges that, as a result of this assault and related events, defendants took adverse employment actions against Plaintiff "in San Diego, California."  Complaint at ¶¶ 20, 25.  PeopleReady denies that the assault of Plaintiff or any related events played any role whatsoever in any aspect of Plaintiff's relationship with PeopleReady.  Even putting this aside, however, no decision – adverse or otherwise – related to or affecting Plaintiff's employment was made by PeopleReady in California, and no PeopleReady personnel working in California were involved in any aspect of Plaintiff's employment.  JT Dec. at ¶ 6.

**III.    LEGAL ARGUMENT**

**A.    Plaintiff Bears the Burden of Proving that Jurisdiction is Present**

On a motion to quash service of summons pursuant to Code of Civil Procedure § 418.10(a)(1), "the plaintiff bears the burden of proving by a preponderance of the evidence that all jurisdictional criteria are met."  *Nobel Floral, Inc. v. Pasero* (2003) 106 Cal.App.4th 654, 657.  Plaintiff must demonstrate "facts justifying the exercise of jurisdiction."  *Zehia v. Superior Ct.* (2020) 45 Cal. App. 5th 543, 552.  "The plaintiff must do more than merely allege jurisdictional facts.  It must present evidence sufficient to justify a finding that California may properly exercise jurisdiction over the defendant."  *In re Auto. Antitrust Cases I & II* (2005) 135 Cal. App. 4th 100, 110.  "The burden must

1  be met by competent evidence in affidavits and authenticated documents; an unverified

2  complaint may not be considered as supplying the necessary facts." *Brown v. Garcia*

3  (2017) 17 Cal.App.5th 1198, 1203 (quotations omitted).  If Plaintiff carries this burden,

4  "the burden shifts to the defendant to show that exercising jurisdiction would be

5  unreasonable." *Daimler Trucks North America LLC v. Superior Court* (2022) 80

6  Cal.App.5th 946, 954.

7      Crucially, "the jurisdictional facts shown must pertain to each separate nonresident

8  defendant." *Auto. Antitrust Cases*, 135 Cal. App. 4th at 110.  "The Acts of other

9  parties … cannot be imputed to respondents for the purpose of assuming personal

10  jurisdiction over them." *Kaiser Aetna v. Deal* (1978) 86 Cal. App. 3d 896, 901.  Instead,

11  "personal jurisdiction over any non-resident individual must be premised upon forum-

12  related acts personally committed by the individual." *Id*.

13      Here, Plaintiff cannot carry her burden of proving facts sufficient to justify

14  jurisdiction over PeopleReady, and this case must therefore be dismissed for lack of

15  personal jurisdiction.

16  **B.    Personal Jurisdiction Over PeopleReady is Not Present**

17      **1.    Personal Jurisdiction Standard**

18      To adjudicate any controversy, a court must have subject matter jurisdiction and

19  personal jurisdiction.  There are two types of personal jurisdiction: (1) general personal

20  jurisdiction, and (2) specific personal jurisdiction.  *See, Goodyear Dunlop Tires*

21  *Operations, S. A. v. Brown* (2011) 564 U.S. 915, 919.  "The nature and strength of a

22  defendant's contacts with a state determine the type of jurisdiction a court may assert –

23  general or specific." *Damron*, 70 Cal. App. 5th 684, 689.[3]

24

25  [3]California courts "may exercise jurisdiction on any basis not inconsistent with the
Constitution of this state or of the United States."  Cal. Code Civ. Proc. § 410.10.

26  Because "California grants its courts the power to assert personal jurisdiction over out-
of-state parties to the maximum extent that the state and federal constitutions allow,"

27  jurisdiction in California is dependent on the United States Constitution and United

28  States Supreme Court jurisprudence.  *See, e.g., Damron*, 70 Cal. App. 5th at 689
(relying on US Supreme Court precedent to determine jurisdiction in California).

1    General personal jurisdiction results where a defendant's contacts with the forum

2    state are so "systematic and so continuous" that there is jurisdiction over the defendant

3    even where the relevant conduct occurred outside the forum state.  *See, Sonora Diamond*

4    *Corp. v. Superior Court* (2000) 83 Cal.App.4th 523, 536.  General jurisdiction is

5    generally present only in the state in which defendant is incorporated and has its principal

6    place of business.  *See, Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.* (2021) 141 S.

7    Ct. 1017, 1024.

8    In contrast, "specific jurisdiction results when the defendant's contacts with the

9    forum state, though not enough to subject the defendant to the general jurisdiction of the

10   forum, are sufficient to subject the defendant to suit in the forum on a cause of action

11   related to or arising out of those contacts."  *Sonora Diamond*, 83 Cal.App.4th at 536; *see*

12   *also, Goodyear*, 564 U.S. at 919.  In other words, specific jurisdiction is present where a

13   plaintiff's claims are specifically premised on the alleged acts of the defendant in the

14   forum state.  *See, Bristol-Myers*, 137 S. Ct. at 1781; *Damron*, 70 Cal. App. 5th at 690.

15   Here, neither general or specific jurisdiction is present.

### 2.    General Jurisdiction Over PeopleReady is Not Present

17   A state may authorize its courts to exercise personal jurisdiction over an out-of-

18   state defendant only if the defendant has "certain minimum contacts with the State such

19   that the maintenance of the suit does not offend 'traditional notions of fair play and

20   substantial justice.'"  *Goodyear*, 564 U.S. at 923 (quoting *International Shoe Co. v. State*

21   *of Wash., Office of Unemploy. Compensation and Placement* (1945) 326 U.S. 310, 316).

22   As discussed above, general jurisdiction requires that a defendant's contacts with

23   the forum state are so extensive that a court may decide the matter even if the relevant

24   conduct occurred in another state or country.  *See, Goodyear*, 564 U.S. at 919.  The

25   standard for general jurisdiction is extremely high: "A state court may exercise general

26   jurisdiction only when a defendant is 'essentially at home' in the State."  *Ford*, 141 S. Ct.

27   at 1024; *Daimler AG v. Bauman* (2014) 571 U.S. 117, 138.

28   A natural person "is subject to general jurisdiction in her place of domicile."

*Ford*, 141 S. Ct. at 1024.  For corporations, general jurisdiction usually exists only in the company's "place of incorporation and principal place of business."  *Id.*; *Daimler*, 571 U.S. at 137-38; *see also, Goodyear*, 564 U.S. at 924; *Jesner v. Arab Bank, PLC* (2018) 138 S.Ct. 1386, 1430.

Even engaging in a "substantial, continuous, and systematic course of business" in the forum state is *not sufficient* to establish general jurisdiction.  *Daimler*, 571 U.S. at 138; *Williams v. Yamaha Motor Co*. (9th Cir. 2017) 851 F.3d 1015, 1021; *see also, Goodyear*, 564 U.S. 915, 931 n. 6 ("even regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales"); *Daimler*, 571 U.S. at 138-39 ("sizable" sales and "continuous and systematic" business activities in forum state insufficient for general jurisdiction where defendant is incorporated and maintains its principal place of business outside of state).

In *BNSF Ry. Co. v. Tyrrell* (2017) 137 S.Ct. 1549, 1559, for example, the United States Supreme Court held that a defendant with more than 2,000 miles of railroad track and 2,000 employees in the forum state was not subject to personal jurisdiction because defendant was incorporated and had its principal place of business elsewhere.

Similarly, in *Bojorquez v. Abercrombie & Fitch, Co.* (C.D. Cal. 2016) 193 F. Supp. 3d 1117, 1131, the Court held that a defendant incorporated outside of California was not subject to general jurisdiction despite having more than 60 retail stores and 40,000 employees in the state.  *See also, Strasner v. Touchstone Wireless Repair & Logistics, LP* (2016) 5 Cal.App.5th 215, 222-23 ("a defendant corporation's substantial sales in a state are insufficient to establish general jurisdiction").

Here, PeopleReady is not incorporated in California, and it does not maintain its principal place of business in this State.  As stated above, PeopleReady is incorporated in the State of Washington.  *See,* JT Dec. at ¶ 2; Complaint at ¶ 4; RJN, Exhibit A.  Further, as Plaintiff acknowledges, PeopleReady's headquarters and principal place of business are located in Tacoma, Washington.  *See,* JT Dec. at ¶ 2; Complaint at ¶ 4; RJN, Exhibit

A.[4]  Accordingly, general jurisdiction is not present.

### 3.    Specific Jurisdiction Over PeopleReady Is Not Present

Specific jurisdiction is also absent.  Specific jurisdiction exists only if a plaintiff's "claims arise from or relate to the defendant's contacts with the state."  *Damron*, 70 Cal. App. 5th at 690 (citing *Ford*, 141 S. Ct. at 1024-25).  "In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State.'"  *Bristol-Myers*, 137 S.Ct. at 1781 (quoting *Goodyear*, 564 U.S. at 919).  "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."  *Id.*

In *Bristol-Meyers*, the United States Supreme Court overturned the California Supreme Court's test for specific jurisdiction, which required less connection between the conduct at issue and California if the defendant had other extensive and unrelated contacts with California.  *Id.*  The *Bristol-Meyers* Court rejected this approach, stating: "For specific jurisdiction, a defendant's general connections with the forum are not enough … 'a corporation's continuous activity of some sort within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'"  *Id.* (citing *Goodyear*, 564 U.S. at 927).[5]

---

[4] A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," i.e., its headquarters.  *Hertz Corp. v. Friend* (2010) 559 U.S. 77, 81, 92-93; *see also,* Rutter Group Prac. Guide Fed. Civ. Pro., Ch. 3-E, § 3.107(under Daimler general jurisdiction focuses "solely on the location of [defendant's] headquarters (principal place of business) and where it has incorporated"); *Angelini Metal Works Co. v. Hubbard Iron Doors, Inc.* (C.D. Cal. 2016) 2016 WL 6304476, at *3 (same, quoting *id.*).

[5] Here, Plaintiff appears to be engaging in the same forum-shopping rejected by the Supreme Court in *Bristol-Meyers.*  *Bristol-Meyers* was a product liability case involving the medication Plavix.  As the Supreme Court subsequently explained in *Ford*, the plaintiffs in *Bristol-Meyers* were not prescribed the medication in California, did not take the medication in California, and were not injured in California.  *Ford*, 141 S. Ct. at 1031 (citing *Bristol-Meyers*, 137 S. Ct. at 1781-83).  Instead, plaintiffs sued "in California because it was thought plaintiff-friendly, even though their cases had no tie to the State."  *Id.*  The same appears to be true here.

- 8 -

Here, Plaintiff's claims are not connected in any way to activities conducted by PeopleReady in California.  Plaintiff worked at Swinerton jobsites Beryl, Utah and Clawson, Utah.  JT Dec. at ¶ 5.  Plaintiff was never placed at any Customer jobsite in California by PeopleReady, and Plaintiff never performed work of any kind for PeopleReady in the State of California.  *Id.*  Plaintiff was assaulted in Carbon County, Utah; no decision related to or affecting Plaintiff's employment was made by PeopleReady in California; and no PeopleReady personnel working in California were involved in any aspect of Plaintiff's employment.  *See*, RJN, Exhibit B (Information) at p. 1; JT Dec. at ¶¶ 5-6.

Plaintiff's sole basis for personal jurisdiction over PeopleReady is the allegation that adverse employment decisions affecting her were made by the "entity defendants" at their "San Diego, California headquarters."  *See,* Complaint at ¶ 25.  However, Plaintiff expressly acknowledges that PeopleReady's headquarters are in Washington State, not San Diego.  *Id*. at ¶ 4.  Further, PeopleReady does not share business operations or headquarters with the Solv Defendants; no PeopleReady personnel are present at the Solv Defendants' headquarters; PeopleReady and the Solv Defendants have no common ownership interests; PeopleReady does not share directors, officers, or management with the Solv Defendants; PeopleReady does not control the business decisions of the Solve Defendants; and, again, no PeopleReady personnel working in California were involved in any aspect of Plaintiff's employment.  JT Dec. at ¶¶ 4-6.  Accordingly, there is no basis for personal jurisdiction – specific or general – over PeopleReady.

Further, Plaintiff cannot establish specific (or general) jurisdiction over PeopleReady on the basis of alleged conduct in California by the other defendants.  As discussed above, "the jurisdictional facts shown must pertain to *each separate nonresident defendant*," and the acts of one party "cannot be imputed to [others] … for the purpose of assuming personal jurisdiction over them."  *Auto. Antitrust Cases*, 135 Cal. App. 4th at 110 (emphasis added); *Deal*, 86 Cal. App. 3d at 901 (emphasis added). Instead, "personal jurisdiction over any non-resident individual must be premised upon

1    forum-related acts *personally committed by the individual*." *Id.* (emphasis added).

2         At the end of the day, there is simply no connection between PeopleReady, the

3    State of California, and Plaintiff's claims, and the "traditional conception of fair play and

4    substantial justice" formulated by the Supreme Court long ago therefore precludes

5    jurisdiction over PeopleReady here. *See, International Shoe*, 326 U.S. at 320.

6    **IV.    CONCLUSION**

7         In accordance with the foregoing, PeopleReady requests that this Court grant its

8    motion to quash service of summons and dismiss it from this case with prejudice.

9

10    DATED:  November 23, 2022                    **ONGARO PC**

11

12        By: _____

13           David R. Ongaro
       Carey A. James

13           Mojdeh F. Bowers
       Attorneys for Defendant PeopleReady,

14           Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>PROOF OF SERVICE</u>

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 1604 Union Street, San Francisco, CA 94123.

On November 23, 2022, I served a true and correct copy of the document described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PEOPLEREADY, INC,'S MOTION TO QUASH SERVICE OF SUMMONS**

on the interested parties in this action as follows:

Douglas N. Silverstein
Lauren J. Morrison
Niki Akhaveissy
KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.
925 Sunset Boulevard, Suite 411
Los Angeles, Calfiornia 90069-3309
Tel: (310) 273-3180
Fax: (310) 273-6137
Email: dsilverstein@californialaborlawattorney.com
lmorrison@californialaborlawattorney.com
nakhaveissy@californialaborlawattorney.com

*Counsel for Plaintiff*

**[X] SERVICE BY UNITED STATES MAIL:** I enclosed the document listed above in a sealed envelope addressed to the persons at the address listed herein and placed the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the practice of this business for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 23, 2022, at San Francisco, California.

Christine M. Gill

DAVID R. ONGARO, State Bar No. 154698
dongaro@ongaropc.com
CAREY A. JAMES, State Bar No. 269270
cjames@ongaropc.com
MOJDEH F. BOWERS, State Bar No. 324404
mbowers@ongaropc.com
ONGARO PC
1604 Union Street
San Francisco, CA 94123
Telephone: (415) 433-3900
Facsimile: (415) 433-3950

Attorneys for Defendant
PEOPLEREADY, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| TAYAH MOLCHANOFF, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SOLV ENERGY, LLC, a California Limited Liability Company; SWINERTON RENEWABLE ENERGY, Inc., a Delaware Corporation; PEOPLE READY INC., a Washington Corporation; ROBERTO DUARTE ALDABA, an individual; and DOES 1 through 60, inclusive,<br><br>Defendants. | Case No. 37-2022-00036803-CU-WT-CTL<br><br>**[PROPOSED] ORDER TO QUASH SERVICE OF SUMMONS**<br><br>Dept:   C-64<br>Judge:  John S. Meyer<br>Date:   March 24, 2023<br>Time:   10:30 A.M. |

[PROPOSED] ORDER

**[PROPOSED] ORDER**

The Court, having considered the Notice of Motion and Motion to Quash Service of Summons ("Motion") filed by defendant PeopleReady, Inc. ("PeopleReady"), the Memorandum of Points and Authorities in support of said Motion, the Declaration of Jon Thumann, PeopleReady's Request for Judicial Notice and all accompanying exhibits; after hearing arguments of counsel; and finding good cause therefore,

IT IS HEREBY ORDERED THAT:

1.      PeopleReady's Request for Judicial Notice is **GRANTED**;

2.      PeopleReady's Motion is **GRANTED**;

3.      PeopleReady is hereby dismissed from the above-captioned action with prejudice.

**IT IS SO ORDERED.**


DATED: _____


_____

_____

Hon. John S. Meyer

[PROPOSED] ORDER

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

      At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 1604 Union Street, San Francisco, CA 94123.

      On November 23, 2022, I served a true and correct copy of the document described as:

**[PROPOSED] ORDER TO QUASH SERVICE OF SUMMONS**

on the interested parties in this action as follows:

    Douglas N. Silverstein
    Lauren J. Morrison
    Niki Akhaveissy
    KESLUK, SILVERSTEIN, JACOB &
    MORRISON, P.C.
    925 Sunset Boulevard, Suite 411
    Los Angeles, Calfiornia 90069-3309
    Tel: (310) 273-3180
    Fax: (310) 273-6137
    Email:
    dsilverstein@californialaborlawattorney.com
    lmorrison@californialaborlawattorney.com
    nakhaveissy@californialaborlawattorney.com

*Counsel for Plaintiff*

**[X] SERVICE BY UNITED STATES MAIL:** I enclosed the document listed above in a sealed envelope addressed to the persons at the address listed herein and placed the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the practice of this business for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 23, 2022, at San Francisco, California.

_____
Christine M. Gill

Case No. RG21092909
PROOF OF SERVICE

1  DAVID R. ONGARO, State Bar No. 154698
   dongaro@ongaropc.com
2  CAREY A. JAMES, State Bar No. 269270
   cjames@ongaropc.com
3  MOJDEH F. BOWERS, State Bar No. 324404
   mbowers@ongaropc.com
4  ONGARO PC
   1604 Union Street
5  San Francisco, CA 94123
   Telephone: (415) 433-3900
6  Facsimile: (415) 433-3950

7  Attorneys for Defendant
   PEOPLEREADY, INC.
8

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**11/23/2022** at 07:20:00 PM
Clerk of the Superior Court
By Elizabeth Reyes,Deputy Clerk

9

10             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                       **COUNTY OF SAN DIEGO**

12  TAYAH MOLCHANOFF, an individual,        Case No. 37-2022-00036803-CU-WT-CTL

13                  Plaintiff,              **REQUEST FOR JUDICIAL NOTICE
                                           IN SUPPORT OF PEOPLEREADY,**
14         v.                              **INC.'S MOTION TO QUASH
                                           SERVICE OF SUMMONS**
15  SOLV ENERGY, LLC, a California
    Limited Liability Company; SWINERTON   Dept:   C-64
16  RENEWABLE ENERGY, Inc., a              Judge:  John S. Meyer
    Delaware Corporation; PEOPLE READY     Date:   March 24, 2023
17  INC., a Washington Corporation;        Time:   10:30 A.M.
    ROBERTO DUARTE ALDABA, an
18  individual; and DOES 1 through 60,
    inclusive,
19
                   Defendants.
20

21

22

23

24

25

26

27

28

1    Pursuant to California Evidence Code §§ 450, 451, 452, and 453 and California

2  Rule of Court 3.1306(a), defendant PeopleReady, Inc. ("PeopleReady") requests that this

3  Court take judicial notice of the following documents, true and correct copies of which are

4  attached to this request:

5    1.    California Secretary of State business profile entry for PeopleReady.  A true

6  and correct copy of this document is attached hereto as **Exhibit A**.  This document is

7  judicially noticeable as an act of an executive department of the State of California.  *See,*

8  Cal. Evid. Code § 452(c); *Rubinstein v. Fakheri* (2020) 49 Cal.App.5th 797, 804

9  (observing trial court's judicial notice of California Secretary of State documents);

10  *Dunsmore v. San Diego County Sheriff's Department* (S.D. Cal., Sept. 27, 2022) 2022 WL

11  4488007, at *2 (taking judicial notice of California Secretary of State business profile

12  under FRE).

13    2.    Information, *State of Utah v. Roberto Duarte Aldaba*, Carbon County, State

14  of Utah, No. D20-0430, dated February 10, 2021.  A true and correct copy of this

15  document is attached hereto as **Exhibit B**.  This document is judicially noticeable as a

16  record of a state court.  *See,* Cal. Evid. Code § 452(d); *Arce v. Kaiser Foundation Health*

17  *Plan, Inc.,* 181 Cal. App. 4th 471, 483 (2010) (taking judicial notice of court records).

18    Based upon the foregoing, PeopleReady respectfully requests that this Court take

19  judicial notice of the documents described above and attached as exhibits hereto.

20

21

22  DATED:  November 23, 2022        **ONGARO PC**

23

24        By: _____

25          David R. Ongaro
          Carey A. James
26          Mojdeh F. Bowers
          Attorneys for Defendant PeopleReady,
          Inc.

27

28

REQUEST FOR JUDICIAL NOTICE

# EXHIBIT A

California
*Secretary of State*

Business    UCC

Login

## Business Search

PEOPLEREADY, INC. (3898306)

Home

Search



Request
Certificate

Forms

Help

The California Business Search provides
access to available information for
**corporations**, **limited liability companies**
and **limited partnerships** of record with
the California Secretary of State, with **free
PDF copies** of over 17 million imaged
business entity documents, including the
most recent imaged Statements of
Information filed for Corporations and
Limited Liability Companies.

| | |
|---|---|
| *Initial Filing Date* | 04/19/2016 |
| *Status* | Active |
| *Standing - SOS* | Good |
| *Standing - FTB* | Good |
| *Standing - Agent* | Good |
| *Standing - VCFCF* | Good |
| *Formed In* | WASHINGTON |
| *Entity Type* | Stock Corporation - Out of State - Stock |
| *Principal Address* | 1015 A STREET TACOMA, WA 98402 |
| *Mailing Address* | PO BOX 2910 TACOMA, WA 98401 |
| *Statement of Info Due Date* | 04/30/2023 |
| *Agent* | 1505 Corporation 538 CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE 2710 GATEWAY OAKS DR STE 150N SACRAMENTO, CA 95833 |

Currently, information for Limited Liability
Partnerships (e.g. law firms, architecture
firms, engineering firms, public accountancy
firms, and land survey firms), General
Partnerships, and other entity types are **not
contained** in the California Business
Search. If you wish to obtain information
about LLPs and GPs, submit a Business
Entities Order paper form to request copies
of filings for these entity types. Note: This
search is not intended to serve as a name
reservation search. To reserve an entity
name, select Forms on the left panel and
select Entity Name Reservation ?
Corporation, LLC, LP.



View History



Request Access

### Basic Search

A Basic search can be performed using
an entity name or entity number. When
conducting a search by an entity
number, where applicable, **remove "C"**
from the entity number. Note, **a basic
search** will search **only ACTIVE entities**
(Corporations, Limited Liability
Companies, Limited Partnerships,
Cooperatives, Name Reservations,
Foreign Name Reservations,
Unincorporated Common Interest
Developments, and Out of State
Associations). The basic search performs
a contains ?keyword? search. The
Advanced search allows for a ?starts
with? filter. To search entities that have a
status other than active or to refine
search criteria, use the **Advanced** search
feature.

### Advanced Search

An Advanced search is required when
searching for publicly traded disclosure
information or a status other than

Skip to main content    State

Page 88 of 188

**California**
*Secretary of State*

Home

Search

Forms

Help

Business    UCC

Login

searching by ?begins with? specific
search criteria.

*Disclaimer:* Search results are limited to
the 500 entities closest matching the
entered search criteria. If your desired
search result is not found within the 500
entities provided, please refine the search
criteria using the Advanced search function
for additional results/entities. The California
Business Search is updated as documents
are approved. The data provided is not a
complete or certified record.

*Although every attempt has been made to
ensure that the information contained in
the database is accurate, the Secretary of
State's office is not responsible for any loss,
consequence, or damage resulting directly
or indirectly from reliance on the accuracy,
reliability, or timeliness of the information
that is provided. All such information is
provided "as is." To order certified copies or
certificates of status, (1) locate an entity
using the search; (2)select Request
Certificate in the right-hand detail drawer;
and (3) complete your request online.*



peopleready 🔍

Advanced ⌄

Results: 1

| Entity Information ⇅ | Initial Filing Date ⇅ | Status ⇅ |
| --- | --- | --- |
| PEOPLEREADY, INC. (3898306) › | 04/19/2016 | Active |

## PEOPLEREADY, INC. (3898306)



Request
Certificate

| | |
| --- | --- |
| *Initial Filing Date* | 04/19/2016 |
| *Status* | Active |
| *Standing - SOS* | Good |
| *Standing - FTB* | Good |
| *Standing - Agent* | Good |
| *Standing - VCFCF* | Good |
| *Formed In* | WASHINGTON |
| *Entity Type* | Stock Corporation - Out of State - Stock |
| *Principal Address* | 1015 A STREET TACOMA, WA 98402 |
| *Mailing Address* | PO BOX 2910 TACOMA, WA 98401 |
| *Statement of Info Due Date* | 04/30/2023 |
| *Agent* | 1505 Corporation 538 CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE 2710 GATEWAY OAKS DR STE 150N SACRAMENTO, CA 95833 |



View History





Request Access



# EXHIBIT B

DOMINIQUE KIAHTIPES #16696
Deputy County Attorney
751 East 100 North, Suite 2200
Price, Utah 84501
(435) 636-3240

IN THE SEVENTH DISTRICT COURT
CARBON COUNTY, STATE OF UTAH

| | | |
|---|---|---|
| THE STATE OF UTAH | | INFORMATION |
| Plaintiff, | | D20-0430 |
| vs. | | Criminal No. |
| ROBERTO DUARTE ALDABA<br>12240 Dern Ave<br>Boron CA 93516<br>DOB: 01/24/1984 | | |
| Defendant. | | |

COMES NOW, Carbon County Attorney and states on information and belief that the above-named defendant committed the following crime(s):

DATE:      On or about September 13, 2020

PLACE:    Carbon County, State of Utah

COUNT 1:  FORCIBLE SEXUAL ABUSE, Second Degree Felony, in violation of Section 76-5-404, Utah Code Annotated, 1953, as amended, in that the said defendant, at the time and place aforesaid, did , where the victim was 14 years of age or older, touch the anus, buttocks, or any part of the genitals of another, or touch the breasts of a female, or otherwise took indecent liberties with the actor or another, with intent to cause substantial emotional or bodily pain to any person or with the intent to arouse or gratify the sexual desires of any person, without the consent of the other, regardless of the sex of any participant.

PROBABLE CAUSE STATEMENT

On or about September 13, 2020, in Carbon County, Utah, Defendant and Victim were drinking amongst colleagues at a local bar. After the bar closed for the evening, Victim, Defendant, and two others decided to rent a hotel suite for the evening as they are not from this area. Once in the suite, the Defendant and Victim remained talking in the living room while the two others went to sleep in the bedroom. While the two were talking, Defendant began making sexual advances toward the Victim, including trying to kiss and touch Victim. Victim responded by saying "no" and pushing Defendant away. Defendant lunged at Victim, kissing her lips, neck, and breasts, and Victim froze. Defendant then penetrated her vaginally with his fingers. Victim was eventually able to get away and went into the bedroom with the other two individuals.

When Victim reported to law enforcement, officers were unsuccessful in locating the Defendant. After multiple attempts, officers were finally able to speak with Defendant over the telephone. Defendant talked about him and Victim doing "sexual things" but did not say what those things were. When asked about Victim, Defendant responded that Victim never told him she did not want to nor did she push him away, and if she had said no, someone would have heard if she said no. Law enforcement had previously followed up with one of the two other individuals, whom of which told law enforcement Victim had come into the bedroom about one

**INFORMATION**
PAGE 2
D20-0430

hour after renting the suite, and Victim wanted to leave. Victim ended up staying in the bedroom with the other two individuals until morning.

Contrary to the provisions of the aforesaid statute, and against the peace and dignity of the State of Utah.

THIS INFORMATION is based on evidence obtained from the following witnesses: Nicholas Bates/ OTN _____ & ppd20200927

DATED: February 10, 2021.

*/s/ Dominique Kiahtipes*
Deputy County Attorney

DK/dk 2/10/2021

**<u>PROOF OF SERVICE</u>**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is 1604 Union Street, San Francisco, CA 94123.

On November 23, 2022, I served a true and correct copy of the document described as:

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PEOPLEREADY, INC.'S MOTION TO QUASH SERVICE OF SUMMONS**

on the interested parties in this action as follows:

Douglas N. Silverstein
Lauren J. Morrison
Niki Akhaveissy
KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.
925 Sunset Boulevard, Suite 411
Los Angeles, Calfiornia 90069-3309
Tel: (310) 273-3180
Fax: (310) 273-6137
Email:
dsilverstein@californialaborlawattorney.com
lmorrison@californialaborlawattorney.com
nakhaveissy@californialaborlawattorney.com

***Counsel for Plaintiff***

**[X] SERVICE BY UNITED STATES MAIL:**  I enclosed the document listed above in a sealed envelope addressed to the persons at the address listed herein and placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with the practice of this business for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on November 23, 2022, at San Francisco, California.

Christine M. Gill

# Exhibit 5

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Douglas N. Silverstein, Esq. (SBN 181957)<br>Lauren Morrison, Esq. (SBN 266135), Niki Akhaveissy (SBN 343996)<br>KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.<br>9255 Sunset Boulevard, Suite 411<br>Los Angeles, California 90069<br>TELEPHONE NO.: (310) 273-3180    FAX NO. *(Optional):* (310) 273-6137<br>E-MAIL ADDRESS *(Optional):* lmorrison@californialaborlawattorney.com<br>ATTORNEY FOR *(Name):* Tayah Molchanoff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego |
|---|
| STREET ADDRESS: 330 W. Broadway |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Diego, CA 92101 |
| BRANCH NAME: Central |

| PLAINTIFF/PETITIONER: TAYAH MOLCHANOFF |
|---|
| DEFENDANT/RESPONDENT: SOLV ENERGY, LLC, et al. |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2022-00036803-CU-WT-CTL |
|---|---|

TO *(insert name of party being served):* Swinerton Builders, CA corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: October 21, 2022

Michael Bew

(TYPE OR PRINT NAME)                         ► _____ (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [x] A copy of the summons and of the complaint.
2. [x] Other: *(specify):* Notice of Case Assignment and Civil Case Management Conference; Civil Case Cover Sheet; Amendment to Complaint Naming Doe 1; Stipulation to Use Alternative Dispute Resolution (ADR)

*(To be completed by recipient):*

Date this form is signed:

James A. Goodman attorney for Swinerton Builders, CA corporation   ► 

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,<br>ON WHOSE BEHALF THIS FORM IS SIGNED)                    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF<br>ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

# Exhibit 6

1  James A. Goodman (SBN 89715)
   Story E. Cunningham-White (SBN 301182)
2  EPSTEIN BECKER & GREEN, P.C.
   1925 Century Park East, Suite 500
3  Los Angeles, CA 90067
   Telephone: (310) 556-8861
4  Facsimile:  (310)-553-2165
   jgoodman@ebglaw.com
5  scunningham@ebglaw.com

6
   Attorneys for Defendant
7  SWINERTON RENEWABLE ENERGY, INC.

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**01/04/2023** at 01:59:00 PM
Clerk of the Superior Court
By Gabriel Lopez,Deputy Clerk

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **FOR THE COUNTY OF SAN DIEGO**

10

11  TAYAH MOLCHANOFF, an individual,          Case No.: 37-2022-00036803-CU-WT-CTL

12                        Plaintiff,           *Assigned to John S. Meyer, Dept. C-64*

13           vs.

14  SOLV ENERGY, LLC, a California limited    **DEFENDANT SWINERTON BUILDERS**
    liability company; SWINERTON            **ANSWER TO PLAINTIFF'S**
15  RENEWABLE ENERGY, INC., a Delaware        **UNVERIFIED COMPLAINT**
    corporation; PEOPLE READY, INC., a
16  Washington corporation; ROBERTO
    DUARTE ALDABA, an individual; and
17  DOES 1 through 60, inclusive,
                                              Complaint Filed: September 14, 2022
18                        Defendants.

19

20        **TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

21        Defendant Swinerton Builders erroneously sued as Swinerton Renewable Energy, Inc

22  ("Defendant") hereby submits this Answer in response to the unverified Complaint of Plaintiff

23  Tayah Molchanoff ("Plaintiff") and alleges as follows:

24                      **GENERAL DENIAL TO COMPLAINT**

25        Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally and

26  specifically denies each and every allegation contained in Plaintiff's unverified Complaint.

27  Defendant further generally and specifically denies that Plaintiff has incurred damages in any

28

                                    - 1 -

1   amount whatsoever, and generally and specifically denies that Plaintiff is entitled to punitive

2   damages in any amount.

### AFFIRMATIVE DEFENSES

4       Defendant submits the following affirmative defenses to the Complaint, and each and

5   every cause of action, claim or common count alleged therein, without assuming or undertaking

6   any burden, or burdens of proof, not otherwise assigned to them by law:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

9       1.      Plaintiff's claims fail to state facts sufficient to constitute any cause of action

10  against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Workers' Compensation)

13      2.      Plaintiff is barred from seeking any damages for purported physical, mental or

14  emotional injuries allegedly suffered as a result of their employment in that the sole and exclusive

15  remedy in this respect is and was governed by the California Workers' Compensation Act and

16  California Labor Code §§ 3200-4627.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

19      3.      Plaintiff has failed and neglected to use reasonable care to minimize and mitigate

20  her alleged damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

23      4.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of

24  limitations, including, but not limited to California Code of Civil Procedure § 335.1, California

25  Government Code §§ 12940, 12960, *et seq.* and 12965.

26

27

28

- 2 -

SWINERTON RENEWABLE ENERGY, INC.'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

**FIFTH AFFIRMATIVE DEFENSE**

2

**(Consent)**

3       5.       Any recovery on the Complaint, or any cause of action or purported cause of action

4   alleged therein, is barred on the grounds that Plaintiff consented to the conduct challenged therein.

5

**SIXTH AFFIRMATIVE DEFENSE**

6

**(Manager's Privilege)**

7       6.       Some or all of Plaintiff's claims are barred by the manager's privilege.

8

**SEVENTH AFFIRMATIVE DEFENSE**

9

**(Business Judgment)**

10      7.       Defendant's actions with respect to Plaintiff were a legitimate exercise of

11   Defendant's business judgment which Plaintiff cannot invade.

12

**EIGHTH AFFIRMATIVE DEFENSE**

13

**(Lack of Authorization or Ratification)**

14      8.       Plaintiff is not entitled to recover the punitive damages alleged in the Complaint

15   because Defendant did not authorize or ratify the acts alleged in the Complaint.

16

**NINTH AFFIRMATIVE DEFENSE**

17

**(Estoppel)**

18      9.       By reason of her own conduct, actions or inaction, Plaintiff is estopped from

19   asserting the claims set forth in her Complaint and therefore is barred, in whole or in part, from

20   the relief sought therein.

21

**TENTH AFFIRMATIVE DEFENSE**

22

**(Good Faith)**

23      10.      Some or all of Plaintiff's claims are barred because, at all times, Defendant acted

24   in good faith.

25

**ELEVENTH AFFIRMATIVE DEFENSE**

26

**(Unclean Hands)**

27      11.      Some or all of Plaintiff's claims are barred by the doctrine of unclean hands based

28   on Plaintiff's inequitable and bad faith conduct.

- 3 -

FIRM:57544957v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver)

12.     Plaintiff's claims are barred in whole or in part on the ground that his claims are subject to the doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

13.     The First Amended Complaint and each cause of action set forth there are barred by the equitable doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Actual or Constructive Knowledge)

14.     Defendant lacks actual or constructive knowledge of the conduct alleged in the Complaint or of any alleged wrongdoing by any other persons.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff and Others as Cause)

15.     Plaintiff is barred from claiming any injuries or damages because such injuries and damages were the sole, direct and proximate result of Plaintiff's conduct or that of others.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

16.     Some or all of Plaintiff's claims are barred because she failed to exhaust her administrative remedies under the Fair Employment and Housing Act, California Government Code § 12900, et seq., which is a jurisdictional requirement to proceed with these claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

17.     Any acts or omissions to act by Defendant were not the proximate cause of any injury suffered by Plaintiff.

- 4 -

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2

### (Offset)

3

    18.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged

4

therein, is barred, in whole or in part, because Defendant is entitled to an offset for any monies

5

Plaintiff received from any source after Plaintiff ceased to be employed by Defendant consistent

6

with the common law doctrine of offset and the doctrine prohibiting double recovery set forth

7

under <u>Witt v. Jackson</u> (1961) 57 Cal.2d 57 and its progeny.

8

## NINETEENTH AFFIRMATIVE DEFENSE

9

### (After-Acquired Evidence)

10

    19.    The Complaint is limited or subject to an absolute bar as to recoverable damages

11

based on after-acquired evidence that Defendant has presently and/or may acquire during the

12

course of this litigation.

13

## TWENTIETH AFFIRMATIVE DEFENSE

14

### (Scope of Employment)

15

    20.    Defendant cannot be held vicariously liable for the conduct alleged in Plaintiff's

16

Complaint because such conduct, if true, was outside the course and scope of the employment of

17

the individual who allegedly engaged in such conduct.

18

## TWENTY-FIRST AFFIRMATIVE DEFENSE

19

### (Limitation on Damages)

20

    21.    Defendant's liability, if any, for non-economic damages claimed by Plaintiff is

21

limited by California Civil Code §§ 1431.1, <u>et seq</u>.

22

## TWENTY-SECOND AFFIRMATIVE DEFENSE

23

### (No Scienter)

24

    22.    At all times, Defendant acted in good faith and without the requisite scienter.

25

26

27

28

- 5 -

FIRM:57544957v1

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons)

23.    Defendant's actions were for legitimate business reasons made in good faith and were not based upon a violation of public policy or other factors protected by law, including Plaintiff's alleged protected activity.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Motivating Factor)

24.    Any recovery on Plaintiff's Complaint, or any cause of action alleged therein, is barred in that Plaintiff's alleged protected activity was not a motivating factor in any action or employment decisions made concerning Plaintiff.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Notice of Discrimination, Harassment or Retaliation)

25.    Plaintiff's claims are barred because Defendant did not receive notice from Plaintiff that any individual allegedly had engaged in any discriminatory, harassing or retaliatory conduct directed against or toward Plaintiff, and Plaintiff unreasonably failed to complain of any unlawful conduct and/or take advantage of the preventative or corrective opportunities available and/or otherwise avoid harm.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Policies Prohibiting Discrimination, Harassment and Retaliation)

26.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred, in whole or in part, because Defendant maintained policies prohibiting unlawful conduct and promoting a work environment free from discrimination, harassment and retaliation.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

27.    Although Defendant denies that it committed or has responsibility for any act that could support the recovery of damages in this lawsuit, if any, to the extent Plaintiff was discriminated against or subjected to any other alleged unlawful employment practice, Plaintiff is barred from recovering any damages under the avoidable consequences doctrine. Defendant

took reasonable steps to prevent and correct workplace discrimination and harassment, Plaintiff unreasonably failed to utilize Defendant's preventative and corrective measures and reasonable use of Defendant's preventative and corrective measures would have prevented at least some of the harm Plaintiff allegedly suffered.    <u>Department of Health Services v. Superior Court</u> (<u>McGinnis</u>) (2000) 31 Cal.4th 1026.

<b><u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u></b>

<b><u>(Speculative Damages)</u></b>

28.    As to each and every cause of action set forth in Plaintiff's Complaint, Defendant is informed and believes, and based thereon alleges, that the damages prayed for are speculative and unforeseeable, and, therefore, Plaintiff is barred from recovery.

<b><u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u></b>

<b><u>(Unjust Enrichment)</u></b>

29.    As to each and every cause of action set forth in Plaintiff's Complaint, Defendant is informed and believes, and based thereon alleges, that granting Plaintiff's prayer for relief would unjustly enrich Plaintiff, as Plaintiff would be receiving more than to which she is entitled.

<b><u>THIRTIETH AFFIRMATIVE DEFENSE</u></b>

<b><u>(Forum Non Conveniens)</u></b>

30.    This Court should exercise its discretion to dismiss Plaintiff's Complaint because the jurisdiction in which the Complaint was filed is not the appropriate forum in that, in part, all of the allegedly unlawful conduct occurred in the State of Utah.

<b><u>THIRTY-FIRST AFFIRMATIVE DEFENSE</u></b>

<b><u>(Inapplicable Law/Jurisdiction )</u></b>

31.    Since none of allegedly unlawful conduct occurred in California and such conduct was not ratified by Defendant in California the California, the Fair Employment and Housing Act is inapplicable and the Court does not have jurisdiction to adjudicate these claims.

SWINERTON RENEWABLE ENERGY, INC.'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

FIRM:57544957v1

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Additional Defenses)

32.    Defendant hereby gives notice that it intends to rely upon any other defenses that may become available or appear during the discovery proceedings in this case, and hereby reserves the right to amend its answer to assert any such defenses.

**WHEREFORE,** Defendant respectfully requests that:

1.    Plaintiff take nothing by her Complaint;

2.    Judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.    Defendant be awarded costs of suit and attorneys' fees herein; and

4.    For such other and further relief as the Court deems just and proper.

DATED: January 4, 2023                    EPSTEIN BECKER & GREEN, P.C.

                                    By: _____
                                        James A. Goodman
                                        Story E. Cunningham-White

                                        Attorneys for Defendant
                                        SWINERTON RENEWABLE ENERGY, INC.

- 8 -

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

1.  At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.  My business address is 1925 Century Park East, Suite 500, Los Angeles, CA 90067.

3.  I served copies of the following documents (*specify the exact title of each document served*):

**DEFENDANT SWINERTON RENEWABLE ENERGY, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

Douglas N. Silverstein, Esq.                    *Attorneys for Plaintiff*
Lauren J. Morrison, Esq.                         *TAYAH MOLCHANOFF*
Niki Akhaveissy, Esq.
KESLUK, SILVERSTEIN & JACOB, PC
9255 Sunset Blvd., Suite 411
Los Angeles, CA 90069-3309
T: (310) 273-3180 | F: (310) 273-6137
dsilverstein@californialaborlawattorney.com
lmorrison@californialaborlawattorney.com
nakhaveissy@californialaborlawattorney.com

5.  a. ☐ **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4.

   b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

   c. ☐ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

   d. ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

- 9 -

FIRM:57544957v1

e.  ☐ **By e-mail or electronic transmission.**  Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4.  I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

f.  ☒ **By e-mail or electronic transmission.** Pursuant to Code of Civil Procedure section 1010.6, subdivisions (a)(2)(A)(ii) and (e), I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6.     I served the documents by the means described in item 5 on (*date*): **January 4, 2023**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_01/04/2023_____          _Brooke Scott_____          _____
DATE                                      (TYPE OR PRINT NAME)                   (SIGNATURE OF DECLARANT)

## **DECLARATION OF MESSENGER**

☐      **By personal service.**  I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4.  I delivered the documents on the date shown below to the persons and addresses listed in item 4.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.  (2) For a party delivery that was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age.  I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on (*date*): _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____          _____          _____
DATE                                      (TYPE OR PRINT NAME)                   (SIGNATURE OF DECLARANT)

- 10 -

SWINERTON RENEWABLE ENERGY, INC.'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

FIRM:57544957v1

# Exhibit 7

**CM-110**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>James A. Goodman (SBN 89715);   Story E. Cunningham-White (SBN 301182)<br>EPSTEIN, BECKER & GREEN, P.C.<br>1925 Century Park East, Suite 500<br>Los Angeles, CA 90067-2506<br>TELEPHONE NO.: 310-556-8861          FAX NO. *(Optional):* 310-553-2165<br>E-MAIL ADDRESS: jgoodman@ebglaw.com; scunningham@ebglaw.com<br>ATTORNEY FOR *(Name):* Defendant SWINERTON RENEWABLE ENERGY, INC. | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**02/01/2023** at 03:09:00 PM<br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS: 330 W Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Hall of Justice

PLAINTIFF/PETITIONER: Tayah Molchanoff

DEFENDANT/RESPONDENT: Solv Energy, LLC, et al.

| CASE MANAGEMENT STATEMENT<br>*(Check one):*  ☒ UNLIMITED CASE (Amount demanded exceeds $25,000)   ☐ LIMITED CASE (Amount demanded is $25,000 or less) | CASE NUMBER:<br>37-2022-00036803-CU-WT-CTL |
|---|---|

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: February 17, 2023     Time: 9:45 a.m.     Dept.: C-64     Div.:          Room:
Address of court *(if different from the address above):*

☒ **Notice of Intent to Appear by Telephone, by** *(name):* Story E. Cunningham-White

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒ This statement is submitted by party *(name):* Defendant Swinerton Renewable Energy, Inc.
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☒ complaint ☐ cross-complaint *(Describe, including causes of action):* Sexual harassment, retaliation, failure ot maintain an environment free from retaliation, harassment and discrimination, failure to investigate harassment, wrongful termination in violation of public policy.

**Page 1 of 5**

CM-110

| PLAINTIFF/PETITIONER: Tayah Molchanoff | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Solv Energy, LLC, et al. | 37-2022-00036803-CU-WT-CTL |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff alleges that she was sexually assaulted by a supervisor, complained, and was terminated due to her alleged complaints Defendant denies any wrongdoing.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☐ a jury trial   ☒ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
10/3/23 to 10/6/23 (arbitration); 11/6/23 to 11/14/23 (trial); 12/11/23 to 12/14/23 (arbitration); 1/8/24 to 1/19/24 (arbitration); 4/15/24 to 4/19/24 (arbitration)

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☒ days *(specify number):* 5

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:                    f. Fax number:

e. E-mail address:                         g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel   ☒ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party   ☐ has   ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER: Tayah Molchanoff | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Solv Energy, LLC, et al. | 37-2022-00036803-CU-WT-CTL |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☒ | ☒ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CM-110**

| PLAINTIFF/PETITIONER: Tayah Molchanoff | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Solv Energy, LLC, et al. | 37-2022-00036803-CU-WT-CTL |

**11. Insurance**

    a. ☒ Insurance carrier, if any, for party filing this statement *(name):* Tokio Marine HCC

    b. Reservation of rights: ☒ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☒ Other *(specify):* The alleged conduct occurred in Utah, so Califonia is not the proper forum for
Status: this action.

**13. Related cases, consolidation, and coordination**

    a. ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

        ☐ Additional cases are described in Attachment 13a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

    ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Defendant, motion to dismiss based on California as an improper forum
Defendant, motion for summary judgment and/or summary adjudication

**16. Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Written Discovery | Per Code |
| Defendant | Depositions | Per Code |
| Defendant | Expert Discovery | Per Code |

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110 [Rev. September 1, 2021]

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: Tayah Molchanoff | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Solv Energy, LLC, et al. | 37-2022-00036803-CU-WT-CTL |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):*  0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: February 1, 2023

Story E. Cunningham-White

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

1    **PROOF OF SERVICE**

2    **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3    1.   At the time of service I was at least 18 years of age and **not a party to this legal action**.

4    2.   My business address is 1925 Century Park East, Suite 500, Los Angeles, CA 90067.

5    3.   I served copies of the following documents (*specify the exact title of each document served*):

6
7    **DEFENDANT SWINERTON RENEWABLE ENERGY, INC.'S
     CASE MANAGEMENT STATEMENT**

8    4.   I served the documents listed above in item 3 on the following persons at the addresses listed:

Douglas N. Silverstein, Esq.                    *Attorneys for Plaintiff*
9    Lauren J. Morrison, Esq.                    *TAYAH MOLCHANOFF*
     Niki Akhaveissy, Esq.
10   KESLUK, SILVERSTEIN & JACOB, PC
     9255 Sunset Blvd., Suite 411
11   Los Angeles, CA 90069-3309
12   T: (310) 273-3180 | F: (310) 273-6137
     dsilverstein@californialaborlawattorney.com
13   lmorrison@californialaborlawattorney.com
     nakhaveissy@californialaborlawattorney.com
14   mbew@californialaborlawattorney.com

15
     Roger M. Mansukhani, Esq.                   *Attorneys for Defendant*
16   Alexander T. Marx, Esq.                     *SOLV ENERGY, LLC*
     GORDON REES SCULLY MANSUKHANI
17   3200 Guasti Road, Suite 100
     Ontario, CA 91761
18   T: (909) 554-4224
19   rmansukhani@grsm.com
     amarx@grsm.com
20   emartinez@grsm.com

21
     David R. Ongaro, Esq.                       *Attorneys for Defendant*
22   Carey A. James, Esq.                        *PEOPLE READY, INC.*
     Mojdeh F. Bowers, Esq.
23   ONGARO, P.C.
24   1604 Union Street
     San Francisco, CA 91423
25   T: (415) 433-3900 | F: (415) 433-3950
     dongaro@ongaropc.com
26   cjames@ongaropc.com
27   mbowers@ongaropc.com

28   5.   a. ☐ **By personal service**.  I personally delivered the documents on the date shown below
           to the persons at the addresses listed above in item 4.

- 6 -
DEFENDANT SWINERTON'S CASE MANAGEMENT STATEMENT

b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

c. ☐ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

f. ☒ **By e-mail or electronic transmission.** Pursuant to Code of Civil Procedure section 1010.6, subdivisions (a)(2)(A)(ii) and (e), I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6.  I served the documents by the means described in item 5 on (*date*): **February 1, 2023**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 02/01/2023 | Brooke Scott | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

- 7 -
DEFENDANT SWINERTON'S CASE MANAGEMENT STATEMENT

**CM-110**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>James A. Goodman (SBN 89715);   Story E. Cunningham-White (SBN 301182)<br>EPSTEIN, BECKER & GREEN, P.C.<br>1925 Century Park East, Suite 500<br>Los Angeles, CA 90067-2506<br>TELEPHONE NO.: 310-556-8861          FAX NO. *(Optional):* 310-553-2165<br>E-MAIL ADDRESS: jgoodman@ebglaw.com; scunningham@ebglaw.com<br>ATTORNEY FOR *(Name):* Defendant SWINERTON RENEWABLE ENERGY, INC. | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**02/03/2023** at 04:41:00 PM<br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS: 330 W Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Hall of Justice

PLAINTIFF/PETITIONER: Tayah Molchanoff

DEFENDANT/RESPONDENT: Solv Energy, LLC, et al.

| | | |
|---|---|---|
| **AMENDED CASE MANAGEMENT STATEMENT** | | CASE NUMBER:<br>37-2022-00036803-CU-WT-CTL |
| *(Check one):*  ☒ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) | ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: February 17, 2023        Time: 9:45 a.m.        Dept.: C-64        Div.:        Room:

Address of court *(if different from the address above):*

☒  **Notice of Intent to Appear by Telephone, by** *(name):* Story E. Cunningham-White

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒  This statement is submitted by party *(name):* Defendant Swinerton Renewable Energy, Inc.
   b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint

      (1) ☐  have not been served *(specify names and explain why not):*

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐  have had a default entered against them *(specify names):*

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☒ complaint        ☐ cross-complaint        *(Describe, including causes of action):* Sexual harassment, retaliation, failure ot maintain an environment free from retaliation, harassment and discrimination, failure to investigate harassment, wrongful termination in violation of public policy.

**Page 1 of 5**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |

CM-110

| PLAINTIFF/PETITIONER: Tayah Molchanoff | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Solv Energy, LLC, et al. | 37-2022-00036803-CU-WT-CTL |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff alleges that she was sexually assaulted by a supervisor, complained, and was terminated due to her alleged complaints Defendant denies any wrongoing.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request ☐ a jury trial    ☒ a nonjury trial.    *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐  The trial has been set for *(date):*

b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
10/3/23 to 10/6/23 (arbitration); 11/6/23 to 11/14/23 (trial); 12/11/23 to 12/14/23 (arbitration); 1/8/24 to 1/19/24 (arbitration); 4/15/24 to 4/19/24 (arbitration)

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*
a.  ☒  days *(specify number):* 5
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial    ☒ by the attorney or party listed in the caption    ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                                        f.  Fax number:
e.  E-mail address:                                           g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**

☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel    ☒ has    ☐ has not    provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party    ☐ has    ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER: Tayah Molchanoff | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Solv Energy, LLC, et al. | 37-2022-00036803-CU-WT-CTL |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☒ | ☒ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110 [Rev. September 1, 2021]  **CASE MANAGEMENT STATEMENT**  Page 3 of 5

**CM-110**

| PLAINTIFF/PETITIONER: Tayah Molchanoff | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Solv Energy, LLC, et al. | 37-2022-00036803-CU-WT-CTL |

**11. Insurance**

a. ☐   Insurance carrier, if any, for party filing this statement *(name):* A coverage decision has not yet been made.

b.  Reservation of rights:  ☐ Yes  ☐ No

c. ☐   Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐   Bankruptcy   ☒ Other *(specify):* The alleged conduct occurred in Utah, so Califonia is not the proper forum for
Status:

**13. Related cases, consolidation, and coordination**

a. ☐   There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐   Additional cases are described in Attachment 13a.

b. ☐   A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party):*

**14. Bifurcation**

☐   The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☒   The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Defendant, motion to dismiss based on California as an improper forum
Defendant, motion for summary judgment and/or summary adjudication

**16. Discovery**

a. ☐   The party or parties have completed all discovery.

b. ☒   The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Written Discovery | Per Code |
| Defendant | Depositions | Per Code |
| Defendant | Expert Discovery | Per Code |

c. ☐   The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

---

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: Tayah Molchanoff | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Solv Energy, LLC, et al. | 37-2022-00036803-CU-WT-CTL |

**17. Economic litigation**

a. ☐  This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐  This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐  The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒  The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐  After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):*     0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: February 3, 2023

Story E. Cunningham-White
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

1.  At the time of service I was at least 18 years of age and **not a party to this legal action**.

4

2.  My business address is 1925 Century Park East, Suite 500, Los Angeles, CA 90067.

5

3.  I served copies of the following documents (*specify the exact title of each document served*):

6

7

**DEFENDANT SWINERTON RENEWABLE ENERGY, INC.'S CASE MANAGEMENT STATEMENT**

8

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

9

Douglas N. Silverstein, Esq.                  *Attorneys for Plaintiff*
Lauren J. Morrison, Esq.                       *TAYAH MOLCHANOFF*
Niki Akhaveissy, Esq.

10

KESLUK, SILVERSTEIN & JACOB, PC

11

9255 Sunset Blvd., Suite 411
Los Angeles, CA 90069-3309

12

T: (310) 273-3180 | F: (310) 273-6137
dsilverstein@californialaborlawattorney.com

13

lmorrison@californialaborlawattorney.com
nakhaveissy@californialaborlawattorney.com

14

mbew@californialaborlawattorney.com

15

16

Roger M. Mansukhani, Esq.                   *Attorneys for Defendant*
Alexander T. Marx, Esq.                        *SOLV ENERGY, LLC*

17

GORDON REES SCULLY MANSUKHANI
3200 Guasti Road, Suite 100

18

Ontario, CA 91761

19

T: (909) 554-4224
rmansukhani@grsm.com

20

amarx@grsm.com
emartinez@grsm.com

21

22

David R. Ongaro, Esq.                           *Attorneys for Defendant*
Carey A. James, Esq.                             *PEOPLE READY, INC.*

23

Mojdeh F. Bowers, Esq.
ONGARO, P.C.

24

1604 Union Street

25

San Francisco, CA 91423
T: (415) 433-3900 | F: (415) 433-3950

26

dongaro@ongaropc.com
cjames@ongaropc.com

27

mbowers@ongaropc.com

28

5.   a. ☐ **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4.

b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

c. ☐ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

f. ☒ **By e-mail or electronic transmission.** Pursuant to Code of Civil Procedure section 1010.6, subdivisions (a)(2)(A)(ii) and (e), I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6.    I served the documents by the means described in item 5 on (*date*): **February 3, 2023**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
|---|---|---|
| 02/03/2023 | Brooke Scott | *(signature)* |
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

DEFENDANT SWINERTON'S CASE MANAGEMENT STATEMENT

FIRM:57732080v1

# Exhibit 8

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| ROGER M. MANSUKHANI  (SBN:  164463)<br>ALEXANDER T. MARX  (SBN:  295624)<br>GORDON REES SCULLY MANSUKHANI, LLP<br>633 West Fifth Street, 52nd Floor, Los Angeles, CA  90071 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**02/02/2023** at 04:54:00 PM<br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |

TELEPHONE NO.: **(213) 576-5000**       FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):* amarx@grsm.com

ATTORNEY FOR *(Name):* Defendant SOLV ENERGY, LLC

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS: 330 W. Broadway

MAILING ADDRESS:

CITY AND ZIP CODE: San Diego, CA 92101

BRANCH NAME: Hall of Justice

PLAINTIFF/PETITIONER: TAYAH MOLCHANOFF

DEFENDANT/RESPONDENT: SOLV ENERGY, LLC et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☒ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | 37-2022-00036803-CU-WT-CTL |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: February 17, 2023       Time: 9:45 a.m.       Dept.: C-64       Div.:       Room:

Address of court *(if different from the address above):*

☒  **Notice of Intent to Appear by Telephone, by** *(name):* Alexander Marx

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒  This statement is submitted by party *(name):* Defendant SOLV ENERGY, LLC
   b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not):*
      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐  have had a default entered against them *(specify names):*
   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☒  complaint     ☐  cross-complaint       *(Describe, including causes of action):*
   Sexual Harassment in Violation of FEHA; Retaliation in Violation of FEHA; Failure to Maintain an Environment Free from Retaliation, Harassment and Discrimination; Failure to Investigate Harassment in Violation of FEHA; Wrongful Termination in Violation of Public Policy

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |

American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: TAYAH MOLCHANOFF | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SOLV ENERGY, LLC et al. | 37-2022-00036803-CU-WT-CTL |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Defendant denies liability and that Plaintiff is entitled to the requested relief, or any relief. Defendant's position is that California is not the proper forum for this matter, and the case should have been brought in Utah. Defendant intends to file a motion to dismiss or stay on the grounds of forum non conveniens shortly.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
   3/27/23-3/31/23; 4/10/23 - 4/14/23; 6/5/23-6/9/23; 6/26/23-6/28/23; 8/15/23-8/22/23; 10/23/23-11/3/23; 11/28/23-12/5/23; 2/20/24-2/27/24; 5/6/24-5/13/24; 7/29/24-8/2/24

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:                                          f. Fax number:
   e. E-mail address:                                            g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b. **Referral to judicial arbitration or civil action mediation** (if available).
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com


CM-110

| PLAINTIFF/PETITIONER: TAYAH MOLCHANOFF | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SOLV ENERGY, LLC et al. | 37-2022-00036803-CU-WT-CTL |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or
have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)* :<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| PLAINTIFF/PETITIONER: TAYAH MOLCHANOFF | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SOLV ENERGY, LLC et al. | 37-2022-00036803-CU-WT-CTL |

11. **Insurance**
   a. ☒   Insurance carrier, if any, for party filing this statement *(name):* CNA Insurance
   b.   Reservation of rights:   ☐ Yes   ☒ No
   c. ☐   Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy   ☒ Other *(specify):*
   Status: Defendant intends to file a motion to dismiss or stay on Forum Non Conveniens grounds assuming Plaintiff does not dismiss voluntarily.

13. **Related cases, consolidation, and coordination**
   a. ☐   There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐   Additional cases are described in Attachment 13a.

   b. ☐   A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party):*

14. **Bifurcation**
   ☐   The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
   ☒   The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
        Forum Non Conveniens motion, based on Utah being the proper forum.

16. **Discovery**
   a. ☐   The party or parties have completed all discovery.
   b ☒   The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendants | Written Discovery | Per Code |
| Defendants | Depositions | Per Code |
| Defendants | Expert Discovery | Per Code |

   c. ☐   The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*


American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| PLAINTIFF/PETITIONER: TAYAH MOLCHANOFF | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SOLV ENERGY, LLC et al. | 37-2022-00036803-CU-WT-CTL |

17. **Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* ___0___

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: February 2, 2023

Alexander T. Marx
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]        **CASE MANAGEMENT STATEMENT**        **Page 5 of 5**


American LegalNet, Inc.
www.FormsWorkFlow.com

1  ROGER M. MANSUKHANI  (SBN:  164463)
   rmansukhani@grsm.com
2  ALEXANDER T. MARX  (SBN:  295624)
   rmansukhani@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   633 West Fifth Street, 52nd floor
4  Los Angeles, CA 90071
   Telephone:  (213) 576-5000
5  Facsimile:  (213) 680-4470

6  Attorneys for Defendant
   SOLV ENERGY, LLC

7

8                   SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SAN DIEGO

10  TAYAH MOLCHANOFF, an individual,    )    CASE NO.  37-2022-00036803-CU-WT-CTL
                                        )
11                  Plaintiff,          )    **PROOF OF SERVICE**
                                        )
12          vs.                         )
                                        )    Complaint Filed:    September 14, 2022
13  SOLV ENERGY, LLC., a California Limited )
    Liability Company; SWINERTON        )
14  RENEWABLE ENERGY, Inc., a Delaware  )
    Corporation; PEOPLE READY, INC., a  )
15  Washington Corporation; ROBERTO     )
    DUARTE ALDABA, an individual, and   )
16  DOES 1 through 60, inclusive,       )
                                        )
17                  Defendants.         )

18

19          I am a resident of the State of California, over the age of eighteen years, and not a party

20  to the within action.  My business address is: 633 West Fifth Street, 52nd Floor, Los Angeles,

21  CA 90071.  On February 2, 2023,  I served the within documents:

22      **1.  CASE MANAGEMENT STATEMENT**

23  ☐   **PERSONAL SERVICE:**  By causing the document(s) listed above to be personally
        delivered to the person(s) at the address(es) set forth below.
24

25  ☐   **MAIL:**  By placing the document(s) listed above in a sealed envelope with postage
        thereon fully prepaid, in United States mail in the State of California addressed as set
        forth below.
26

27  ☐   **FACSIMILE:**  By transmitting via facsimile the document(s) listed above to the fax
        number(s) set forth below on this date before 5:00 p.m.

28

*Gordon Rees Scully Mansukhani, LLP*
*633 West Fifth Street, 52nd floor*
*Los Angeles, CA 90071*

1  ☒  **ELECTRONIC TRANSMISSION:**  By transmitting a pdf.format version of the
2     document(s) via electronic mail to the party(s) identified on the service list using the
       email address(es) indicated.

3  ☐  **OVERNIGHT:**  By placing a true copy thereof enclosed in a sealed envelope, at a
4     station designated for collection and processing of envelopes and packages for
       overnight delivery by FedEx (or other overnight service) as part of the ordinary
5     business practices of GORDON REES SCULLY MANSUKHANI, LLP described
       below, addressed as follows:

| | |
|---|---|
| Douglas N. Silverstein, Esq.<br>Lauren J. Morrison, Esq.<br>Niki Akhaveissy, Esq.<br>KESLUK, SILVERSTEIN, JACOB &<br>MORRISON, P.C.<br>9255 Sunset Boulevard, Suite 411<br>Los Angeles, California 90069-3309<br>Telephone: (310) 273-3180<br>Facsimile: (310) 273-6137<br>dsilverstein@californialaborlawattorney.com<br>lmorrison@californialaborlawattorney.com<br>nakhaveissy@californialaborlawattorney.com<br>cc: MBew@californialaborlawattorney.com<br><br>**Attorneys for Plaintiff**<br>TAYAH MOLCHANOFF | David R. Ongaro<br>Carey A. James<br>Mojdeh F. Bowers<br>ONGARO PC<br>1604 Union Street<br>San Francisco, CA 94123<br>Telephone: (415) 433-3900<br>Facsimile: (415) 433-3950<br>dongaro@ongaropc.com<br>cjames@ongaropc.com<br>mbowers@ongaropc.com<br><br>**Attorneys for Defendant**<br>PEOPLEREADY, INC. |
| James Goodman<br>Story E. Cunningham-White<br>EPSTEIN BECKER GREEN, P.C.<br>1935 Century Park East, Suite 500<br>Los Angeles, CA 90067-2506<br>Direct: (310) 557-9519<br>Telephone: (310) 556-8861<br>Facsimile: (310) 943-2732<br>Email: jgoodman@ebglaw.com<br>scunningham@ebglaw.com<br><br>**Attorneys for Defendant**<br>SWINERTON BUILDERS, CA corporation<br>erroneously sued as Swinerton Renewable<br>Energy, Inc. | |

        I am readily familiar with the firm's practice of collection and processing correspondence
for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage

1  meter date is more than one day after the date of deposit for mailing in affidavit.

2          I declare under penalty of perjury under the laws of the State of California that the above

3  is true and correct.  Executed on February 2, 2023 at San Diego, California.

4

5                                                          Elisa Martinez

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1   ROGER M. MANSUKHANI  (SBN:  164463)
    rmansukhani@grsm.com
2   ALEXANDER T. MARX  (SBN:  295624)
    rmansukhani@grsm.com
3   GORDON REES SCULLY MANSUKHANI, LLP
    633 West Fifth Street, 52nd floor
4   Los Angeles, CA 90071
    Telephone:  (213) 576-5000
5   Facsimile:  (213) 680-4470

6   Attorneys for Defendant
    SOLV ENERGY, LLC
7

8                    SUPERIOR COURT OF CALIFORNIA

9                         COUNTY OF SAN DIEGO

10  TAYAH MOLCHANOFF, an individual,     )    CASE NO.  37-2022-00036803-CU-WT-CTL
                                          )
11                          Plaintiff,    )    **PROOF OF SERVICE**
                                          )
12          vs.                           )
                                          )    Complaint Filed:    September 14, 2022
13  SOLV ENERGY, LLC., a California Limited )
    Liability Company; SWINERTON          )
14  RENEWABLE ENERGY, Inc., a Delaware    )
    Corporation; PEOPLE READY, INC., a    )
15  Washington Corporation; ROBERTO       )
    DUARTE ALDABA, an individual, and     )
16  DOES 1 through 60, inclusive,         )
                                          )
17                          Defendants.   )

18

19          I am a resident of the State of California, over the age of eighteen years, and not a party

20  to the within action.  My business address is: 633 West Fifth Street, 52nd Floor, Los Angeles,

21  CA 90071.  On March 10, 2023,  I served the within documents:

22  **CASE MANAGEMENT STATEMENT**

23  ☐   **PERSONAL SERVICE:**  By causing the document(s) listed above to be personally
        delivered to the person(s) at the address(es) set forth below.
24

25  ☐   **MAIL:**  By placing the document(s) listed above in a sealed envelope with postage
        thereon fully prepaid, in United States mail in the State of California addressed as set
        forth below.
26

27  ☐   **FACSIMILE:**  By transmitting via facsimile the document(s) listed above to the fax
        number(s) set forth below on this date before 5:00 p.m.

28

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1

☒ **ELECTRONIC TRANSMISSION:**  By transmitting a pdf.format version of the document(s) via electronic mail to the party(s) identified on the service list using the email address(es) indicated.

2

3

☐ **OVERNIGHT:**  By placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx (or other overnight service) as part of the ordinary business practices of GORDON REES SCULLY MANSUKHANI, LLP described below, addressed as follows:

4

5

6

| | |
|---|---|
| Douglas N. Silverstein, Esq.<br>Lauren J. Morrison, Esq.<br>Niki Akhaveissy, Esq.<br>KESLUK, SILVERSTEIN, JACOB &<br>MORRISON, P.C.<br>9255 Sunset Boulevard, Suite 411<br>Los Angeles, California 90069-3309<br>Telephone: (310) 273-3180<br>Facsimile: (310) 273-6137<br>dsilverstein@californialaborlawattorney.com<br>lmorrison@californialaborlawattorney.com<br>nakhaveissy@californialaborlawattorney.com<br>cc: MBew@californialaborlawattorney.com<br><br><br>**Attorneys for Plaintiff**<br>TAYAH MOLCHANOFF | David R. Ongaro<br>Carey A. James<br>Mojdeh F. Bowers<br>ONGARO PC<br>1604 Union Street<br>San Francisco, CA 94123<br>Telephone: (415) 433-3900<br>Facsimile: (415) 433-3950<br>dongaro@ongaropc.com<br>cjames@ongaropc.com<br>mbowers@ongaropc.com<br><br>**Attorneys for Defendant**<br>PEOPLEREADY, INC. |
| James Goodman<br>Story E. Cunningham-White<br>EPSTEIN BECKER GREEN, P.C.<br>1935 Century Park East, Suite 500<br>Los Angeles, CA 90067-2506<br>Direct: (310) 557-9519<br>Telephone: (310) 556-8861<br>Facsimile: (310) 943-2732<br>Email: jgoodman@ebglaw.com<br>scunningham@ebglaw.com<br><br>**Attorneys for Defendant**<br>SWINERTON BUILDERS, CA corporation<br>erroneously sued as Swinerton Renewable<br>Energy, Inc. | |

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

        I am readily familiar with the firm's practice of collection and processing correspondence

26

for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

27

day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

28

motion of the party served, service is presumed invalid if postal cancellation date or postage

Gordon Rees Scully Mansukhani, LLP<br>633 West Fifth Street, 52nd floor<br>Los Angeles, CA 90071

-2-

1   meter date is more than one day after the date of deposit for mailing in affidavit.

2        I declare under penalty of perjury under the laws of the State of California that the above

3   is true and correct.  Executed on March 10, 2023 at San Diego, California.

4

5                                    Elisa Martinez

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52nd floor**
**Los Angeles, CA 90071**

-3-
PROOF OF SERVICE

# Exhibit 9

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Douglas N. Silverstein (181957), Lauren Morrison (266135), Niki Akhaveissy (343996)<br>KESLUK SILVERSTEIN JACOB & MORRISON, P.C.<br>9255 Sunset Boulevard, Suite 411<br>Los Angeles, CA 90069 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**02/02/2023** at 03:57:00 PM<br>Clerk of the Superior Court<br>By Brandon Krause,Deputy Clerk |

TELEPHONE NO.: (310) 273-3180        FAX NO. *(Optional):* (310) 273-6137
E-MAIL ADDRESS: nakhaveissy@californialaborlawattorney.com
ATTORNEY FOR *(Name):* Tayah Molchanoff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Hall of Justice

PLAINTIFF/PETITIONER: Tayah Molchanoff
DEFENDANT/RESPONDENT: Solv Energy, LLC, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  [ x ] **UNLIMITED CASE**     [ ] **LIMITED CASE**<br>(Amount demanded       (Amount demanded is $25,000<br>exceeds $25,000)       or less) | 37-2022-00036803-CU-WT-CTL |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: February 17, 2023        Time: 9:45 a.m.      Dept.: C-64       Div.:          Room:

Address of court *(if different from the address above):*

[ x ] Notice of Intent to Appear by Telephone, by *(name):* Niki Akhaveissy, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [ x ] This statement is submitted by party *(name):* Tayah  Molchanoff
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* September 14, 2022
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ x ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint

      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  [ x ] complaint      [ ] cross-complaint       *(Describe, including causes of action):*
      Sexual Harassment in Violation of FEHA; Retaliation in Violation of FEHA; Failure to Maintain an Environment Free from Retaliation, Harassment, and Discrimination in Violation of FEHA; Failure to Investigate Harassment in Violation of FEHA; Wrongful Termination in Violation of Public Policy.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. September 1, 2021]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: Tayah Molchanoff | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Solv Energy, LLC, et al. | 37-2022-00036803-CU-WT-CTL |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff began employment on July 15, 2019.  On September 13, 2020, Plaintiff was sexually harassed by Defendant Aldaba. Plaintiff reported the assault the next day to law enforcement. Defendants retaliated against and wrongfully terminated Plaintiff. In June 2022, Plaintiff applied for a position with Entity Defendants.  Entity Defendants retaliated against Plaintiff by denying her the position with Entity Defendants.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for  *(date):*
b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint  *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Plaintiff's counsel engaged in trial: 8/31/23-9/17/23, 1/9/24-1/23/24, and 5/27/24-6/10/24.

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☒  days *(specify number):* 7-9
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                         f.  Fax number:
e.  E-mail address:                           g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☒ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)  For self-represented parties: Party ☐ has  ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).
(1)  ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)  ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
Amount in controversy exceeds jurisdiction amount.

CM-110

| PLAINTIFF/PETITIONER: Tayah Molchanoff | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Solv Energy, LLC, et al. | 37-2022-00036803-CU-WT-CTL |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for (date):<br>[ ] Agreed to complete mediation by (date):<br>[ ] Mediation completed on (date): |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for (date):<br>[ ] Agreed to complete settlement conference by (date):<br>[ ] Settlement conference completed on (date): |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for (date):<br>[ ] Agreed to complete neutral evaluation by (date):<br>[ ] Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for (date):<br>[ ] Agreed to complete judicial arbitration by (date):<br>[ ] Judicial arbitration completed on (date): |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for (date):<br>[ ] Agreed to complete private arbitration by (date):<br>[ ] Private arbitration completed on (date): |
| (6) Other (specify): | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for (date):<br>[ ] Agreed to complete ADR session by (date):<br>[ ] ADR completed on (date): |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER:  Tayah Molchanoff | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Solv Energy, LLC, et al. | 37-2022-00036803-CU-WT-CTL |

**11. Insurance**

   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

   b. Reservation of rights: ☐ Yes ☐ No

   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

      (1) Name of case:

      (2) Name of court:

      (3) Case number:

      (4) Status:

      ☐ Additional cases are described in Attachment 13a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff Tayah Molchanoff | written discovery requests on all Defendants | Per CCP Code |
| Plaintiff Tayah Molchanoff | Depositions of Defendants' Persons Most Knowledgeable | Per CCP Code |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: Tayah Molchanoff | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Solv Energy, LLC, et al. | 37-2022-00036803-CU-WT-CTL |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: February 2, 2023

Niki Akhaveissy, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. September 1, 2021]    **CASE MANAGEMENT STATEMENT**    Page 5 of 5

1

<u>PROOF OF SERVICE</u>

2

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  I am employed in the office of a member of the bar of this court at whose direction this service was made.  My business address is 9255 Sunset Boulevard, Suite 411, Los Angeles, California 90069.

3

4

5

    On February 2, 2023, I served the following documents on all interested parties in this action as follows:  **PLAINTIFF'S CASE MANAGEMENT STATEMENT**

6

7

**/ X /**    (BY ELECTRONIC SERVICE) Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

8

9

10

James Goodman
Story E. Cunningham-White, Esq.
EPSTEIN BECKER GREEN, P.C.
1935 Century Park East, Suite 500
Los Angeles, CA 90067-2506
Direct: (310) 557-9519
Telephone: (310) 556-8861
Facsimile: (310) 943-2732
Email: jgoodman@ebglaw.com,
scunningham@ebglaw.com

David R. Ongaro
Carey A. James
Mojdeh F. Bowers
ONGARO, P.C.
1604 Union Street
San Francisco, California 91423
Tel. (415) 433-3900
Fax (415) 433-3950
Email: dongaro@ongaropc.com,
cjames@ongaropc.com,
mbowers@ongaropc.com

11

12

13

14

15

16

Attorneys for Defendant SWINTERTON BUILDERS, CA corporation erroneously sued as Swinerton Renewable Energy, Inc.

Attorneys for Defendant PEOPLEREADY, INC.

17

18

Roger M. Mansukhani
Alexander T. Marx
GORDON REES SCULLY MANSUKHANI
3200 Guasti Road, Suite 100
Ontario, California 91761
Direct: (909) 554-4224
Email: rmansukhani@grsm.com;
amarx@grsm.com; emartinez@grsm.com

19

20

21

22

23

Attorneys for Defendant SOLV Energy-Delaware LLC

24

25

    I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.  Executed on February 2, 2023, at Los Angeles, California.

26

27

Michael Bew

28

1

# Exhibit 10



SG
SC

Batch Print Extract - SF Csv-621-000004581

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 450-7064 | **Received**<br><br>MAR **2 3** 2023<br><br>**Epstein Becker & Green** |
| PLAINTIFF: Tayah Molchanoff | |
| DEFENDANT: Solv Energy LLC et.al. | |
| Short Title: Molchanoff vs Solv Energy LLC [IMAGED] | |

| **NOTICE OF CASE REASSIGNMENT** | CASE NUMBER:<br>37-2022-00036803-CU-WT-CTL |
|---|---|

**Filed :** 09/14/2022

**EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED FOR ALL PURPOSES:**

to Judge Loren G. Freestone, in Department C-64

due to the following reason:    Judicial Reassignment

All subsequent documents filed in this case must include the name of the new judge and the department number on the first page immediately below the number of the case. All counsel and self-represented litigants are advised that Division II of the Superior Court Rules is strictly enforced. It is the duty of each plaintiff (and cross-complainant) to serve a copy of this notice with the complaint (and cross-complaint).

BatchPrintBatch61_cv-622-000004581

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** Molchanoff vs Solv Energy LLC [IMAGED]

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: 37-2022-00036803-CU-WT-CTL |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF CASE REASSIGNMENT was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 03/19/2023. The mailing occurred at Gardena, California on 03/20/2023.

Clerk of the Court, by: _____ , Deputy

T. Cutler

DOUGLAS N SILVERSTEIN
9255 SUNSET BOULEVARD # 411
LOS ANGELES, CA 90069

LAUREN J MORRISON
9255 SUNSET BOULEVARD # 411
LOS ANGELES, CA 90069

STORY E CUNNINGHAM
1925 CENTURY PARK EAST # 500
LOS ANGELES, CA 90067

ALEXANDER MARX
633 WEST FIFTH STREET # 52ND FLOOR
LOS ANGELES, CA 90071

NIKI AKHAVEISSY
9225 SUNSET BOULEVARD # SUITE 411
LOS ANGELES, CA 90069

DAVID ONGARO
1604 UNION STREET
SAN FRANCISCO, CA 94123

JAMES A GOODMAN
1925 CENTURY PARK EAST SUITE 500
LOS ANGELES, CA 90067

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

# Exhibit 11

Douglas N. Silverstein, Esq. (SBN 181957)
dsilverstein@californialaborlawattorney.com
Lauren J. Morrison, Esq. (SBN 266135)
lmorrison@californialaborlawattorney.com
Niki Akhaveissy, Esq. (SBN 343996)
nakhaveissy@californialaborlawattorney.com
**KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.**
9255 Sunset Boulevard, Suite 411
Los Angeles, California  90069-3309
Phone: 310-273-3180 ♦ Fax: 310-273-6137

Attorneys for Plaintiff TAYAH MOLCHANOFF

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN DIEGO

| | |
|---|---|
| TAYAH MOLCHANOFF, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SOLV ENERGY, LLC., a California Limited Liability Company; SWINERTON RENEWABLE ENERGY, Inc., a Delaware Corporation; PEOPLE READY, INC., a Washington Corporation; ROBERTO DUARTE ALDABA, an individual, and DOES 1 through 60, inclusive,<br><br>Defendants. | CASE NO. 37-2022-00036803-CU-WT-CTL<br><br>Assigned for All Purposes to Judge John S. Meyer, Dept. C-64<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. **Sexual Harassment in Violation of FEHA;**<br>2. **Retaliation in Violation of FEHA;**<br>3. **Failure to Maintain an Environment Free from Retaliation, Harassment, and Discrimination in Violation of FEHA;**<br>4. **Failure to Investigate Harassment in Violation of FEHA;**<br>5. **Wrongful Termination in Violation of Public Policy; and**<br>6. **Retaliation in Violation of 42 U.S.C. §2000.**<br><br>**PUNITIVE DAMAGES**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**UNLIMITED JURISDICTION** |

Plaintiff TAYAH MOLCHANOFF ("Plaintiff") alleges as follows:

1.      Plaintiff TAYAH MOLCHANOFF is, and at all material times was, an individual residing in the County of Klamath, State of Washington.

2.      Defendant SOLV ENERGY, LLC ("SOLV" or, collectively with all  defendants, "Defendants") is, and at all times relevant to this Complaint was, a California Limited Liability Company, located at 16680 W Bernardo Drive, San Diego, California, doing business in the County of San Diego, State of California.

3.      Defendant SWINERTON RENEWABLE ENERGY, INC. ("SWINERTON" or, collectively with all defendants, "Defendants") is, and at all times relevant to this Complaint was, a Delaware corporation, located at 16680 W Bernardo Drive, San Diego, California, doing business in the County of San Diego, State of California.

4.      Defendant PEOPLE READY, INC. ("PEOPLE READY" or, collectively with all defendants, "Defendants") is, and at all times relevant to this Complaint was, a Washington corporation, located at 1015 A St, Tacoma, Washington, doing business in the County of San Diego, State of California and registered to do business in California with the Secretary of State.

5.      Defendant PEOPLE READY, INC. maintains 94 physical offices within the state of California in the following cities: Anaheim, Apple Valley, Bakersfield, Bellflower, Berkeley, Bonita, Burbank, Calimesa, Chico, Chula Vista, Citrus Heights, Commerce, Compton, Concord, Corona, Costa Mesa, Culver City, Desert Center, El Cajon, El Centro, Elk Grove, Emeryville, Escondido, Fairfield, Fremont, Fresno, Fullerton, Gardena, Hayward, Hemet, Hesperia, Industry, Inglewood, La Puente, Lancaster, Long Beach, Los Angeles, Manteca, Mira Loma, Mission Viejo, Modesto, Monrovia, Moreno Valley, Newhall, North Hills, North Hollywood, Oakland, Oceanside, Ontario, Oxnard, Palm Desert, Palmdale, Pasadena, Pittsburg, Rancho Cordova, Rancho Cucamonga, Redding, Redlands, Redwood City, Richmond, Riverside, Roseville, Sacramento, Salinas, San Bernardino, San Diego, San Francisco, San Jose, San Pablo, Santa Ana, Santa Barbara, Santa Clara, Santa Fe Springs, Santa Maria, Santa Rosa, Simi Valley, Soquel, South Gate, South San Francisco, Stanton, Stockton, Temecula, Thousand Palms, Torrance, Turlock, Upland, Vallejo, Van Nuys, Ventura, Victorville, Visalia, West Sacramento, Woodland

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Hills, and Yuba City.

6.     Defendants PEOPLE READY, INC., SOLV ENERGY, LLC, and SWINERTON RENEWABLE ENERGY, INC. shall collectively be referred to as ENTITY DEFENDANTS or Entity Defendants.

7.     Defendant ROBERTO DUARTE ALDABA ("ALDABA" or, collectively with all defendants, "Defendants") is, and at all times relevant to this Complaint was, a resident of California and employee of ENTITY DEFENDANTS.

8.     Plaintiff is informed, believes, and thereon alleges that Defendant SOLV ENERGY, LLC was and is the successor employer of Defendant SWINERTON RENEWABLE ENERGY. Plaintiff is informed, believes, and thereon alleges Solv Energy acquired all of Swinerton Renewable's assets and liabilities, including any liability for its employees. Plaintiff is informed, believes, and thereon alleges that there was a substantial continuity of operations between Solv Energy and Swinerton Renewable Energy. Plaintiff is informed, believes, and thereon alleges Solv Energy continued to operate the same business that Swinerton Renewable Energy had conducted, at the same business locations, with the same employees and clientele, before and after the acquisition.  Plaintiff's jobs remained the same under the same working conditions, they reported to the same management personnel, and used the same methodologies to perform tasks before and after Solv Energy acquired Swinerton Renewable Energy.

9.     Plaintiff does not know the true names or capacities of the Defendants sued as DOES 1 through 60, inclusive.  Thus, Plaintiff sues these Defendants under fictitious names. When their true names and capacities have been ascertained, Plaintiff will amend this Complaint. Plaintiff is informed and believes, and based thereon alleges, that the fictitiously named Defendants were the agents, servants, and employees of each of the named Defendants and, in doing the acts and things alleged, were at all times acting within the course and scope of that agency, servitude, and employment and with the permission, consent, and approval, or subsequent ratification, of each of the named Defendants.

10.     Plaintiff is informed and believes and based thereon alleges, that at all material times, each of the Defendants was the agent and/or employee of each of the remaining

*Kesluk, Silverstein,*
*Jacob & Morrison, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180

3

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Defendants, and each of them was at all material times acting within the purpose and scope of such agency and employment.

11.     Plaintiff is informed and believes and based thereon alleges, that at all time herein mentioned, one or more of each named and/or unnamed Defendants was the alter-ego of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining named and/or unnamed Defendants.

12.     Plaintiff is informed and believes and based thereon alleges, at all times herein mentioned, Defendants and DOES 1 to 60, inclusive, were the joint employers, agents, servants, partners, parent companies, holding companies, employees, alter egos and/or joint venturers of their co-Defendants, and, in doing the acts and things hereinafter alleged, were at all times acting within the course and scope of their authority as agents, servants, employees, partners, parent companies, holding companies and/or joint-venturers with the permission, consent and approval, or subsequent ratification of their co-Defendants.  Reference hereinafter to "Defendants" includes the named Defendant and the DOE Defendants.

13.     Defendants SOLV and SWINERTON in all respects acted as the employer and/or joint employer with Defendant PEOPLE READY, in that Defendants SOLV and SWINERTON share control of Plaintiff as an employee with Defendant PEOPLE READY, either directly or indirectly, and the manner in which Defendant PEOPLE READY's business is conducted. Defendants SOLV and SWINERTON's control includes, but is not limited to, the authority to: hire and fire Defendant PEOPLE READY employees; assign work tasks to Defendant PEOPLE READY employees; engage in day-to-day supervision of Defendant PEOPLE READY employees, including discipline; and, control employees records, including payroll and personnel files.

14.     Plaintiff is informed, and believes, and thereon alleges that Defendants SOLV and SWINERTON are an alter ego for Defendant PEOPLE READY.   Plaintiff is informed and believes, and thereon alleges that at all relevant times herein Defendants SOLV and SWINERTON and Defendant PEOPLE READY were acting on behalf each other in the

*Kesluk, Silverstein,
Jacob & Morrison, P.C.*
*9255 Sunset Blvd., Ste. 411*
*Los Angeles, CA 90069*
*Tel: (310) 273-3180*

4

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

establishment of, ratification of, and/or execution of the illegal practices and policies as set forth in this pleading. Plaintiff is further informed and believes, and thereon alleges that at all times relevant hereto Defendants SOLV and SWINERTON has had decision-making responsibility for, and establishment and execution of, illegal practices and policies for Defendant PEOPLE READY and are, therefore, liable on the causes of action alleged herein. Plaintiff is further informed and believes that Entity Defendants have commingled corporate and personal funds and have failed to maintain the required corporate formalities.

15. Plaintiff timely filed charges against all Defendants with the California Department of Fair Employment and Housing ("DFEH") and Equal Employment Opportunity Commission ("EEOC") and received "Right to Sue" notices as to Defendants. All conditions precedent (exhaustion of administrative remedies) to jurisdiction, have been complied with.

16. Venue in this case is proper, because the alleged discriminatory and retaliatory decisions were made in the County of San Diego, state of California.

## **GENERAL ALLEGATIONS**

17. Plaintiff began working for ENTITY DEFENDANTS on or about July 15, 2019 as a laborer. One of Plaintiff's supervisors was Defendant ALDABA.

18. Plaintiff performed her job in a competent and satisfactory manner throughout her employment.

19. Plaintiff's jobsite was supervised by Brandon Badillo, the Superintendent who was based in San Diego, California. At all times Defendant People Ready, Inc. maintained an Onsite Supervisor at the jobsite. Brandon Badillo hired Defendant ALDABA following a recommendation from Defendant People Ready, Inc. on or about April 2019, despite notice that Defendant ALDABA failed his behavioral study in order to be hired by Defendant People Ready, Inc.

20. On or about September 13, 2020, Plaintiff was sexually assaulted by her supervisor, Defendant ALDABA.

21. Plaintiff reported the sexual assault to law enforcement on or about September 14, 2020. Plaintiff also reported the sexual assault to ENTITY DEFENDANTS' foreman, John

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Burnette, ENTITY DEFENDANTS' Human Resources Department ("HR"), and ENTITY DEFENDANTS' executives and managing agents at the California headquarters on or about September 14, 2020.

22.     On or about September 15, 2020, Entity Defendant's executives, managing agents, and HR Department including but not limited to Brandon Badillo (Superintendent in San Diego), Kim Seyler (Senior Project Field Administrator in San Diego), Brandi Pearson (the Division HR Manager in San Diego), Monica Delgado (Division HR Administrator in San Diego), and the People Ready Onsite Supervisor made the decision to retaliate against and wrongfully terminate Plaintiff, because she engaged in the protected activity of lodging a complaint of illegal sexual assault and harassment to law enforcement and Entity Defendants. The decision to terminate Plaintiff was made in San Diego, California.

23.     On or about September 16, 2020, Entity Defendant's executives, managing agents, and HR Department including but not limited to Brandon Badillo (Superintendent in San Diego), Kim Seyler (Senior Project Field Administrator in San Diego), Brandi Pearson (the Division HR Manager in San Diego), Monica Delgado (Division HR Administrator in San Diego), and the People Ready Onsite Supervisor made the decision to suspend Defendant ALDABA's employment with ENTITY DEFENDANTS.

24.     On or about October 2, 2020, Entity Defendant's executives, managing agents, and HR Department including but not limited to Brandon Badillo (Superintendent in San Diego), Kim Seyler (Senior Project Field Administrator in San Diego), Brandi Pearson (the Division HR Manager in San Diego), Monica Delgado (Division HR Administrator in San Diego), and the People Ready Onsite Supervisor made the decision to reinstate Defendant ALDABA's employment with ENTITY DEFENDANTS.

25.     Plaintiff continued to make statements to law enforcement in connection with the sexual assault by Defendant ALDABA through early 2022. Defendant ALDABA pled guilty to 2 counts of sexual battery against Plaintiff on or about June 7, 2022.

26.     After Defendant ALDABA pled guilty to the criminal sexual battery charges against Plaintiff, Plaintiff applied for a position with ENTITY DEFENDANTS as a solar laborer

Kesluk, Silverstein, Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

at a jobsite in early June of 2022. Plaintiff believed that Defendant ALDABA no longer worked for ENTITY DEFENDANTS. Hiring decisions for that jobsite were made by ENTITY DEFENDANTS' managing agent Brandon Badillo, who was based in San Diego, California.

27.     Plaintiff is informed and believes and thereupon alleges that Defendant ALDABA continued to be employed by ENTITY DEFENDANTS in California after sexually assaulting Plaintiff and was working for ENTITY DEFENDANTS until September 30, 2022. Defendant ALDABA was terminated by ENTITY DEFENDANTS on September 30, 2022, approximately two weeks after Plaintiff's filing of her Complaint in this action on September 14, 2022.

28.     On or about June 21, 2022, Plaintiff received the onboarding paperwork for the position with ENTITY DEFENDANTS.

29.     On or about June 22, 2022, ENTITY DEFENDANT'S executives, managing agents, and HR Department including but not limited to Brandon Badillo (Superintendent in San Diego) retaliated against Plaintiff by denying her the position with ENTITY DEFENDANTS, which she was qualified for and had applied for. ENTITY DEFENDANTS' executives, managing agents, and human resources department managers at its San Diego, California headquarters made the decision to deny Plaintiff the position in retaliation for lodging the protected complaint of sexual assault and harassment.

## **FIRST CAUSE OF ACTION**

## **SEXUAL HARASSMENT IN VIOLATION OF FEHA**

### **(Against All Defendants, and each of them, and DOES 1-60, inclusive)**

30.     Plaintiff complains and re-alleges all the allegations contained in this Complaint, and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

31.     Defendants and/or its agents and employees are entities or individuals subject to suit under the DFEH Act and *Government Code* §§ 12940, *et seq*. These sections require Defendants to refrain from sexually harassing employees and to take immediate and appropriate corrective action when they know or should know of sexual harassment of an employee by an officer, manager or person in their employ.

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

32.     At all times mentioned herein, Plaintiff was a person entitled to the protection of the law afforded by *Government Code* §§12940, *et seq*., which makes it unlawful to sexually harass such a person or fail to take immediate and appropriate corrective action when such harassment is, or should be known of by the entities or individuals subject to said statutes.

33.     *Government Code* § 12940(j), specifically provides that it is an unlawful employment practice for an employer, because of the person's race, color, national origin, disability, sex and/or sexual orientation, to harass an employee.

34.     Plaintiff was, at all material times during her employment with Defendants, a competent and professional employee.

35.     The facts alleged hereinabove constitute violations of the DFEH Act and *Government Code* § 12940(j), in that Defendants, and each of them, discriminated against Plaintiff by subjecting her to harassment based upon sex, thereby creating a hostile, offensive and intimidating work environment.

36.     Further, the acts and conduct of Defendants, in allowing Defendant ALDABA to sexually assault Plaintiff, were in violation of fundamental public policies of the State of California, including, but not limited to, the right to employment free of sex-based harassment.

37.     These fundamental public policies inure to the benefit of the public, not just the private interests of the employer and employee, because all individuals within the State are afforded these rights.

38.     Said actions by Defendants were wrongful and in violation of the fundamental principles of the public policy of the State of California as reflected in its laws, which include, without limitation, *Government Code* §§ 12900, *et seq*., including § 12940(j), and California Constitution Article I, § 8, which establishes this State's firm public policy to eradicate sex-based harassment.

39.     Plaintiff suffered adverse reactions during her employment period, in that Defendants knew, or should have known, of the sexual harassment and discrimination perpetrated by Defendant ALDABA, and should have taken steps to prevent such harassment.

40.    Plaintiff is informed and believes and thereon alleges that her reports of Defendant ALDABA's sexual assaults towards her were motivating reasons for Defendants' actions.  This harassment violates *Government Code* §§ 12940, *et seq.,* and was a substantial factor in causing injury and damage to Plaintiff as alleged herein.

41.    As a proximate result of the conduct of Defendants, Plaintiff has suffered general and special damages in an amount according to proof, including interest thereon at the maximum legal rate.

42.    As a direct and proximate result of the harassment and discrimination described herein, Plaintiff has suffered lost wages and other benefits of employment in an amount according to proof.

43.    The acts and conduct of Defendants, and each of them, including but not limited to ENTITY DEFENDANTS and Defendant ALDABA, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

44.    The acts of Defendants, and each of them, including but not limited to ENTITY DEFENDANTS and Defendant ALDABA, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, or ratification within the meaning of *Civil Code* § 3294 on the part of ENTITY DEFENDANTS' officers, directors, or managing agents of the entity.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

45.    Plaintiff is further entitled to attorneys' fees pursuant to *Government Code* § 12965(b).

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

**SECOND CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF FEHA**

**(Against Entity Defendants, and each of them, and DOES 1-60, inclusive)**

46.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

47.     At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), California *Government Code* §§ 12940 *et seq.*, was in full force and effect and was binding on ENTITY DEFENDANTS, and each of them.  These sections required ENTITY DEFENDANTS, and each of them, to refrain from retaliating against Plaintiff because she participated in a protected activity.

48.     Plaintiff participated in the protected activity of opposing sexual harassment in the workplace and refusing to submit to sexual assault.

49.     ENTITY DEFENDANTS, and each of them, terminated Plaintiff because she reported the sexual assault committed by Defendant ALDABA as alleged herein

50.     ENTITY DEFENDANTS, and each of them, failed to hire Plaintiff because she reported the sexual assault committed by Defendant ALDABA as alleged herein.

51.     By engaging in the above referenced  acts  and  omissions, ENTITY DEFENDANTS, and each of them, retaliated against Plaintiff because she participated in protected activities in violation of California *Government Code* §§ 12940 *et seq.*

52.     As a proximate result of ENTITY DEFENDANTS' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

53.     As a proximate result of ENTITY DEFENDANTS' wrongful conduct, Plaintiff has sustained and continues to sustain noneconomic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

*Kesluk, Silverstein,*
*Jacob & Morrison, P.C.*
*9255 Sunset Blvd., Ste. 411*
*Los Angeles, CA 90069*
*Tel: (310) 273-3180*

10

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

54.    The acts and conduct of ENTITY DEFENDANTS, and each of them, including but not limited to ENTITY DEFENDANTS and Defendant ALDABA, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by ENTITY DEFENDANTS, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the ENTITY DEFENDANTS, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

55.    The acts of ENTITY DEFENDANTS, and each of them, including but not limited to ENTITY DEFENDANTS and Defendant ALDABA, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of California *Civil Code* § 3294 on the part of ENTITY DEFENDANTS' officers, directors, or managing agents of the entity.  The actions and conduct of ENTITY DEFENDANTS, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to ENTITY DEFENDANTS, and each of them, with the intention on the ENTITY DEFENDANTS' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

56.    Plaintiff is entitled to attorneys' fees pursuant to California *Government Code* § 12965.

### THIRD CAUSE OF ACTION

### FAILURE TO MAINTAIN AN ENVIRONMENT FREE FROM RETALIATION, HARASSMENT, AND DISCRIMINATION IN VIOLATION OF FEHA

### (Against Entity Defendants, and each of them, and DOES 1-60, inclusive)

57.    As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

58.    At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), California *Government Code* §§ 12940 *et seq.*, was in full force and

1  effect and was binding on ENTITY DEFENDANTS, and each of them.  These sections required

2  ENTITY DEFENDANTS, and each of them, to take all reasonable steps to maintain a workplace

3  environment free from unlawful discrimination and retaliation.

4       59.    ENTITY DEFENDANTS, and each of them, embarked on a campaign of

5  discrimination, harassment, and retaliation against Plaintiff because of her sex and because she

6  engaged in the protected activity of opposing sexual harassment and refusing to submit to sexual

7  assault. ENTITY DEFENDANTS' failure to take all reasonable steps to prevent the above-

8  described discrimination and retaliation suffered by Plaintiff was a substantial factor in causing

9  damage and injury to Plaintiff as alleged herein.

10      60.    By engaging in the above-referenced  acts  and  omissions, ENTITY

11  DEFENDANTS, and each of them, failed to take all reasonable steps to maintain a workplace

12  environment free from unlawful discrimination and retaliation in violation of California

13  *Government Code* §§ 12940 *et seq.*

14      61.    As a proximate result of ENTITY DEFENDANTS' wrongful conduct, Plaintiff

15  has sustained and continues to sustain economic damages in earnings and other employment

16  benefits in an amount according to proof.

17      62.    As a proximate result of ENTITY DEFENDANTS' wrongful conduct, Plaintiff

18  has sustained and continues to sustain noneconomic damages and emotional distress, including

19  but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

20      63.    Plaintiff has sustained general and special damages within the jurisdictional limits

21  of this Court.

22      64.    The acts and conduct of ENTITY DEFENDANTS, and each of them, including

23  but not limited to ENTITY DEFENDANTS and Defendant ALDABA, constituted "malice,"

24  "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in

25  that it was intended by ENTITY DEFENDANTS, and each of them, to cause injury to Plaintiff or

26  was despicable conduct which was carried out by the ENTITY DEFENDANTS, and each of

27  them, with a willful and conscious disregard of the rights of Plaintiff.

28

*Kesluk, Silverstein,*
*Jacob & Morrison, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

12
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

65.    The acts of ENTITY DEFENDANTS, and each of them, including but not limited to ENTITY DEFENDANTS and Defendant ALDABA, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of California *Civil Code* § 3294 on the part of ENTITY DEFENDANTS' officers, directors, or managing agents of the entity.  The actions and conduct of ENTITY DEFENDANTS, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to ENTITY DEFENDANTS, and each of them, with the intention on the ENTITY DEFENDANTS' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

66.    Plaintiff is entitled to attorneys' fees pursuant to California *Government Code* § 12965.

## FOURTH CAUSE OF ACTION

### FAILURE TO INVESTIGATE HARASSMENT IN VIOLATION OF FEHA

**(Against Entity Defendants, and each of them, and DOES 1-60, inclusive)**

67.    As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

68.    At all times mentioned herein, California Government Code §§ 12940, et seq., including but not limited to Section 12940(j) and (k), were in full force and effect and were binding upon ENTITY DEFENDANTS and each of them.  These sections impose on an employer a duty to promptly and thoroughly investigate complaints of harassment and discrimination among other things.

69.    ENTITY DEFENDANTS knew, or should have known, of the Defendant ALDABA's propensity for sexual harassment because of their repeated derogatory and offensive behavior at the workplace, their criminal history including pleading guilty to sexual battery against Plaintiff, and because of Plaintiff's and others' complaints.

70.     Plaintiff reported the sexual assault several times to her supervisors.  None of these complaints led to a proper investigation.  To the contrary, ENTITY DEFENDANTS encouraged this behavior by failing to take any action.

71.     Because ENTITY DEFENDANTS never instituted adequate investigations into Plaintiff's and others' claims of sexual harassment through management or the Human Resources Department, Plaintiff's complaints could not be appropriately addressed.

72.     As a proximate result of ENTITY DEFENDANTS' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

73.     As a proximate result of ENTITY DEFENDANTS' wrongful conduct, Plaintiff has sustained and continues to sustain noneconomic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

74.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

75.     The acts and conduct of ENTITY DEFENDANTS, and each of them, including but not limited to ENTITY DEFENDANTS and Defendant ALDABA, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by ENTITY DEFENDANTS, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the ENTITY DEFENDANTS, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

76.     The acts of ENTITY DEFENDANTS, and each of them, including but not limited to ENTITY DEFENDANTS and Defendant ALDABA, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of California *Civil Code* § 3294 on the part of ENTITY DEFENDANTS' officers, directors, or managing agents of the entity.  The actions and conduct of ENTITY DEFENDANTS, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to ENTITY DEFENDANTS, and each of them, with the intention on the ENTITY DEFENDANTS' part to deprive Plaintiff of

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

77.    Plaintiff is entitled to attorneys' fees pursuant to California *Government Code* § 12965.

## FIFTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against Entity Defendants, and each of them, and DOES 1-60, inclusive)

78.    As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

79.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California *Government Code* § 12940, was to prohibit employers from discriminating, harassing, and retaliating against any individual based on sex, and based upon exercise of rights under that section.  This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.  Accordingly, the actions of ENTITY DEFENDANTS, and each of them, in discriminating against, retaliating against and terminating Plaintiff on the grounds stated above was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California *Government Code* §§ 12940 *et seq.*, and the laws and regulations promulgated thereunder.

80.    ENTITY DEFENDANTS' discharge of Plaintiff on or about September 15, 2020, violated the aforementioned fundamental principles of public policy in that there is a substantial and fundamental policy against sexual harassment, discrimination and retaliation in employment as delineated in the FEHA.

81.    As a proximate result of ENTITY DEFENDANTS' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

*Kesluk, Silverstein,*
*Jacob & Morrison, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

82.     As a proximate result of ENTITY DEFENDANTS' wrongful conduct, Plaintiff has sustained and continues to sustain noneconomic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

83.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

84.     The acts and conduct of ENTITY DEFENDANTS, and each of them, including but not limited to ENTITY DEFENDANTS and Defendant ALDABA, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c), in that it was intended by ENTITY DEFENDANTS, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the ENTITY DEFENDANTS, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

85.     The acts of ENTITY DEFENDANTS, and each of them, including but not limited to ENTITY DEFENDANTS and Defendant ALDABA, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of California *Civil Code* § 3294 on the part of ENTITY DEFENDANTS' officers, directors, or managing agents of the entity.  The actions and conduct of ENTITY DEFENDANTS, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to ENTITY DEFENDANTS, and each of them, with the intention on the ENTITY DEFENDANTS' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

86.     Plaintiff is entitled to attorneys' fees pursuant to California *Government Code* § 12965.

### SIXTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF 42 U.S.C. §2000

**(Against All Defendants, and each of them, and DOES 1-60, inclusive)**

87.     Plaintiff complains and re-alleges all the allegations contained in this Complaint, and incorporate them by reference into this cause of action as though fully set forth herein,

*Kesluk, Silverstein,*
*Jacob & Morrison, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

16

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

excepting those allegations which are inconsistent with this cause of action.

88.     At all times mentioned in this complaint, 42 U.S.C. Section 2000(e) was in full force and effect, and was binding on ENTITY DEFENDANTS. Title VII prohibits ENTITY DEFENDANTS from retaliating against any employee because she engaged in a protected activity. Resisting and/or complaining of sexual harassment is a protected activity under Title VII.

89.     ENTITY DEFENDANTS and their agents, servants, and/or employees, engaged in unlawful retaliation in violation of Title VII.

90.     Plaintiff engaged in protected activity consisting of, among other things:

    a.  Requesting that ENTITY DEFENDANTS' employees stop harassing Plaintiff and that ENTITY DEFENDANTS maintain a hostile-free work environment; and

    b.  Lodging informal and formal complaints of harassment to ENTITY DEFENDANTS, administrative agencies, and law enforcement.

91.     ENTITY DEFENDANTS, their agents, and/or employees retaliated against Plaintiff on the basis of her protected activity and took material and adverse employment actions against her, including creating and permitting a hostile work environment, improperly terminating Plaintiff, and denying her a position with ENTITY DEFENDANTS in or about June of 2022.

92.     Plaintiff was harmed as a direct and proximate result of the foregoing described conduct of ENTITY DEFENDANTS, which was a substantial factor in causing Plaintiff harm.

93.     As a proximate result of ENTITY DEFENDANTS' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

94.     As a proximate result of ENTITY DEFENDANTS' wrongful conduct, Plaintiff has sustained and continues to sustain noneconomic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

95.     The acts and conduct of ENTITY DEFENDANTS, and each of them, constituted "malice," "oppression" and/or "fraud", in that it was intended by Entity Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

1    ENTITY DEFENDANTS, and each of them, with a willful and conscious disregard of the rights

2    of Plaintiff.

3        96.    The acts of ENTITY DEFENDANTS, and each of them, were done fraudulently,

4    maliciously and oppressively and with the advance knowledge, conscious disregard,

5    authorization, ratification or act of oppression on the part of ENTITY DEFENDANTS' officers,

6    directors, or managing agents of the entity.  The actions and conduct of ENTITY

7    DEFENDANTS, and each of them, were intended to cause injury to Plaintiff and constituted

8    deceit and concealment of material facts known to ENTITY DEFENDANTS, and each of them,

9    with the intention on the ENTITY DEFENDANTS' part to deprive Plaintiff of property and legal

10   rights, justifying an award of exemplary and punitive damages in an amount according to proof.

11   Plaintiff is entitled to statutory attorneys' fees and costs, and other appropriate relief as

12   determined by this court.

13   ///

14   ///

15   ///

16

17

18

19

20

21

22

23

24

25

26

27

28

Kesluk, Silverstein,
Jacob & Morrison, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180

18

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.      Injunctive and Declaratory relief;

2.      General and special damages according to proof;

3.      Costs of suit incurred herein, including expert fees;

4.      Reasonable attorneys' fees pursuant to applicable statute, including but not limited to Government Code § 12965 and 42 U.S.C. § 2000e-5(k);

5.      Punitive and exemplary damages;

6.      Pre-Judgment and post-judgment interest as provided by law; and

7.      Such other and further and equitable relief as this Court deems necessary, just and proper.

DATED: March 15, 2023                    KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.


                                         By ___/s/ *Niki Akhaveissy*_____
                                            Douglas N. Silverstein, Esq.
                                            Lauren Morrison, Esq.
                                            Niki Akhaveissy, Esq.
                                            Attorneys for Plaintiff TAYAH MOLCHANOFF


**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.


DATED: March 15, 2023                    KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.


                                         By _____/s/ *Niki Akhaveissy*_____
                                            Douglas N. Silverstein, Esq.
                                            Lauren Morrison, Esq.
                                            Niki Akhaveissy, Esq.
                                            Attorneys for Plaintiff TAYAH MOLCHANOFF

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

<u>PROOF OF SERVICE</u>

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  I am employed in the office of a member of the bar of this court at whose direction this service was made.  My business address is 9255 Sunset Boulevard, Suite 411, Los Angeles, California 90069.

On March 23, 2023, I served the following documents on all interested parties in this action as follows:  **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

**/ X /**    (BY ELECTRONIC SERVICE) Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

James Goodman
Story E. Cunningham-White, Esq.
EPSTEIN BECKER GREEN, P.C.
1935 Century Park East, Suite 500
Los Angeles, CA 90067-2506
Direct: (310) 557-9519
Telephone: (310) 556-8861
Facsimile:  (310) 943-2732
Email: jgoodman@ebglaw.com,
scunningham@ebglaw.com

Attorneys for Defendant SWINTERTON BUILDERS, CA corporation erroneously sued as Swinerton Renewable Energy, Inc.

Roger M. Mansukhani
Alexander T. Marx
GORDON REES SCULLY MANSUKHANI
3200 Guasti Road, Suite 100
Ontario, California 91761
Direct:  (909) 554-4224
Email: rmansukhani@grsm.com;
 amarx@grsm.com; emartinez@grsm.com

Attorneys for Defendant SOLV Energy-Delaware LLC

David R. Ongaro
Carey A. James
Mojdeh F. Bowers
ONGARO, P.C.
1604 Union Street
San Francisco, California 91423
Tel. (415) 433-3900
Fax  (415) 433-3950
Email: dongaro@ongaropc.com,
cjames@ongaropc.com,
mbowers@ongaropc.com

Attorneys for Defendant PEOPLEREADY, INC.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.  Executed on March 23, 2023, at Los Angeles, California.

_____
Michael Bew

# Exhibit 12

1  James A. Goodman (SBN 89715)
   Story E. Cunningham-White (SBN 301182)
2  EPSTEIN BECKER & GREEN, P.C.
   1925 Century Park East, Suite 500
3  Los Angeles, CA 90067
   Telephone: (310) 556-8861
4  Facsimile:  (310)-553-2165
   jgoodman@ebglaw.com
5  scunningham@ebglaw.com

6  Attorneys for Defendant
7  SWINERTON BUILDERS

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/07/2023** at 01:07:00 PM

Clerk of the Superior Court
By Brandon Krause,Deputy Clerk

8        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF SAN DIEGO**

10

11  TAYAH MOLCHANOFF, an individual,          Case No.: 37-2022-00036803-CU-WT-CTL

                 Plaintiff,                   *Assigned to John S. Meyer, Dept. C-64*
12

13        vs.

14  SOLV ENERGY, LLC, a California limited    **DEFENDANT SWINERTON BUILDERS'**
    liability company; SWINERTON              **ANSWER TO PLAINTIFF'S FIRST**
15  RENEWABLE ENERGY, INC., a Delaware        **AMENDED COMPLAINT**
    corporation; PEOPLE READY, INC., a
16  Washington corporation; ROBERTO
    DUARTE ALDABA, an individual; and
17  DOES 1 through 60, inclusive,             Complaint Filed: September 14, 2022

18               Defendants.

19

20        **TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

21        Defendant Swinerton Builders erroneously sued as Swinerton Renewable Energy, Inc

22  ("Defendant") hereby submits this Answer in response to the unverified First Amended

23  Complaint ("FAC") of Plaintiff Tayah Molchanoff ("Plaintiff") and alleges as follows:

24        <u>**GENERAL DENIAL TO FIRST AMENDED COMPLAINT**</u>

25        Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally and

26  specifically denies each and every allegation contained in Plaintiff's unverified First Amended

27  Complaint. Defendant further generally and specifically denies that Plaintiff has incurred

28

- 1 -

SWINERTON BUILDERS' ANSWER TO PLAINTIFF'S
UNVERIFIED FIRST AMENDED COMPLAINT

FIRM:58437388v1

1  damages in any amount whatsoever, and generally and specifically denies that Plaintiff is entitled

2  to punitive damages in any amount.

3  **AFFIRMATIVE DEFENSES**

4  Defendant submits the following affirmative defenses to the FAC, and each and every

5  cause of action, claim or common count alleged therein, without assuming or undertaking any

6  burden, or burdens of proof, not otherwise assigned to them by law:

7  **FIRST AFFIRMATIVE DEFENSE**

8  **(Arbitration Agreement)**

9  1.    Plaintiff's claims are barred, in whole or in part, because she signed a valid

10  arbitration agreement that includes Defendants Swinerton Builders, SOLV Energy, LLC, and/or

11  Roberto Aldaba as a third-party beneficiaries. As such, her claims must proceed in arbitration.

12  **SECOND AFFIRMATIVE DEFENSE**

13  **(Failure to State a Cause of Action)**

14  2.    Plaintiff's claims fail to state facts sufficient to constitute any cause of action

15  against Defendant.

16  **THIRD AFFIRMATIVE DEFENSE**

17  **(Workers' Compensation)**

18  3.    Plaintiff is barred from seeking any damages for purported physical, mental or

19  emotional injuries allegedly suffered as a result of their employment in that the sole and exclusive

20  remedy in this respect is and was governed by the California Workers' Compensation Act and

21  California Labor Code §§ 3200-4627.

22  **FOURTH AFFIRMATIVE DEFENSE**

23  **(Failure to Mitigate)**

24  4.    Plaintiff has failed and neglected to use reasonable care to minimize and mitigate

25  her alleged damages, if any.

26

27

28

- 2 -

FIRM:58437388v1

**FIFTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

5.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to California Code of Civil Procedure § 335.1, California Government Code §§ 12940, 12960, *et seq.*, 12965 and 42 U.S.C. § 2000(e).

**SIXTH AFFIRMATIVE DEFENSE**

**(Consent)**

6.      Any recovery on the FAC, or any cause of action or purported cause of action alleged therein, is barred on the grounds that Plaintiff consented to the conduct challenged therein.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Manager's Privilege)**

7.      Some or all of Plaintiff's claims are barred by the manager's privilege.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Business Judgment)**

8.      Defendant's actions with respect to Plaintiff were a legitimate exercise of Defendant's business judgment which Plaintiff cannot invade.

**NINTH AFFIRMATIVE DEFENSE**

**(Lack of Authorization or Ratification)**

9.      Plaintiff is not entitled to recover the punitive damages alleged in the FAC because Defendant did not authorize or ratify the acts alleged in the FAC.

**TENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

10.      By reason of her own conduct, actions or inaction, Plaintiff is estopped from asserting the claims set forth in her FAC and therefore is barred, in whole or in part, from the relief sought therein.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

11.    Some or all of Plaintiff's claims are barred because, at all times, Defendant acted in good faith.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

12.    Some or all of Plaintiff's claims are barred by the doctrine of unclean hands based on Plaintiff's inequitable and bad faith conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

13.    Plaintiff's claims are barred in whole or in part on the ground that his claims are subject to the doctrine of waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Laches)

14.    The FAC and each cause of action set forth there are barred by the equitable doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Actual or Constructive Knowledge)

15.    Defendant lacks actual or constructive knowledge of the conduct alleged in the FAC or of any alleged wrongdoing by any other persons.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff and Others as Cause)

16.    Plaintiff is barred from claiming any injuries or damages because such injuries and damages were the sole, direct and proximate result of Plaintiff's conduct or that of others.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

17.    Some or all of Plaintiff's claims are barred because she failed to exhaust her administrative remedies under the Fair Employment and Housing Act, California Government

- 4 -

Code § 12900, et seq., or Title VII, 42 U.S.C. § 2000(e) which is a jurisdictional requirement to proceed with these claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

18.    Any acts or omissions to act by Defendant were not the proximate cause of any injury suffered by Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Offset)

19.    Any recovery on Plaintiff's FAC, or any purported cause of action alleged therein, is barred, in whole or in part, because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Defendant consistent with the common law doctrine of offset and the doctrine prohibiting double recovery set forth under Witt v. Jackson (1961) 57 Cal.2d 57 and its progeny.

## TWENTIETH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

20.    The FAC is limited or subject to an absolute bar as to recoverable damages based on after-acquired evidence that Defendant has presently and/or may acquire during the course of this litigation.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Scope of Employment)

21.    Defendant cannot be held vicariously liable for the conduct alleged in Plaintiff's FAC because such conduct, if true, was outside the course and scope of the employment of the individual who allegedly engaged in such conduct.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Limitation on Damages)

22.    Defendant's liability, if any, for non-economic damages claimed by Plaintiff is limited by California Civil Code §§ 1431.1, et seq.

SWINERTON BUILDERS' ANSWER TO PLAINTIFF'S
UNVERIFIED FIRST AMENDED COMPLAIN

FIRM:58437388v1

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Scienter)

23.    At all times, Defendant acted in good faith and without the requisite scienter.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons)

24.    Defendant's actions were for legitimate business reasons made in good faith and were not based upon a violation of public policy or other factors protected by law, including Plaintiff's alleged protected activity.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Motivating Factor)

25.    Any recovery on Plaintiff's FAC, or any cause of action alleged therein, is barred in that Plaintiff's alleged protected activity was not a motivating factor in any action or employment decisions made concerning Plaintiff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Notice of Discrimination, Harassment or Retaliation)

26.    Plaintiff's claims are barred because Defendant did not receive notice from Plaintiff that any individual allegedly had engaged in any discriminatory, harassing or retaliatory conduct directed against or toward Plaintiff, and Plaintiff unreasonably failed to complain of any unlawful conduct and/or take advantage of the preventative or corrective opportunities available and/or otherwise avoid harm.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Policies Prohibiting Discrimination, Harassment and Retaliation)

27.    Any recovery on Plaintiff's FAC, or any purported cause of action alleged therein, is barred, in whole or in part, because Defendant maintained policies prohibiting unlawful conduct and promoting a work environment free from discrimination, harassment and retaliation.

- 6 -

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

28.    Although Defendant denies that it committed or has responsibility for any act that could support the recovery of damages in this lawsuit, if any, to the extent Plaintiff was discriminated against or subjected to any other alleged unlawful employment practice, Plaintiff is barred from recovering any damages under the avoidable consequences doctrine. Defendant took reasonable steps to prevent and correct workplace discrimination and harassment, Plaintiff unreasonably failed to utilize Defendant's preventative and corrective measures and reasonable use of Defendant's preventative and corrective measures would have prevented at least some of the harm Plaintiff allegedly suffered. Department of Health Services v. Superior Court (McGinnis) (2000) 31 Cal.4th 1026.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

29.    As to each and every cause of action set forth in Plaintiff's FAC, Defendant is informed and believes, and based thereon alleges, that the damages prayed for are speculative and unforeseeable, and, therefore, Plaintiff is barred from recovery.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

30.    As to each and every cause of action set forth in Plaintiff's FAC, Defendant is informed and believes, and based thereon alleges, that granting Plaintiff's prayer for relief would unjustly enrich Plaintiff, as Plaintiff would be receiving more than to which she is entitled.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Forum Non Conveniens)

31.    This Court should exercise its discretion to dismiss Plaintiff's FAC because the jurisdiction in which the FAC was filed is not the appropriate forum in that, in part, all of the allegedly unlawful conduct occurred in the State of Utah.

- 7 -

FIRM:58437388v1

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Inapplicable Law/Jurisdiction)

32.     Since none of the allegedly unlawful conduct occurred in California and such conduct was not ratified by Defendant in California, the Fair Employment and Housing Act is inapplicable and the Court does not have jurisdiction to adjudicate these claims.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Additional Defenses)

33.     Defendant hereby gives notice that it intends to rely upon any other defenses that may become available or appear during the discovery proceedings in this case, and hereby reserves the right to amend its answer to assert any such defenses.

**WHEREFORE,** Defendant respectfully requests that:

1.     Plaintiff take nothing by her FAC;

2.     Judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.     Defendant be awarded costs of suit and attorneys' fees herein; and

4.     For such other and further relief as the Court deems just and proper.


DATED: April 7, 2023                    EPSTEIN BECKER & GREEN, P.C.


                                        By:    _____
                                               James A. Goodman
                                               Story E. Cunningham-White

                                               Attorneys for Defendant
                                               SWINERTON BUILDERS

- 8 -

FIRM:58437388v1

<PROOF OF SERVICE>

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

1.  At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.  My business address is 1925 Century Park East, Suite 500, Los Angeles, CA 90067.

3.  I served copies of the following documents (*specify the exact title of each document served*):

    **DEFENDANT SWINERTON BUILDERS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Douglas N. Silverstein, Esq. | *Attorneys for Plaintiff* |
| Lauren J. Morrison, Esq. | *TAYAH MOLCHANOFF* |
| Niki Akhaveissy, Esq. | |
| KESLUK, SILVERSTEIN & JACOB, PC | |
| 9255 Sunset Blvd., Suite 411 | |
| Los Angeles, CA 90069-3309 | |
| T: (310) 273-3180 \| F: (310) 273-6137 | |
| dsilverstein@californialaborlawattorney.com | |
| lmorrison@californialaborlawattorney.com | |
| nakhaveissy@californialaborlawattorney.com | |
| | |
| Roger M. Mansukhani, Esq. | *Attorneys for Defendant* |
| Alexander T. Marx, Esq. | *SOLV ENERGY, LLC* |
| GORDON REES SCULLY MANSUKHANI | |
| 3200 Guasti Road, Suite 100 | |
| Ontario, CA 91761 | |
| T: (909) 554-4224 | |
| E: rmansukhani@grsm.com | |
| amarx@grsm.com | |
| | |
| David R. Ongaro, Esq. | *Attorneys for Defendant* |
| Carey A. James, Esq. | *PEOPLE READY, INC.* |
| Mojdeh F. Bowers, Esq. | |
| ONGARO, P.C. | |
| 1604 Union Street | |
| San Francisco, CA 91423 | |
| T: (415) 433-3900 \| F: (415) 433-3950 | |
| E: dongaro@ongaropc.com | |
| cjames@ongaropc.com | |
| mbowers@ongaropc.com | |
| | *Attorneys for Defendant* |
| | *ROBERTO DUARTE ALDABA* |

- 9 -

FIRM:58437388v1

5.    a. ☐ **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4.

b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

c. ☐ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

f. ☒ **By e-mail or electronic transmission.** Pursuant to Code of Civil Procedure section 1010.6, subdivisions (a)(2)(A)(ii) and (e), I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6.    I served the documents by the means described in item 5 on (*date*): **April 7, 2023**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

04/07/2023      Brooke Scott      *Brooke Scott*
DATE      (TYPE OR PRINT NAME)      (SIGNATURE OF DECLARANT)

## **DECLARATION OF MESSENGER**

☐     **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons and addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's

- 10 -

FIRM:58437388v1

1    office by leaving the documents in an envelope or package clearly labeled to identify the
2    attorney being served with a receptionist or an individual in charge of the office.  (2) For
     a party delivery that was made to the party or by leaving the documents at the party's
3    residence between the hours of eight in the morning and six in the evening with some
     person not less than 18 years of age.

4    At the time of service, I was at least 18 years of age.  I am not a party to the above
5    referenced legal proceeding.

6    I served the envelope or package, as stated above, on (date): _____

7    I declare under penalty of perjury under the laws of the State of California that the foregoing is
     true and correct.

8    _____    _____    _____
9    DATE            (TYPE OR PRINT NAME)        (SIGNATURE OF DECLARANT)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SWINERTON BUILDERS' ANSWER TO PLAINTIFF'S
UNVERIFIED FIRST AMENDED COMPLAIN

FIRM:58437388v1

# Exhibit 13

1   ROGER M. MANSUKHANI  (SBN:  164463)
    rmansukhani@grsm.com
2   ALEXANDER T. MARX  (SBN:  295624)
    rmansukhani@grsm.com
3   GORDON REES SCULLY MANSUKHANI, LLP
    633 West Fifth Street, 52nd floor
4   Los Angeles, CA 90071
    Telephone:  (213) 576-5000
5   Facsimile:  (213) 680-4470

6   Attorneys for Defendant
    SOLV ENERGY, LLC

7

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
04/07/2023 at 03:06:00 PM
Clerk of the Superior Court
By Nora Lopez,Deputy Clerk

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF SAN DIEGO

10  TAYAH MOLCHANOFF, an individual,     )   CASE NO.  37-2022-00036803-CU-WT-CTL
                                         )
11                       Plaintiff,      )   **DEFENDANT SOLV ENERGY, LLC'S**
                                         )   **ANSWER TO PLAINTIFF'S FIRST**
12       vs.                             )   **AMENDED COMPLAINT**
                                         )
13  SOLV ENERGY, LLC., a California Limited )
    Liability Company; SWINERTON         )
14  RENEWABLE ENERGY, Inc., a Delaware   )   Complaint Filed:    September 14, 2022
    Corporation; PEOPLE READY, INC., a   )
15  Washington Corporation; ROBERTO      )
    DUARTE ALDABA, an individual, and    )
16  DOES 1 through 60, inclusive,        )
                                         )
17                       Defendant.      )

18

19       Defendant SOLV ENERGY, LLC (hereafter, "Defendant")[1] hereby answers the First

20  Amended Complaint (the "FAC") filed by Plaintiff, Tayah Molchanoff (hereinafter "Plaintiff")

21  as follows:

22                      **GENERAL DENIAL**

23       As the FAC is unverified, Defendant, pursuant to California Code of Civil Procedure

24  Section 431.30(d), deny both generally and specifically each and every allegation contained in

25  the FAC and further deny that Plaintiff has been damaged in the amounts alleged or any sum or

26  _____

    [1] The caption in this case, reflecting Plaintiff's initial complaint, erroneously identifies
27  Defendant SOLV Energy, LLC as a "California Limited Liability Company." Defendant SOLV
    Energy, LLC is a Delaware Limited Liability Company authorized to do business in California.
28  To the best of Defendant's knowledge, there is not and never has been a California Limited
    Liability Company named "SOLV Energy, LLC."

    DEFENDANT SOLV ENERGY, LLC'S ANSWER TO FIRST AMENDED COMPLAINT

Gordon Rees Scully Mansukhani, LLP
633 Fifth Street, 52nd floor
Los Angeles, CA 90071

sums, or at all.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses, the applicability of which will be determined through the course of investigation and discovery.  These affirmative defenses, except where otherwise indicated, are being asserted as to each and every allegation in Plaintiff's FAC.  By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as a concession that any particular allegation, issue, or subject matter is true or relevant.

### **FIRST AFFIRMATIVE DEFENSE**

#### **(Arbitration Agreement)**

Plaintiff's claims are barred, in whole or in part, because she signed a valid arbitration agreement that includes Defendants Swinerton Builders, SOLV Energy, LLC, and/or Roberto Aldaba as a third-party beneficiaries. As such, her claims must proceed in arbitration.

### **SECOND AFFIRMATIVE DEFENSE**

#### **(Failure to State a Claim)**

Defendant alleges Plaintiff's FAC fails to state a cause of action for some or all of her claims.

### **THIRD AFFIRMATIVE DEFENSE**

#### **(Wrong Party)**

Defendant alleges that Plaintiff has asserted her claims against the wrong party as Defendant was not party to some or all of the happening of the claimed incident or alleged injuries upon which Plaintiff has sued.

### **FOURTH AFFIRMATIVE DEFENSE**

#### **(At-Will)**

Defendant alleges that Plaintiff's employment was terminable at-will.

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

DEFENDANT SOLV ENERGY, LLC'S ANSWER TO FIRST AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

Defendant alleges that Plaintiff's FAC and each and every cause of action alleged therein are barred or any recovery is reduced by the doctrine of after-acquired evidence.

## SIXTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

Defendant alleges that the relief prayed for in the FAC against Defendant is barred by the Ellerth/Faragher defense/avoidable consequences doctrine or Plaintiff's failure to take advantage of the preventative or corrective opportunities provided by Defendant to avoid the harm alleged in the FAC.

## SEVENTH AFFIRMATIVE DEFENSE

### (Not Responsible for Acts of DOES)

Defendant alleges that it is not legally responsible for the alleged acts/omissions of those Defendant named herein as DOES 1 through 60.

## EIGHTH AFFIRMATIVE DEFENSE

### (Third Party Liability)

Defendant alleges that to the extent that any of the alleged wrongs were committed by others, any and all such claims are barred against Defendant in their entirety.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Perform Condition)

Defendant alleges that Plaintiff's FAC and each cause of action therein is barred in whole or in part because of Plaintiff's failure to perform a necessary condition precedent, concurrent, or subsequent.

## TENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

Defendant alleges that Plaintiff engaged in conduct and activities tainted with bad faith, by reason of which Plaintiff should not be permitted to use the process of the Court for furtherance of said bad faith.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ELEVENTH AFFIRMATIVE DEFENSE

### (Breach of Statutory Obligations)

Defendant alleges Plaintiff's FAC and all purported causes of action alleged therein are barred by Plaintiff's breach of her statutory obligations as an employee under the California Labor Code.

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Unclean Hands)

Defendant alleges that Plaintiff's FAC and each cause of action therein is barred by the doctrines of waiver, estoppel, and unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendant alleges that Plaintiff's FAC and each cause of action therein is barred by the statute of limitations, including the statute of limitations set forth in Code of Civil Procedure sections 337, 338, 339, 340, and any other applicable statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

Defendant alleges that Plaintiff is barred from recovery because any injuries or damages alleged by Plaintiff, if any, were the result of new, independent, intervening, or superseding causes that are unrelated to Defendant's conduct. Any actions on the part of Defendant were not the proximate or producing cause of any alleged injuries or damages Plaintiff's claim were sustained.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Defendant alleges that Plaintiff's right to any recovery herein, if any right exists, is reduced and limited to the percentage of fault attributable to Defendant pursuant to section 1431.2 of the California Civil Code and/or other applicable law.

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Reduction in Damages-Offset)

Defendant alleges that if any damages or injuries were in fact suffered by Plaintiff, such damages or injuries must be offset or reduced by amounts received or receivable by Plaintiff in the exercise of reasonable diligence as income or in lieu of earned income or as benefits.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Damages/Failure to Mitigate Damages)

Defendant alleges Plaintiff has suffered no damages as a result of any alleged act or omission of Defendant, and even if Plaintiff had suffered damages or injuries, all or some portion of said damages or injuries were caused or attributable to Plaintiff's failure to take reasonable action to mitigate said damages or injuries, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Punitive Damages)

Defendant alleges that it is not liable for punitive damages because, among other reasons, the imposition of such damages against Defendant would violate the rights, privileges, and immunities guaranteed to them under the Constitution and laws of the United States and the State of California. Also, Defendant has not taken any action or made any omission that would justify the imposition of any damages in this case, including exemplary damages.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Violation of California Law)

Defendant alleges it did not violate any California Law including but not limited to any provisions of the Cal. Gov. Code § 12945 *et seq.*

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Oppression, Fraud or Malice)

Defendant alleges that Plaintiff is not entitled to recover punitive damages because she has failed to plead facts sufficient to support allegations of oppression, fraud and/or malice as required by California Civil Code section 3294. Furthermore, Defendant committed no oppressive, fraudulent or malicious acts with respect to Plaintiff, Defendant did not engage in

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1  despicable conduct with respect to Plaintiff, nor did Defendant authorize or ratify any such acts.

2  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

3  ### (Good Faith)

4  Defendant alleges that its activities undertaken with respect to Plaintiff, if any, were

5  privileged or otherwise justified, as such, activities were proper, fair and legitimate business

6  activities, and/or due to business related reasons, which were neither arbitrary, capricious, nor

7  unlawful.

8  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

9  ### (In Pari Delicto)

10  Defendant alleges that the claims are barred by reason of the fact that Plaintiff engaged in

11  acts and courses of conduct which rendered Plaintiff in pari delicto.

12  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

13  ### (Business Necessity/Job Relatedness)

14  Defendant alleges that the purported actions alleged in Plaintiff's FAC were lawful

15  because they were necessary to the business.

16  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

17  ### (Consent)

18  Defendant alleges that Plaintiff's claims, by her own acts and/or omissions, are barred by

19  the doctrine of consent.

20  ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

21  ### (Privileged Conduct)

22  Defendant alleges that it is not responsible for Plaintiff's harm, if any, because

23  Defendant' conduct was permissible.

24  ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

25  ### (Plaintiff Not Entitled to Attorneys' Fees)

26  Defendant alleges that Plaintiff's FAC and each cause of action therein fails to state facts

27  upon which attorney's fees can be awarded.

28  / / /

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Defendant alleges that Plaintiff have an adequate remedy at law. Therefore, injunctive, equitable, and/or declaratory relief is inappropriate.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Harassment)

Defendant alleges that the purported actions alleged in Plaintiff's FAC do not constitute harassment.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Retaliation)

Defendant alleges that the purported actions alleged in Plaintiff's FAC do not constitute retaliation based any unlawful grounds, protected status, or protected conduct.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Discrimination)

Defendant alleges that the purported actions alleged in Plaintiff's FAC do not constitute unlawful discrimination.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Frivolous Action)

Defendant alleges that Plaintiff's suit is frivolous, unreasonable, and without foundation and, as a result, Defendant is entitled to recover his costs and attorneys' fees from Plaintiff, and hereby seeks that recovery.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal and Administrative Remedies)

Defendant alleges that Plaintiff has failed to exhaust administrative and internal remedies available under state and federal laws, including, without limitation, the California Labor Code, the Fair Employment and Housing Act, and, as a result of that failure, some or all of Plaintiff's causes of action are barred.

/ / /

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Worker's Compensation Exclusive Remedy)

As a separate and distinct affirmative defense, Defendant alleges that to the extent that the FAC alleges emotional or physical injury, any recovery is barred by the exclusive remedy provisions of the California Worker's Compensation Act, California Labor Code Sections 3200, et seq.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Defendant alleges that Plaintiff has suffered no damages as a result of any alleged act or omission of Defendant, and that Plaintiff has failed to mitigate her damages, if any.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (California Law Inapplicable)

Defendant alleges that Plaintiff's claims in this case brought under California Law are subject to dismissal because California law lacks jurisdiction over Plaintiff's claims.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Improper Forum)

Defendant alleges that this entire action is subject to being dismissed or stayed on the grounds that California is not the proper forum state and Plaintiff should have brought this lawsuit in the State of Utah. Accordingly, Defendant reserves its right to make a motion to dismiss or stay this action following this answer under CCP section 410.30(a).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

**(Reservation of Defenses)**

Defendant presently have insufficient knowledge or information on which to form a belief as to whether he may have additional, as yet unstated, defenses available. Defendant reserve the right to assert additional defenses in the event discovery indicates it would be appropriate.

Dated: April 7, 2023

GORDON REES SCULLY MANSUKHANI, LLP

By: _____

Roger M. Mansukhani
Alexander T. Marx
Attorneys for Defendant
SOLV ENERGY, LLC

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52nd floor**
**Los Angeles, CA 90071**

1  ROGER M. MANSUKHANI  (SBN:  164463)
   rmansukhani@grsm.com
2  ALEXANDER T. MARX  (SBN:  295624)
   rmansukhani@grsm.com
3  JULIE L. HUNT  (SBN:  332592)
   jlhunt@grsm.com
4  GORDON REES SCULLY MANSUKHANI, LLP
   633 West Fifth Street, 52nd floor
5  Los Angeles, CA 90071
   Telephone:  (213) 576-5000
6  Facsimile:  (213) 680-4470

7  Attorneys for Defendant
   SOLV ENERGY, LLC
8

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**04/07/2023** at 03:06:00 PM
Clerk of the Superior Court
By Nora Lopez,Deputy Clerk

9              SUPERIOR COURT OF CALIFORNIA

10              COUNTY OF SAN DIEGO

11  TAYAH MOLCHANOFF, an individual,    )   CASE NO.  37-2022-00036803-CU-WT-CTL
                                        )   *Dept C-64*
12                       Plaintiff,     )   *Judge Loren G. Freestone*
                                        )
13      vs.                             )   **PROOF OF SERVICE**
                                        )
14  SOLV ENERGY, LLC., a California Limited )
    Liability Company; SWINERTON        )   Complaint Filed:    September 14, 2022
15  RENEWABLE ENERGY, Inc., a Delaware  )
    Corporation; PEOPLE READY, INC., a  )
16  Washington Corporation; ROBERTO     )
    DUARTE ALDABA, an individual, and   )
17  DOES 1 through 60, inclusive,       )
                                        )
18                       Defendants.    )

19

20         I am a resident of the State of California, over the age of eighteen years, and not a party

21  to the within action.  My business address is: 633 West Fifth Street, 52nd Floor, Los Angeles,

22  CA 90071.  On April 7, 2023,  I served the within documents:

23  **DEFENDANT SOLV ENERGY, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED
    COMPLAINT**
24

25  ☐   **PERSONAL SERVICE:**  By causing the document(s) listed above to be personally
        delivered to the person(s) at the address(es) set forth below.
26

27  ☐   **MAIL:**  By placing the document(s) listed above in a sealed envelope with postage
        thereon fully prepaid, in United States mail in the State of California addressed as set
        forth below.
28

-1-

*Gordon Rees Scully Mansukhani, LLP*
*633 West Fifth Street, 52nd floor*
*Los Angeles, CA 90071*

☐ **FACSIMILE:** By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ **ELECTRONIC TRANSMISSION:** By transmitting a pdf.format version of the document(s) via electronic mail to the party(s) identified on the service list using the email address(es) indicated.

☐ **OVERNIGHT:** By placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx (or other overnight service) as part of the ordinary business practices of GORDON REES SCULLY MANSUKHANI, LLP described below, addressed as follows:

| | |
|---|---|
| Douglas N. Silverstein, Esq.<br>Lauren J. Morrison, Esq.<br>Niki Akhaveissy, Esq.<br>KESLUK, SILVERSTEIN, JACOB &<br>MORRISON, P.C.<br>9255 Sunset Boulevard, Suite 411<br>Los Angeles, California 90069-3309<br>Telephone: (310) 273-3180<br>Facsimile: (310) 273-6137<br>dsilverstein@californialaborlawattorney.com<br>lmorrison@californialaborlawattorney.com<br>nakhaveissy@californialaborlawattorney.com<br>cc: MBew@californialaborlawattorney.com<br><br><br>**Attorneys for Plaintiff**<br>TAYAH MOLCHANOFF | David R. Ongaro<br>Carey A. James<br>Mojdeh F. Bowers<br>ONGARO PC<br>1604 Union Street<br>San Francisco, CA 94123<br>Telephone: (415) 433-3900<br>Facsimile: (415) 433-3950<br>dongaro@ongaropc.com<br>cjames@ongaropc.com<br>mbowers@ongaropc.com<br><br>**Attorneys for Defendant**<br>PEOPLEREADY, INC. |
| James Goodman<br>Story E. Cunningham-White<br>EPSTEIN BECKER GREEN, P.C.<br>1935 Century Park East, Suite 500<br>Los Angeles, CA 90067-2506<br>Direct: (310) 557-9519<br>Telephone: (310) 556-8861<br>Facsimile: (310) 943-2732<br>Email: jgoodman@ebglaw.com<br>scunningham@ebglaw.com<br><br>**Attorneys for Defendant**<br>SWINERTON BUILDERS, CA corporation<br>erroneously sued as Swinerton Renewable<br>Energy, Inc. | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

PROOF OF SERVICE

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1   day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

2   motion of the party served, service is presumed invalid if postal cancellation date or postage

3   meter date is more than one day after the date of deposit for mailing in affidavit.

4         I declare under penalty of perjury under the laws of the State of California that the above

5   is true and correct.  Executed on April 7, 2023 at San Diego, California.

6

7   _____
                     Elisa Martinez

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52nd floor**
**Los Angeles, CA 90071**

PROOF OF SERVICE