UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYAH MOLCHANOFF,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SOLV ENERGY, LLC, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 23cv653-LL-DEB<br><br>**ORDER DENYING MOTION TO COMPEL ARBITRATION**<br><br>**[ECF No. 11]** |

　　　This matter is before the Court on the Motion to Compel Arbitration filed by Defendant Swinerton Builders[1] ("Swinerton"). ECF No. 11. Plaintiff filed a response in opposition to the Motion [ECF No. 15], and Defendant filed a reply [ECF No. 17]. Defendant SOLV Energy, LLC, and Defendant Aldaba, the other named Defendants in this case, have not filed responses or joined the pending Motion. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. Upon review of the parties' submissions and the applicable law, the Court **DENIES** the Motion to Compel Arbitration for the reasons set forth below.

---

[1] Defendant notes that it was sued as "Swinerton Renewable Energy, Inc." ECF No. 1 at 2.

1

## I. FACTUAL BACKGROUND

Plaintiff signed an "At-Will Employment Dispute and Resolution" policy with former-Defendant PeopleReady[2] on April 29, 2019. ECF No. 11-3. That policy included the following arbitration clause:

> The Company and I agree that the Company operates in interstate commerce and any claim between me and the Company, or any of its customers, agents, parents, affiliates, or assigns shall be submitted to and resolved by binding individual arbitration under the Federal Arbitration Act ("FAA"), including but not limited to legal claims arising out of or relating to my employment, application for employment, and/or termination of employment, this Agreement, or the breach of this Agreement. . . .

*Id.* at 45. Plaintiff does not dispute the existence of the arbitration agreement. ECF No. 11-2.

PeopleReady assigned Plaintiff to work for its client Defendant Swinerton Builders on a project for its renewable energy division, "Swinerton Renewable Energy" ("SRE"). ECF No. 11-1 at 9. Plaintiff began work for Swinerton on July 15, 2019 as a laborer at a site in Clawson, Utah. ECF No. 15 at 7. The SRE superintendent at the site was Brandon Badillo. ECF No. 15-1 ¶ 10. Plaintiff was sexually assaulted by Defendant Aldaba, an SRE supervisor at the Clawson site, on September 13, 2020, and she reported the assault to both law enforcement and her direct supervisor on the next day. ECF No. 1 at 148-49 (¶¶ 20-21). Plaintiff alleges that she was retaliated against and wrongfully terminated by Swinerton and PeopleReady (together, the "Entity Defendants") on September 15, 2020 for lodging a complaint of sexual assault and harassment. *Id.* at 149 (¶ 22). She alleges that Badillo, as a Swinerton employee, took part in the decision to terminate her employment. *Id.*

In December 2021, Swinerton sold SRE to American Securities, and the management team and employees of both SRE and SOLV, Inc. were retained by SOLV

---

[2] PeopleReady was dismissed from this action on September 1, 2023 upon Joint Motion by Plaintiff and PeopleReady stipulating such dismissal and indicating that that they had reached a settlement agreement. ECF No. 22.

Energy, LLC, a newly formed entity ("SOLV Energy"). *See* ECF Nos. 1 at 146 (¶ 8), 11-1 at 11-12, 15 at 8. In June 2022, Plaintiff applied for a laborer position with SOLV Energy at a site in Jackpot, Nevada, through PeopleReady. ECF No. 15 at 8. Although her application was initially accepted and she was provided with onboarding paperwork and an orientation date, Plaintiff was informed by PeopleReady that SOLV Energy would not move forward with her employment and rescinded her job offer once Badillo learned that Plaintiff would be staffed to the site in Jackpot. *Id.* Plaintiff avers that Badillo was responsible for hiring decisions for SOLV Energy at the Jackpot site [ECF No. 1 at 149-50 (¶ 26)], and that SOLV Energy denied her the position in Jackpot in retaliation for lodging her complaint about sexual assault and harassment against SRE on [*id.* at 150 (¶ 29)]; *see also* ECF No. 15-1 ¶ 10 ("Brandon Badillo was the SRE superintendent for my jobsite in Clawson, Utah. He was also the SOLV Superintendent for the jobsite in Jackpot, Nevada.").

## II.   PROCEDURAL HISTORY

Plaintiff filed a complaint in the Superior Court of California for the County of San Diego on September 14, 2022 [ECF No. 1 at 8-23], and later amended that complaint [*id.* at 144-162]. Plaintiff's amended complaint alleges six causes of action: (1) Sexual Harassment in violation of Cal. Gov't Code section 12940(j), against all Defendants; as well as (2) Retaliation; (3) Failure to Maintain an Environment Free from Retaliation, Harassment, and Discrimination; (4) Failure to Investigate Harassment; (5) Wrongful Termination, in violation of Cal. Gov't Code section 12940; and (6) Retaliation in violation of 42 U.S.C. § 2000e, against the Entity Defendants. *Id.* at 13-22. Swinerton removed the case to this Court [ECF No. 1] and moves to compel arbitration [ECF No. 11].

## III.   LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This provision reflects "both a liberal federal policy favoring arbitration, and the fundamental principle that

arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal citations and quotations omitted). "[A] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that . . . arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. On a motion to compel arbitration under the FAA, a court must compel arbitration if: (1) a valid agreement to arbitrate exists, and (2) the dispute falls within the scope of the agreement. *Geier v. M-Qube Inc.*, 824 F.3d 797, 799 (9th Cir. 2016) (per curiam) (internal citation omitted). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Arbitration agreements may "be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Concepcion*, 563 U.S. at 339 (internal citation and quotation omitted). Motions to compel arbitration under the FAA are evaluated on the summary judgment standard provided by Rule 56. *Hansen v. LMB Mortgage Servs.*, 1 F.4th 667, 670 (9th Cir. 2021) (collecting cases). As such, the Court construes all facts and reasonable inferences in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

   **A.** **EFAA**

The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA" or the "Act"), passed in 2022, amended the FAA to invalidate and prohibit enforcement of arbitration agreements for "case[s] . . . filed under Federal, Tribal, or State law" and "relat[ing] to" a sexual assault or sexual harassment dispute. 9 U.S.C. § 402(a). The EFAA applies to any dispute or claim that arises or accrues on or after its date of enactment, March 3, 2022. *See* Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, Pub. L. No. 117-90, § 3, 136 Stat. 26, 28 (2022). The EFAA

defines two types of disputes: a "sexual assault dispute" which is "a dispute involving a nonconsensual sexual act or sexual contact," 9 U.S.C. § 401(3), and a "sexual harassment dispute" which is "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law," 9 U.S.C. § 401(4). The applicability of the EFAA to an arbitration agreement is a threshold question for the Court. 9 U.S.C. § 402(b).

### IV.   DISCUSSION

While Plaintiff does not dispute the existence of a signed arbitration agreement, she argues that the EFAA bars its enforcement, because the entirety of her case relates to a sexual harassment dispute. *See* ECF No. 15 at 9-10. She contends that, despite the EFAA's language regarding applicability to disputes or claims arising or accruing on or after its date of enactment, the relevant date for Plaintiff's entire case—including the first five causes of action related to Aldaba's alleged sexual assault which occurred in 2020—is when the case itself was filed. *Id.* at 11. Plaintiff alternatively asserts that the EFAA should apply to her entire case because all of her claims accrued in June 2022—on the date of her alleged retaliation by SOLV Energy—under the continuing violation doctrine. *Id.* at 12. Plaintiff further argues that the arbitration agreement is unenforceable because it is unconscionable and that, if applied, it should not apply to Defendant SOLV Energy, LLC. *Id.* at 14-20.

Defendant Swinerton argues that Plaintiff's claims against itself, Defendant SOLV Energy, LLC, and Defendant Aldaba fall within the scope of the arbitration agreement between Plaintiff and former Defendant PeopleReady, and that the agreement is valid and enforceable. *See* ECF No. 11-1 at 12-25. More specifically, Swinerton asserts that the EFAA does not bar enforcement of the arbitration agreement because: (1) Plaintiff's first cause of action for sexual assault is the only claim potentially covered by the EFAA; (2) Plaintiff's first cause of action is not a covered claim as it accrued prior to the enactment of the EFAA; and (3) the continuing violations doctrine is inapplicable to this case. *See* ECF No. 17 at 2-8. Swinerton additionally asserts that the EFAA should not bar the

enforcement of the arbitration agreement as to Plaintiff's 2020 claims—including the first cause of action—even if it finds that Plaintiff's 2022 retaliation claim is covered by the EFAA. *Id.* at 6.

The Court's analysis proceeds in two steps. First, it examines whether Plaintiff has alleged conduct constituting a sexual assault dispute or sexual harassment dispute within the purview of the EFAA. Second, if so, whether the EFAA bars enforcement of the arbitration agreement as to all alleged claims in this case, or only those claims covered by the EFAA.

### A.   Plaintiff's Retaliation Claim is Covered by the EFAA

The Court finds that Plaintiff's sixth cause of action, a retaliation claim brought against Defendant SOLV Energy, is a "dispute or claim that arises or accrues on or after the date of enactment" of the EFAA. Pub. L. No. 117-90, § 3, 136 Stat. 28. To state a claim for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, a plaintiff must show that they engaged or were engaging in activity protected by Title VII, that the employer subjected them to an adverse employment decision, and that there was a causal link between the protected activity and the employer's action. *See Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987). Plaintiff alleges that SOLV Energy denied her application for employment in retaliation for lodging a complaint of sexual assault and harassment against Swinerton and SRE. ECF No. 1 at 150 (¶ 29), 159-61 (¶¶ 87-96). More specifically, she alleges that Brandon Badillo, the SRE Superintendent of her jobsite at the time of her 2020 claims and the SOLV Energy Superintendent at the jobsite she applied for in 2022, was responsible for staffing decisions at both sites.

That claim is plainly encompassed by the EFAA's definition of a sexual harassment dispute as "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." 9 U.S.C. 401(4). *See, e.g., Hix v. Dave & Buster's Mgmt. Corp.*, No. 3:23-cv-623-AR, 2023 U.S. Dist. LEXIS 234274, at *24 (D. Ore. Nov. 14, 2023) ("A retaliation claim is connected to 'conduct that is alleged to constitute sexual harassment,' 9 U.S.C. § 401(4), when reporting that conduct is the alleged

cause of the retaliation"); *Johnson v. Everyrealm, Inc.*, 657 F. Supp. 535, 551 n.13 (S.D.N.Y. 2023) (noting that 9 U.S.C. § 401(4) covers retaliation for reporting sexual harassment). Accordingly, the Court finds that Plaintiff's Title VII retaliation claim is covered by the EFAA.

### B. The EFAA Bars Enforcement of the Arbitration Agreement for All Claims in this Case

Plaintiff does not persuasively argue that her 2020 claims or disputes arose or accrued on or after the enactment date of the EFAA. As Swinerton correctly argues, the continuing violations doctrine does not "convert[] related discrete acts into a single unlawful practice for the purposes of timely filing." *AMTRAK v. Morgan*, 536 U.S. 101, 111 (2002); ECF No. 17 at 6-7. Furthermore, "discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period." *Id.* at 112 (citing *United Air Lines, Inc. v. Evans*, 431 U.S. 553 (1977)).

Swinerton also argues that the EFAA cannot bar arbitration of Plaintiff's 2020 claims because the statutory note to the Act clearly delineates applicability to claims or disputes that arise or accrue after the enactment date of the EFAA. ECF No. 17 at 3. It further argues that the Court need not reach the question of whether the entire case should be precluded from arbitration because the only potentially covered claim—Plaintiff's first cause of action—occurred prior to the enactment of the EFAA. *Id.* at 5. However, as detailed in the Court's discussion above, this argument is unavailing because Plaintiff's 2022 retaliation claim is plainly covered by the text of the EFAA.

As the court found in *Johnson*, this Court likewise finds that the text of the EFAA is plain and unambiguous in that, "at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, . . . no predispute arbitration agreement . . . shall be valid or enforceable with respect to a *case* which is filed under Federal, Tribal, or State law *and relates to the* . . . sexual harassment *dispute*." 9 U.S.C. § 402(a) (emphasis added); *see also Johnson*, 657 F. Supp. 3d at 558. The ordinary interpretation of "case" is a proceeding which may encompass many claims or disputes.

The definitions of those terms also support such an understanding. *See Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2337 (2021) (employing dictionary definitions in assessing statutory construction). A case is "[a] civil or criminal proceeding, action, suit, or controversy at law or in equity." Black's Law Dictionary (11th ed. 2019). On the other hand, a claim is "[a] statement that something yet to be proved is true" or "[t]he assertion of an existing right; any right to payment or to an equitable remedy, even if contingent or provisional." *Id.* Similarly, a dispute is "[a] conflict or controversy, esp. one that has given rise to a particular lawsuit." *Id.* The Court has no reason to conflate those terms or to imbue those terms with extraordinary meaning. *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion" (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972))). In other words, the EFAA "keys the scope of the invalidation of the arbitration clause to the entire 'case' relating to the sexual harassment dispute" and "thus does not limit the invalidation to the claim or claims in which that dispute plays a part." *Johnson*, 657 F. Supp. 3d at 558. Furthermore, the Court finds it persuasive that:

> Congress's choice to amend the FAA directly with text broadly blocking enforcement of an arbitration clause with respect to an entire "case" "relating to" a sexual harassment dispute reflects its rejection—in this context—of the FAA norm of allowing individual claims in a lawsuit to be parceled out to arbitrators or courts depending on each claim's arbitrability.

*Id.* at 562. As such, the Court holds that, because Plaintiff's 2022 retaliation claim alleges conduct constituting a sexual harassment dispute—as defined by 9 U.S.C. 401(4)—, and because the case as a whole relates to that dispute, the EFAA bars enforcement of the arbitration agreement between Plaintiff and PeopleReady as to all claims in this case, and as to all Defendants in this case.

\\\
\\\

## V. CONCLUSION

In accordance with the above, Swinerton's Motion to Compel Arbitration is **DENIED**. ECF No. 11.

**IT IS SO ORDERED**.

Dated: March 1, 2024

Honorable Linda Lopez
United States District Judge